IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KELLI LEE**                                                    **PLAINTIFF**

v.                          Case No. 5:24-CV-_____

**WAL-MART STORES ARKANSAS, LLC**                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Kelli Lee, by and through her attorneys Chris Burks and  Stewart Whaley of WH LAW, for her Original Complaint against Wal-Mart Stores Arkansas, LLC, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action against Defendant for violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory and retaliatory actions toward Plaintiff, resulting in her termination.

2.      Plaintiff received inequitable treatment and an adverse employment action as a result of her sex, which is female; her race, which is African American; and in retaliation for her complaints about this treatment.

3.      Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII and ACRA, as described, *infra*.

## II.  JURISDICTION AND VENUE

4.    The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under Title VII.

5.    Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as the Title VII claims alleged in this Complaint.

6.    Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7.    The acts complained of herein were committed and had their principal effect within the Fayetteville Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.    Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.    The witnesses to Title VII and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.    Plaintiff is a resident and citizen of Conway County, Arkansas.

12.    Plaintiff Kelli Lee was hired by Defendant on May 23, 2022.

13.    Plaintiff was terminated from her employment with Defendant on September 1, 2023.

14.    At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII and ACRA.

15.    Defendant Wal-Mart Stores Arkansas, LLC. is a limited liability company headquartered in Arkansas.

16.    Defendant Wal-Mart Stores Arkansas, LLC. can be served through its agent for service in Arkansas, CT Corporation System, 320 S. Izard St., Little Rock, AR 72201.

17.    Defendant Wal-Mart Stores Arkansas, LLC is an "employer" within the meanings set forth in Title VII and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.    FACTUAL ALLEGATIONS

18.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19.    Plaintiff was hired by Defendant as a Software Engineer III on May 23, 2022.

20.    Plaintiff had three managers over the first nine months of her employment. During this period, Plaintiff was a strong performer who received positive evaluations.

21.    On February 11, 2023, Plaintiff was assigned to a fourth manager, Justin Kohley. After Kohley assumed management of Plaintiff, he began discriminating against Plaintiff based on her race, which is African American, and her sex, which is female.

22.    When Plaintiff complained about this treatment, Kohley retaliated against her by continuing to discipline her for untrue and pretextual reasons.

23.     This treatment continued until Plaintiff was removed from her role on July 17, 2023, and given 45 days to find an alternate position with Defendant.   When Plaintiff did not find an alternate position, she was terminated on September 1, 2023.

24.     On February 24, 2023, just two weeks after he began managing Plaintiff, Kohley edited the performance review Plaintiff had received from a previous manager to add negative comments about Plaintiff and her work.

25.     After May 31, 2023, Plaintiff was the only female engineer on her team and the only African American engineer on her team.

26.     On June 7, 2023, Kohley told Plaintiff that she was failing to provide timely updates on her work and that she was not working with her team members, both of which were untrue. Plaintiff had proactively provided updates to Kohley and reached out to numerous team members for tasks related to her assigned projects.

27.     Plaintiff had issues with her male and non-African American team tech lead completing reviews of her work, even though he regularly reviewed the work of other male and non-African American team members. Plaintiff complained about this disparate treatment to Kohley, who took no action to address the disparate treatment.

28.     On June 19, 2023, Kohley issued a disciplinary notice against Plaintiff, the first one she had received. This notice again falsely stated that Plaintiff had refused to provide delivery timelines and estimates, which is untrue. This notice followed weeks of Plaintiff complaining to Kohley about discrimination and harassment based on her gender and ethnicity, and about disparate treatment in comparison to her male, non-African American coworkers.

29.    On June 27, 2023, Plaintiff made a complaint to Defendant's Human Resources department about the ongoing harassment and discrimination, requesting her disciplinary notice be removed. It was not removed.

30.    The harassment of Plaintiff continued, with Plaintiff being singled out in a team meeting, by being called last to share her work updates after less-experienced male engineers had already spoken.

31.    On July 13, 2023, as part of the investigation into her previous complaint, Plaintiff requested to be reassigned to a new manager. Plaintiff also complained about Kohley's retaliation against her after her prior complaints.

32.    On July 14, 2023, Plaintiff was told that her disciplinary notice would not be removed and that Kohley would remain her manager. In other words, Defendant failed to take any action to address Plaintiff's complaints about retaliation or discrimination.

33.    On the next working day, July 17, 2023, Plaintiff was informed she was being separated from her position. She was given 45 days to find a new position with Defendant. If Plaintiff failed to find a new position in 45 days, she would be terminated.

34.    That same day, Kohley issued a higher-level disciplinary notice against Plaintiff, again accusing her of refusing to provide substantive progress updates for her work, refusing to collaborate with her team lead and peers, and taking an excessive amount of time to complete her projects.

35.    This was untrue, as Plaintiff had continually communicated with her team members, even as late as July 17, 2023, and she continually provided the most specific and detailed updates possible for Kohley given the demands of her tasks.

36.     Further, the time Plaintiff spent on her projects was commensurate to the length of time that it took male, non-African American developers on her team to complete similar work. These developers were not disciplined or removed from their positions, or falsely accused of failing to provide updates or to collaborate with their peers, even though they frequently refused to collaborate with Plaintiff in the same manner that they did with others.

37.     Because both disciplinary actions, full of untrue and damaging statements, showed on Plaintiff's record, Plaintiff was unable to obtain another position with Defendant within 45 days. As a result, on September 1, 2023, Plaintiff was terminated.

38.     As a result of the ongoing discrimination Plaintiff experienced as a result of her race, which is African American, and her sex, which is female, Plaintiff was removed from her position on July 17, 2023 and terminated on September 1, 2023.

## V.      FIRST CLAIM FOR RELIEF – Title VII Claims

39.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40.     Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

41.     Defendant engaged in unlawful employment practices at their facility in Bentonville, Arkansas, in violation of 42 U.S. Code §2000e-2.

42.     Specifically, and as detailed above, Plaintiff, who is an African American female, was terminated as a result of ongoing racial and gender discrimination.

43.     Defendant employs non-African American employees and male employees who were not subject to the same treatment that Plaintiff experienced during her employment.

44. As a result, Plaintiff was treated disparately from Defendant's non-African American and male employees.

45. Specifically, Defendant employed non-African American employees and male employees who took a certain amount of time to finish projects. Plaintiff was issued two disciplinary notices for not timely completing her tasks, even though the amount of time Plaintiff took was commensurate to the time taken by non-African American employees and male employees for similar tasks.

46. Further, while Plaintiff's non-African American, male coworkers refused to collaborate with her in the same manner that they did with each other, Plaintiff continually and proactively reached out to her coworkers for tasks related to her projects. Plaintiff also provided detailed and timely updates to her manager on a regular basis as she completed her work.

47. However, Plaintiff was issued two disciplinary notices for failing to collaborate and provide updates.

48. Plaintiff was disciplined for false and pretextual reasons. Plaintiff was actually disciplined as a result of sex and racial discrimination and in retaliation for her complaints. As a result, Plaintiff was separated from employment and later terminated.

49. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

50. However, Plaintiff was removed from her position and terminated within the relevant statutory period.

51. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and sex.

52. The unlawful employment practices complained of above were and are intentional.

53. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

54. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI.    SECOND CLAIM FOR RELIEF – ACRA Claims

55. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

56. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted her administrative remedies.

57. Defendant engaged in unlawful employment practices at their facility in Bentonville, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

58. Specifically, and as detailed above, Plaintiff, who is an African American female, was terminated as a result of ongoing racial and gender discrimination.

59.     Defendant employs non-African American employees and male employees who were not subject to the same treatment that Plaintiff experienced during her employment.

60.     As a result, Plaintiff was treated disparately from Defendant's non-African American and male employees.

61.     Specifically, Defendant employed non-African American employees and male employees who took a certain amount of time to finish projects. Plaintiff was issued two disciplinary notices for not timely completing her tasks, even though the amount of time Plaintiff took was commensurate to the time taken by non-African American employees and male employees for similar tasks.

62.     Further, while Plaintiff's non-African American, male coworkers refused to collaborate with her in the same manner that they did with each other, Plaintiff continually and proactively reached out to her coworkers for tasks related to her projects. Plaintiff also provided detailed and timely updates to her manager on a regular basis as she completed her work.

63.     However, Plaintiff was issued two disciplinary notices for failing to collaborate and provide updates.

64.     Plaintiff was disciplined for false and pretextual reasons. Plaintiff was actually disciplined as a result of sex and racial discrimination and in retaliation for her complaints. As a result, Plaintiff was separated from employment and later terminated.

65.     At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

66.     However, Plaintiff was removed from her position and terminated within the relevant statutory period.

67.    The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and sex.

68.    The unlawful employment practices complained of above were and are intentional.

69.    The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

70.    Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kelli Lee respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)    A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B)    A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C)    Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(D)    Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(E)    An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F)    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

 **Kelli Lee, PLAINTIFF**

WH Law
North Little Rock Office
501.888.4357

By:    Chris Burks (ABN: 2010207)
chris@wh.law
Stewart Whaley (ABN: 2009084)
stewart@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114