FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Sep 15, 2025

OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                **PLAINTIFF**

v.                                            **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                              **DEFENDANT**

### PLAINTIFF'S MOTION TO TERMINATE DEPOSITION

COMES NOW Plaintiff, Kelli Lee, pro se, and, pursuant to Fed. R. Civ. P. 30(d)(3), respectfully moves this Court to terminate the deposition noticed by Defendant.

---

## I. Background

After the court hearing on August 19, 2025, where the parties verbally agreed on a deposition date of September 12, 2025, in Russellville, AR; Defendant's counsel provided no written notice or any other communication to Plaintiff specifying the time or address of the deposition by the morning of September 11, 2025, and did not communicate with Plaintiff in any way, leaving her without the required deposition notice by that time.

On September 11, 2025, before 8:00 AM, Plaintiff emailed defense counsel requesting the required notice for the deposition and stating that if no response was received by the close of business day of Thursday, (09/11/2025), she would assume the deposition would not occur (Exhibit A).

1

Plaintiff checked her email throughout the business day on September 11, 2025 but received no response from the Defendant's counsel. At 6:03 PM on September 11, 2025, after the close of the business day, Defendant's counsel emailed Plaintiff attaching a notice  to this email scheduling the deposition for September 12, 2025 at  9:00 AM the next morning (Exhibit B)(Exhibit C).

Plaintiff discovered the email later at night on September 11, 2025 after going to bed, requiring last-minute travel arrangements and a nighttime fuel purchase. This gave Plaintiff less than 24 hours to prepare and travel, which was not reasonable notice under Fed. R. Civ. P. 30(b)(1) and imposed unnecessary stress and hardship.  A detailed chronology of key events is provided in Section VIII below.

---

## II. Harassing and Oppressive Conduct

The deposition began at approximately 9:00 AM on September 12, 2025, and continued until approximately sometime between 3:00 PM - 4:00 PM. Throughout the day, Defendant's counsel:

- Repeated questions and rejected accurate answers, accusing Plaintiff of non-responsiveness;

- Objected to Plaintiff's referring to her Amended Discovery Responses, court filings, and/or contemporaneous notes for accuracy;

- Commented/complained after a large portion of the questions about the time Plaintiff took to respond, apparently attempting to pressure her to answer hastily;

- Stated that, if dissatisfied, he would seek another deposition and ask the Court or the Plaintiff to pay the cost for it; and

- Asked whether Plaintiff's pauses were due to drug use, a question wholly unrelated to legitimate discovery. Plaintiff responded "no." She has never used illegal drugs, smoked, or drank alcohol and believes this question was intended to embarrass or harass her and to portray her unfairly.

The Defendant's counsel also exceeded the proper scope of the deposition by demanding private and irrelevant financial information, including personal and business banking accounts and debit card details. When Plaintiff objected that this information was irrelevant to her harassment and discrimination claims and an invasion of her privacy, Defendant's counsel disagreed.  Such questioning was not reasonably calculated to lead to admissible evidence, was wholly unrelated to Plaintiff's claims of discrimination and harassment, and served only as an attempt to invade her privacy and cause intimidation.

Plaintiff requested breaks at times when counsel's questioning became rude or stressful to her. Defendant's counsel initially objected several times, accusing Plaintiff of "walking out," but Plaintiff explained she needed breaks to give clear, accurate answers. Before the Plaintiff went on the breaks that she requested, Plaintiff always finished answering prior questions, although defense counsel unfairly accused her of not doing so. In one instance the Defendant's counsel requested that the Plaintiff leave the room to find the answer to question(s). The Plaintiff left as the Defendant's counsel had requested and reflected on the question and realized that the question that the Defendant's counsel had asked was too personal and not appropriate.  When she returned with an objection to his question(s) he unfairly accused Plaintiff for taking time to take breaks.

## III. Court Reporter Concerns

During the deposition, the Court Reporter remarked multiple times that she heard noise in her recording equipment and stated she could not always hear Plaintiff. At one of these times the Court Reporter stated that she "was getting some kind of background noise" in her headphones.  She also asked Plaintiff to move closer so she could hear the Plaintiff better. These issues raise serious concerns that portions of Plaintiff's testimony may not have been accurately captured by the Court Reporter or reflected in the official transcript.

Therefore the Plaintiff has legitimate doubts as to whether an accurate and complete record of Plaintiff's testimony was captured by the Court reporter. Plaintiff respectfully requests that the Court allow a certified copy of the deposition transcript from the Court Reporter for Plaintiff to review and approve or correct before use and to strike portions of the transcript that cannot be verified as accurate by the Plaintiff before use.

## IV. Emotional Distress and Suspension

At approximately 3:00 PM, Plaintiff became overwhelmed and broke down crying because the deposition had become too stressful. She verbally requested twice for a break, stepped out to compose herself, and returned between 3:00 PM and 4:00 PM.

Upon returning, Plaintiff informed Defendant's counsel that the questioning was harassing, that she was too stressed to continue, and that she would suspend the deposition and bring the matter before the Court.

## V. Unverified Binder and Respect for Prior Filings

During the deposition, Defendant's counsel presented a binder containing hundreds of pages and attempted to have Plaintiff adopt its contents as her work. The binder's format and contents differed from what Plaintiff submitted, and she could not authenticate it. Plaintiff referred Defendant's counsel to her emailed **Amended Discovery Responses (Exhibit D)(Exhibit E) served on August 26, 2025** which superseded all prior responses, her court filings, complaint, and/or her notes; but Defendant's counsel persisted.  Plaintiff also filed Notice with the court (Exhibit F) on August 26, 2025 that she served these Amended Discovery Responses to Defendant's counsel and that they superseded all prior responses.

## VI. Pattern of Oppression

The combination of late notice, harassing questioning, overbroad requests for financial information, Defendant's counsel reliance on an unverified binder, and concerns about the accuracy of the recording establishes a pattern of conduct that made continuation of the deposition untenable.

## VII. Plaintiff's Personal Recording Notice

On Tuesday, September 9, 2025, three days prior to the September 12, 2025 deposition, Plaintiff emailed (Exhibit G) Defendant's counsel stating her intent to make a personal audio recording of the deposition for personal records. Plaintiff received no response to this email from Defendant's counsel prior to the deposition. During the deposition, Defendant's counsel initially objected to the

recording, despite being given advance written notice and the fact that Federal Rule of Civil Procedure 30(b)(1) allows any party to designate an alternative recording method. After Plaintiff pointed out the Rule and her advance notice, Defendant's counsel accepted the recording. This personal recording(s) was for Plaintiff's review of her testimony and the questions that she was asked and was not made to replace the court reporter.

---

## VIII. Timeline of Relevant Events

- **Aug. 19, 2025** – Court holds a hearing; parties verbally agree deposition will be on Sept. 12, 2025, in Russellville, Arkansas; but the time and address for the deposition was not set.

- **Aug. 26, 2025** – Plaintiff files a *Notice of Service of Amended Discovery Responses* with the Court and emails Defendant's counsel the same day, attaching the Plaintiff's *Amended Discovery Responses responses* and stating *they superseded all prior responses*.

- **Sept. 9, 2025** – Plaintiff emails Defendant's counsel giving three-day advance notice of intent to make a personal audio recording of the deposition.

- **Sept. 11, 2025 (before 8:00 AM)** – Plaintiff emails Defendant's counsel requesting the deposition time and location, stating that if no response was received by close of the business day on this day she would assume it would not occur.

- **Sept. 11, 2025 (6:03 PM)** – After the close of the business day, Defendant's counsel sends first notice of the Deposition on September 12, 2025 setting the deposition for 9:00 AM the next morning.

- **Sept. 12, 2025 (approx. 9:00 AM – Sometime between 3:00 and 4:00 PM)** – Deposition occurs.

## IX. Good Cause

Under Rule 30(d)(3), the Court may terminate a deposition conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent. Given the inadequate notice, counsel's harassing tactics, and Plaintiff's documented distress, good cause exists to terminate this deposition.

---

## WHEREFORE

Plaintiff respectfully requests that this Court:

1. Terminate the deposition noticed by Defendant;

2. Strike any portions of the transcript that cannot be shown to be accurate after Plaintiff's review;

3. Preclude questioning into financial accounts or other irrelevant personal data at any future proceeding; and

4. Order that any further deposition, if ever permitted, must occur only by written questions.

Grant such other relief as the Court deems just and proper.

---

Respectfully submitted,

Kelli Lee

Pro Se Plaintiff

905 W. Rock St.

Morrilton, AR, 72110

(501) 438-9330

kelli.j.lee@gmail.com

---

**DECLARATION OF Kelli Lee**

I, Kelli Lee, declare under penalty of perjury under the laws of the United States of America that:

1. I am the Plaintiff in this action.

2. I have personal knowledge of the matters set forth in the foregoing Motion to Terminate Deposition.

3. The facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on this __15__ day of __September____, 2025, at __Morrilton, AR_.

Kelli Lee, Plaintiff, Pro Se

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon, attorneys for Defendant, via email on September 15, 2025.

Dated: September 15, 2025

Respectfully submitted,

Kelli Lee

Pro Se Plaintiff

 905 W. Rock St.

Morrilton, AR, 72110

(501) 438-9330

kelli.j.lee@gmail.com

## <u>EXHIBITS</u>

**Exhibit A – Email from Plaintiff to Defendant's Counsel, dated September 11, 2025, approx. 7:43 AM ("Deposition")**



**M Gmail**

Kelli J. Lee <kelli.j.lee@gmail.com>

**deposition**

**Kelli J. Lee** <kelli.j.lee@gmail.com>                        Thu, Sep 11, 2025 at 7:43 AM
To: Timothy Chad Hutchinson <thutchinson@rmp.law>
Bcc: "Kelli J. Lee" <kelli.j.lee@gmail.com>

To:  Walmart Counsel,

Because of our verbal agreement before the court on August 19, 2025 to conduct my deposition on September 12, 2025 in Russellville, Arkansas; I am writing to inquire about the specific time and address.

As of this email, I have not received the required written notice for this deposition. If you are still planning to have the deposition on September 12, 2025, please advise by the end of this business day (09/11/2025) with the required notice stating the specific time and address of the deposition.  If I receive no response by the end of this day, I will assume that there will be no deposition.

Kelli J. Lee

Pro Se Plaintiff

**Exhibit B – Email from Defendant's Counsel to Plaintiff, dated September 11, 2025, 6:03 PM ("Re: Deposition")**

M Gmail

Kelli J. Lee <kelli.j.lee@gmail.com>

**RE: deposition**
1 message

**Tim Hutchinson** <thutchinson@rmp.law>
To: "Kelli J. Lee" <kelli.j.lee@gmail.com>

Thu, Sep 11, 2025 at 6:03 PM

Kelli,

We are having the deposition as planned. I will see you tomorrow.

Tim Hutchinson                    *Attorney*



5519 Hackett Rd Ste 300 | Springdale Arkansas 72762

PO Box 1788 | Fayetteville Arkansas 72702

Firm 479.443.2705 | Fax 479.443.2718 | Direct 479.439.5662

thutchinson@rmp.law | www.rmp.law

CONFIDENTIALITY NOTICE: This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from our office to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computer of even some computer unconnected to either of us which the e-mail passed through. We are communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let us know at once.

**From:** Kelli J. Lee <kelli.j.lee@gmail.com>
**Sent:** Thursday, September 11, 2025 7:44 AM
**To:** Tim Hutchinson <thutchinson@rmp.law>
**Subject:** deposition

EXTERNAL EMAIL    **Be careful with links and attachments!**

To: Walmart Counsel,

intended recipient, you are notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from our office to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computer of even some computer unconnected to either of us which the e-mail passed through. We are communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let us know at once.

**From:** Kelli J. Lee <kelli.j.lee@gmail.com>
**Sent:** Thursday, September 11, 2025 7:44 AM
**To:** Tim Hutchinson <thutchinson@rmp.law>
**Subject:** deposition

EXTERNAL EMAIL     **Be careful with links and attachments!**

To:  Walmart Counsel,

Because of our verbal agreement before the court on August 19, 2025 to conduct my deposition on September 12, 2025 in Russellville, Arkansas; I am writing to inquire about the specific time and address.

As of this email, I have not received the required written notice for this deposition. If you are still planning to have the deposition on September 12, 2025, please advise by the end of this business day (09/11/2025) with the required notice stating the specific time and address of the deposition.  If I receive no response by the end of this day, I will assume that there will be no deposition.

Kelli J. Lee

Pro Se Plaintiff

---

**2 attachments**



image001.png
11K

25.0911 WM Kelli - Notice of Deposition Kelli Lee.pdf
178K

**Exhibit C – Copy of Deposition Notice attached to Email from Defendant's Counsel to Plaintiff, dated September 11, 2025, 6:03 PM ("Re: Deposition")**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLI LEE                                                        PLAINTIFF

v.                         Case No. 5:24-cv-05190-TLB

WAL-MART STORES ARKANSAS, LLC                        DEFENDANT

NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that counsel for the Defendant will take the following deposition upon

oral examination pursuant to the Federal Rules of Civil Procedure before a notary public or other

officer authorized by law to administer oaths:

| | |
|---|---|
| Deponent: | Kelli Lee |
| Date and Time: | September 12, 2025 at 9:00am CST |
| Location: | Courtyard by Marriott of Russellville<br>154 E Aspen Lane<br>Russellville, AR 72802 |
| Means Recorded: | Stenograph |

Dated: September 11, 2025.

Respectfully Submitted,

By:     /s/ Tim Hutchinson
         Timothy Hutchinson
         RMP LLP
         5519 Hackett Rd., Suite 300
         Springdale, AR 72762
         (479) 443-2705
         thutchinson@rmp.law

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Tim Hutchinson, certify that on this 11th day of September, 2025, I have served the foregoing Notice of Deposition on the Pro Se Plaintiff, Kelli Lee, via email.

/s/ Tim Hutchinson
Tim Hutchinson

**Exhibit D – Email from Plaintiff to Defendant's Counsel, dated August 26, 2025 ("Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents – LEE v. WAL-MART STORES ARKANSAS, LLC – Case Number 5:24-CV-05190")**

 Gmail

Kelli J. Lee <kelli.j.lee@gmail.com>

**Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents – LEE v. WAL-MART STORES ARKANSAS, LLC – Case Number 5:24-CV-05190**

1 message

**Kelli J. Lee** <kelli.j.lee@gmail.com>                                    Tue, Aug 26, 2025 at 4:29 PM
To: Timothy Chad Hutchinson <thutchinson@rmp.law>, Mallory Shamoon <mshamoon@rmp.law>
Bcc: "Kelli J. Lee" <kelli.j.lee@gmail.com>

Date:  Tuesday, August 26, 2025

Dear Counsel,

Please find attached Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, served pursuant to the Federal Rules of Civil Procedure. These amended responses supersede any prior responses.

Thank you,

Kelli J. Lee

Pro Se Plaintiff

**Attachment:**  Plaintiff_Amended_Responses_ to_Defendant_First_Set_of_Interrogatories_and_Requests_for_Production_of_Documents.pdf

**Case Number:**  5:24-CV-05190

**Case Name:**  Lee v. Wal-Mart Stores Arkansas, LLC

Plaintiff_Amended_Responses_ to_Defendant_First_Set_of_Interrogatories_and_Requests_for_Production_of_Documents.pdf
964K

15

**Exhibit E – The First Page of the Document called Plaintiff's Amended Discovery Responses attached to Email from Plaintiff to Defendant's Counsel, dated August 26, 2025 ("Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents – LEE v. WAL-MART STORES ARKANSAS, LLC – Case Number 5:24-CV-05190")**

Subject: Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents – LEE v. WAL-MART STORES ARKANSAS, LLC – Case Number 5:24-CV-05190

Date: Tuesday, August 26, 2025

Dear Counsel,

Please find below Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, served pursuant to the Federal Rules of Civil Procedure. These amended responses supersede any prior responses.

Thank you,

Kelli J. Lee

Pro Se Plaintiff

---

**Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents**

Note: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KELLI LEE**                                                                 **PLAINTIFF**

Page 1 of 46

16

**Exhibit F – Notice of Service of Plaintiff's Amended Discovery Responses, dated August 26, 2025**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLI LEE                                                     PLAINTIFF

v.                          Case No. 5:24-CV-05190

WAL-MART STORES ARKANSAS, LLC                                 DEFENDANT

**NOTICE OF SERVICE OF AMENDED DISCOVERY RESPONSES**

Plaintiff, Kelli Lee, respectfully gives notice that on August 26, 2025, she served upon Defendant **WAL-MART STORES ARKANSAS, LLC** her **Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents**.

These amended responses are served pursuant to the Federal Rules of Civil Procedure and supersede any prior responses.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon, attorneys for Defendant, via email on August 26, 2025.

Dated: August 26, 2025

Respectfully submitted,

Kelli Lee

Pro Se Plaintiff

17



905 W. Rock St.

Morrilton, AR, 72110

(501) 438-9330

kelli.j.lee@gmail.com

**Exhibit G – Email from Plaintiff to Defendant's Counsel, dated September 9, 2025, 7:46 AM ("Deposition Recording Notice")**



M Gmail                                                                Kelli J. Lee <kelli.j.lee@gmail.com>

**Deposition Recording Notice**
1 message

**Kelli J. Lee** <kelli.j.lee@gmail.com>                                        Tue, Sep 9, 2025 at 7:46 AM
To: Timothy Chad Hutchinson <thutchinson@rmp.law>, Mallory Shamoon <mshamoon@rmp.law>
Bcc: "Kelli J. Lee" <kelli.j.lee@gmail.com>

To:  Walmart Counsel,

For personal records, I intend to make an audio recording of my deposition.

Thank you,

Kelli J. Lee