**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                                 **PLAINTIFF**


**v.**                                        **Case No.  5:24-CV-05190**


**WAL-MART STORES ARKANSAS, LLC**                              **DEFENDANT**


**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL DISCOVERY AND FOR RULE 37 RELIEF**

---

**I. INTRODUCTION**

Plaintiff  Kelli Lee submits this Response in Opposition to Defendant's Motion to Compel

Discovery ("Motion"), filed November 6, 2025. Plaintiff has, in good faith, produced extensive

discovery in response **(Priority Exhibit 0.1)** to Defendant's First Set of Interrogatories and

Requests for Production **(Priority Exhibit 0.6)**, including Amended Discovery Responses

**(Priority Exhibit 0.2)** served August 26, 2025, and Supplemental Discovery Responses

**(Priority Exhibit 0.7)** served October 6, 2025.

Plaintiff has already produced all relevant, non-privileged documents within her possession,

custody, or control—101 labeled exhibits and 11 audio recordings **(Priority Exhibit 0.3a and

Priority Exhibit 0.3b)** —while properly asserting objections to requests that are overly broad,

duplicative, or irrelevant. Plaintiff has complied with each discovery request to the extent it is

proper under the Federal Rules of Civil Procedure. For ease of reference, (**Priority Exhibit 0.1**)

provides a verified summary of Plaintiff's prior submissions corresponding to each of

Defendant's discovery requests named in the Motion, including exhibit numbers for efficient lookup of supporting evidence.

Defendant's Motion inaccurately portrays Plaintiff as withholding information or failing to cooperate.  In reality, Plaintiff has taken extraordinary steps to accommodate Defendant, including voluntarily organizing her Amended Discovery Responses into 101 labeled exhibits—11 of which are audio recordings—for clarity and convenience. The Motion disregards these good-faith efforts and instead seeks overly broad, invasive discovery that is irrelevant, duplicative, or beyond Plaintiff's possession, custody, or control.

The discovery burden on Plaintiff—who is self-represented and actively seeking employment—is substantial. Each round of unnecessary legal work initiated by Defendant diverts Plaintiff's limited time and resources from her mitigation and ongoing job-search efforts, thereby compounding the financial and emotional harm arising from the discrimination, harassment, and unlawful termination she experienced while employed by Defendant.

---

## II. FACTUAL BACKGROUND

1. Plaintiff's Amended Discovery Responses **(Priority Exhibit 0.2)**, served August 26, 2025, included full responses to Defendant's First Set of Interrogatories and Requests for Production.

2. Plaintiff's Supplemental Discovery Responses **(Priority Exhibit 0.7)**, served October 6, 2025, were a voluntary accommodation to organize prior Amended Discovery Responses into 101 exhibits, including 11 audio recordings, for Defendant's convenience.

3.  The audio recordings **(Priority Exhibit 0.3a and Priority Exhibit 0.3b)** produced document harassment and discrimination reports made through Walmart's Open Door Program and other communications during Plaintiff's employment. Plaintiff has produced all such recordings that she is aware of that she had to produce, including both full and partial recordings, and no additional recordings exist that can be produced.

4.  Plaintiff's discovery production **(Priority Exhibit 0.1)** includes all documents she can reasonably access; Defendant retains superior access to certain records, including payroll and electronic systems no longer available to Plaintiff.

5.  On November 4, 2025, following Defendant's October 27, 2025 letter threatening a motion to compel **(0.5_priority_.pdf)** based on mischaracterizations of Plaintiff's discovery responses, Plaintiff sent a detailed letter **(0.4_priority_.pdf)** correcting those mischaracterizations and proposing reasonable compromises, including the option of providing a notarized statement in lieu of full tax returns. Despite this good-faith effort, Defendant filed the Motion to Compel two days later without further conferral.

6.  Plaintiff's former counsel withdrew on July 17, 2025. Plaintiff is proceeding pro se.

7.  Defendant's Motion to Compel alleges that Plaintiff, through her former counsel, served discovery responses on May 22, 2025. Plaintiff cannot verify that she worked through her former counsel for this, as she is unaware of what was transmitted, when it was transmitted, and did not approve the contents that Defendant claims to have received.  At deposition on September 12, 2025, Defendant relied on unverified materials they alleged were received from Plaintiff's former counsel, which were never approved by Plaintiff and differed from what she provided. Only Plaintiff's verified Amended Discovery

Responses and Supplemental Discovery Responses, personally prepared and served after she assumed control of her case, accurately reflect her discovery compliance on this matter.

---

## III. ARGUMENT

### A. Plaintiff Has Produced All Nonprivileged Responsive Information

Plaintiff has produced all documents, recordings, and exhibits in her possession, custody, or control that are relevant to the claims and defenses in this action (**Priority Exhibit 0.1**). The Plaintiff's Supplemental Discovery Responses, which updated and converted Plaintiff's prior verified Amended Discovery Responses into 101 exhibits including 11 audio recording exhibits, were burdensome and time-consuming, but were voluntarily provided to aid Defendant. Defendant's Motion improperly suggests that Plaintiff is withholding information when the production was complete and verified.

### B. Proportional and Responsible Discovery Response

Defendant's Request for Production No. 10 seeks Plaintiff's complete federal income tax returns for 2020–2024. Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and not proportional to the needs of the case. These returns contain sensitive personal and financial information that is largely irrelevant, as Defendant already has access to W-2s, direct deposit records, and internal payroll data sufficient to calculate any damages related to Plaintiff's employment. Because Plaintiff's employment began in May 2022, information from prior years is unnecessary and outside the scope of relevant discovery.

To facilitate resolution, Plaintiff proposed a less invasive compromise in her November 4, 2025 correspondence to Defendant. She offered to provide a signed, notarized **Sworn Earnings Statement** listing gross income for 2022–2024, including amounts reported on W-2s and 1099s, within fourteen (14) days of Defendant's confirmation that this compromise would resolve RFP No. 10. This proposal fully satisfies Defendant's legitimate discovery needs while protecting Plaintiff's private financial information, and was offered under the Protective Order believed to be in effect, in lieu of full tax returns and underlying forms.

Plaintiff's offer of a notarized Sworn Earnings Statement demonstrates a responsible and proportional approach to discovery that meets Defendant's legitimate needs while avoiding unnecessary intrusion into private records. Requiring full tax returns under these circumstances would be unnecessary and disproportionate to the needs of the case.

### C. Audio Recordings and Other Media Beyond Plaintiff's Possession

Plaintiff has conducted a diligent, good-faith search and has already produced all audio recordings **(Exhibit 5b, Exhibit 6, Exhibit 9b, Exhibit 10b, Exhibit 14, Exhibit 19b, Exhibit 43b, Exhibit 57b, Exhibit 58b, Exhibit 61b, Exhibit 65b)** and related media in her possession, custody, or control—totaling eleven (11) exhibits (**Priority Exhibit 0.3a and Priority Exhibit 0.3b**), which have been provided to Defendant. To the best of Plaintiff's knowledge and belief, no additional responsive recordings exist. Under the Federal Rules of Civil Procedure, a party is required to produce only those materials within her possession, custody, or control. Plaintiff's discovery response satisfies her obligations under Rule 34.

Further, Plaintiff has exceeded the minimum required by serving her discovery responses twice—Amended Discovery Responses **(Priority Exhibit 0.2)** (August 26, 2025) and

Supplemental Discovery Responses **(Priority Exhibit 0.7)** (October 6, 2025)—and by organizing her verified discovery material in multiple formats for easy access, with clearly labeled exhibits, and providing online access through secure links to facilitate Defendant's review.

Accordingly, Plaintiff's discovery efforts reflect a thorough and good-faith attempt to provide all responsive materials within her control. Should any additional responsive media later come into her possession, Plaintiff will promptly supplement her production in accordance with Rule 26(e).

### D. Defendant's Motion Fails to Demonstrate Substantial Justification

1. Rule 37(a)(1) requires a party moving to compel to make a good-faith effort to confer with the opposing party to resolve the dispute without court intervention. Defendant claims conferral was attempted, citing correspondence dated October 27, 2025. However, Defendant relied on indirect communications, including having a paralegal send a letter threatening Plaintiff with a motion to compel and mailing a separate letter, rather than engaging in direct counsel-to-Plaintiff communication. The paralegal's letter, which bore Defendant's counsel's name, also contained multiple misquotes and mischaracterizations of Plaintiff's verified Amended Discovery Responses, further undermining Defendant's certification of good-faith conferral. In response, Plaintiff emailed a letter to both of Defendant's counsel and the paralegal on November 4, 2025. The letter corrected the misquotes and mischaracterizations, including those concerning her legally valid objections, clarified that she had already produced materials Defendant claimed were withheld, and proposed reasonable, concrete compromises—including a signed, notarized Sworn Earnings Statement—to resolve the disputes without court intervention. Defendant did not meaningfully engage with these proposals and filed the Motion just two days

later, even sending Plaintiff a copy via the paralegal, demonstrating a preference for judicial intervention over negotiation.

2.  Defendant continues to assert that Plaintiff withheld responsive materials, despite Plaintiff having produced all responsive, nonprivileged materials that are relevant and within her possession, custody, or control, and having offered less invasive alternatives where appropriate.

3.  The remaining discovery demands to which Plaintiff objected are overly broad, invasive, unduly burdensome, not relevant, and not proportional to the needs of this case under Rule 26. Plaintiff has fully complied with her discovery obligations, producing all responsive, nonprivileged relevant materials within her possession, custody, or control, and has offered reasonable alternatives for sensitive information. In light of these efforts, and the proportional limits set by the Federal Rules, no further production appears warranted.

## E. Plaintiff's Objections Are Valid and Reasonable

Plaintiff has properly asserted objections to discovery requests that are overly broad, invasive, duplicative, or irrelevant. These objections are supported by law and the Federal Rules of Civil Procedure. As detailed above, Plaintiff has already produced all responsive, nonprivileged materials within her possession, custody, or control and offered less invasive alternatives where appropriate. Her responses are proportional to the needs of the case, demonstrating both compliance with discovery obligations and protection of her legitimate interests.

## F. Impact on Plaintiff

Plaintiff is self-represented and actively seeking employment. Each round of unnecessary legal work initiated by Defendant diverts Plaintiff's time and energy from mitigation and job-search efforts, exacerbating the financial and emotional harm already caused by Defendant's discriminatory and harassing conduct. Plaintiff's limited time has been further consumed by preparing detailed exhibits, organizing prior responses, and addressing additional legal matters generated by Defendant's discovery demands.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court:

1. Deny Defendant's Motion to Compel in its entirety.

2. If the Court grants any relief, impose reasonable limits, including:

   ○ Discovery not extending to periods before January 1, 2022;

   ○ Minimally invasive production of financial records, prioritizing alternatives such as a notarized Sworn Earnings Statement or redacted tax returns;

   ○ No requirement to produce materials beyond Plaintiff's possession, custody, or control;

   ○ Maintenance of confidentiality for sensitive information.

3. Decline to award Defendant fees or costs under Rule 37(a)(5), as Plaintiff's objections were substantially justified and her discovery efforts were reasonable.

Respectfully submitted,
Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR, 72110
(501) 438-9330
kelli.j.lee@gmail.com
Date: November 14, 2025

**EXHIBITS SUMMARY**

- **Priority Exhibit 0.1 – Proof of Production Index (0.1_priority_.pdf):** Organized document referencing Plaintiff's verified prior submissions for each of Defendant's Requests for Production and Interrogatories. Provides exhibit numbers for quick lookup.

- **Priority Exhibit 0.2 – Amended Discovery Responses (0.2_priority_.pdf):** Full set of Plaintiff's Amended Discovery Responses served August 26, 2025.

- **Priority Exhibit 0.3a and Priority Exhibit 0.3b – Audio Exhibits (0.3_priority_.pdf):** Separate compilation of the 11 audio recordings produced, summarizing content and providing access links.

- **Priority Exhibit 0.4 – Plaintiff's Response to Defendant's Letter (Nov. 4, 2025) (0.4_priority_.pdf):** Letter clarifying mischaracterizations and proposing reasonable compromises, including a notarized Sworn Earnings Statement.

- **Priority Exhibit 0.5 – Defendant's Letter Threatening Motion to Compel (Oct. 27, 2025) (0.5_priority_.pdf):** Letter from Defendant, sent via paralegal, threatening a motion to compel and citing alleged misquotes and mischaracterizations of Plaintiff's discovery responses, along with the associated email communication.

- **Priority Exhibit 0.6 – Defendant's First Set of Interrogatories and Requests for Production of Documents (0.6_priority_.pdf)**

- **Priority Exhibit 07 – Plaintiff's Supplemental Discovery Responses Timeline and Email (0.7_priority_.pdf) (served October 6, 2025):** Timeline organizing Plaintiff's prior Amended Discovery Responses into 101 labeled exhibits, including 11 audio recordings, with the accompanying email of service.

**101 Exhibits from Plaintiff's Supplemental Discovery Responses (Served Oct. 6, 2025)**

| | | | |
|---|---|---|---|
| Exhibit 1a  (1a_.pdf) | Exhibit 22  (22_.pdf) | Exhibit 47  (47_.pdf) | Exhibit 68  (68_.pdf) |
| Exhibit 1b  (1b_.pdf) | Exhibit 23  (23_.pdf) | Exhibit 48  (48_.pdf) | Exhibit 69a  (69a_.pdf) |
| Exhibit 2  (2_.pdf) | Exhibit 24  (24_.pdf) | Exhibit 49  (49_.pdf) | Exhibit 69b  (69b_.pdf) |
| Exhibit 3  (3_.pdf) | Exhibit 25  (25_.pdf) | Exhibit 50  (50_.pdf) | Exhibit 70  (70_.pdf) |
| Exhibit 4  (4_.pdf) | Exhibit 26  (26_.pdf) | Exhibit 51  (51_.pdf) | Exhibit 71a  (71a_.pdf) |

| | | | |
|---|---|---|---|
| Exhibit 5a  (5a_.pdf) | Exhibit 27  (27_.pdf) | Exhibit 52  (52_.pdf) | Exhibit 71b  (71b_.pdf) |
| Exhibit 5b  (5b_.pdf) | Exhibit 28  (28_.pdf) | Exhibit 53a  (53a_.pdf) | Exhibit 72  (72_.pdf) |
| Exhibit 6  (6_.pdf) | Exhibit 29  (29_.pdf) | Exhibit 53b  (53b_.pdf) | Exhibit 73  (73_.pdf) |
| Exhibit 7  (7_.pdf) | Exhibit 30  (30_.pdf) | Exhibit 54  (54_.pdf) | Exhibit 74  (74_.pdf) |
| Exhibit 8  (8_.pdf) | Exhibit 31  (31_.pdf) | Exhibit 55  (55_.pdf) | Exhibit 75  (75_.pdf) |
| Exhibit 9a  (9a_.pdf) | Exhibit 32  (32_.pdf) | Exhibit 56  (56_.pdf) | Exhibit 76  (76_.pdf) |
| Exhibit 9b  (9b_.pdf) | Exhibit 33  (33_.pdf) | Exhibit 57a  (57a_.pdf) | Exhibit 77  (77_.pdf) |
| Exhibit 10a  (10a_.pdf) | Exhibit 34  (34_.pdf) | Exhibit 57b  (57b_.pdf) | Exhibit 78  (78_.pdf) |
| Exhibit 10b  (10b_.pdf) | Exhibit 35  (35_.pdf) | Exhibit 58a  (58a_.pdf) | Exhibit 79  (79_.pdf) |
| Exhibit 11  (11_.pdf) | Exhibit 36  (36_.pdf) | Exhibit 58b  (58b_.pdf) | Exhibit 80  (80_.pdf) |
| Exhibit 12  (12_.pdf) | Exhibit 37  (37_.pdf) | Exhibit 59  (59_.pdf) | Exhibit 81  (81_.pdf) |
| Exhibit 13  (13_.pdf) | Exhibit 38  (38_.pdf) | Exhibit 60  (60_.pdf) | Exhibit 82  (82_.pdf) |
| Exhibit 14  (14_.pdf) | Exhibit 39  (39_.pdf) | Exhibit 61a  (61a_.pdf) | Exhibit 83  (83_.pdf) |
| Exhibit 15  (15_.pdf) | Exhibit 40  (40_.pdf) | Exhibit 61b  (61b_.pdf) | Exhibit 84  (84_.pdf) |
| Exhibit 16  (16_.pdf) | Exhibit 41  (41_.pdf) | Exhibit 62  (62_.pdf) | Exhibit 85  (85_.pdf) |
| Exhibit 17  (17_.pdf) | Exhibit 42  (42_.pdf) | Exhibit 63  (63_.pdf) | Exhibit 86  (86_.pdf) |
| Exhibit 18  (18_.pdf) | Exhibit 43a  (43a_.pdf) | Exhibit 64  (64_.pdf) | Exhibit 87  (87_.pdf) |
| Exhibit 19a  (19a_.pdf) | Exhibit 43b  (43b_.pdf) | Exhibit 65a  (65a_.pdf) | Exhibit 88  (88_.pdf) |
| Exhibit 19b  (19b_.pdf) | Exhibit 44  (44_.pdf) | Exhibit 65b  (65b_.pdf) | |
| Exhibit 20  (20_.pdf) | Exhibit 45  (45_.pdf) | Exhibit 66  (66_.pdf) | |
| Exhibit 21  (21_.pdf) | Exhibit 46  (46_.pdf) | Exhibit 67  (67_.pdf) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon, attorneys for Defendant, via email on November 14, 2025.

Dated: November 14, 2025
Respectfully submitted,
Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR, 72110
(501) 438-9330
kelli.j.lee@gmail.com