**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                    **PLAINTIFF**


**v.**                              **Case No.  5:24-CV-05190**


**WAL-MART STORES ARKANSAS, LLC**                        **DEFENDANT**


**PLAINTIFF'S SHORT FORM BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR RULE 37 RELIEF**

---

**I. INTRODUCTION**

Plaintiff, Kelli Lee, respectfully opposes Defendant's Motion to Compel Discovery ("Motion") filed November 6, 2025. Plaintiff has, in good faith, produced all relevant, nonprivileged documents **(Priority Exhibit 0.1)** responsive to Defendant's First Set of Interrogatories and Requests for Production **(Priority Exhibit 0.6)**, including Amended Discovery Responses **(Priority Exhibit 0.2)**  (Aug. 26, 2025) and Supplemental Discovery Responses **(Priority Exhibit 0.7)** (Oct. 6, 2025), organized into 101 labeled exhibits—including 11 audio recordings **(Priority Exhibit 0.3)**—while properly asserting objections to requests that were overly broad, duplicative, or irrelevant.  For ease of reference, (**Priority Exhibit 0.1**) provides a verified summary of Plaintiff's prior submissions corresponding to each of Defendant's discovery requests named in the Motion, including exhibit numbers for efficient lookup of supporting evidence.

Defendant's Motion inaccurately portrays Plaintiff as withholding information or failing to cooperate. Plaintiff voluntarily organized her Amended Discovery Responses into 101 labeled

exhibits for clarity and convenience. The Motion instead seeks discovery that is overly broad, invasive, irrelevant, or outside Plaintiff's possession, custody, or control. Each round of unnecessary legal work initiated by Defendant imposes substantial burdens on Plaintiff—who is self-represented and actively seeking employment—diverting limited time and resources from mitigation and ongoing job-search efforts.

---

## II. FACTUAL BACKGROUND

- Plaintiff's Amended Discovery Responses **(Priority Exhibit 0.2)**, served August 26, 2025, included full responses to Defendant's First Set of Interrogatories and Requests for Production.

- Plaintiff's Supplemental Discovery Responses **(Priority Exhibit 0.7)**, served October 6, 2025, were a voluntary accommodation to organize prior Amended Discovery Responses into 101 exhibits (including the 11 audio recordings **(Priority Exhibit 0.3)**) for Defendant's convenience. All relevant responsive materials in Plaintiff's possession, subject to her valid objections, have been produced.

- The audio recordings document harassment and discrimination reports made through Walmart's Open Door Program and other communications. Plaintiff has produced all recordings she is aware of that she is required to produce, and no additional recordings exist within her possession, custody, or control.

- Certain records, including payroll and electronic systems, remain accessible only to Defendant.

- On November 4, 2025, following Defendant's October 27, 2025 letter **(0.5_priority_.pdf)** threatening a motion to compel based on mischaracterizations of Plaintiff's discovery responses, Plaintiff sent a detailed emailed letter **(0.4_priority_.pdf)** clarifying those mischaracterizations and proposing reasonable compromises, including the option of providing a notarized Sworn Earnings Statement in lieu of full tax returns. Defendant filed the Motion two days later without meaningful conferral.

- Plaintiff's verified discovery responses reflect materials personally prepared and served after she assumed control of her case; alleged prior transmissions by former counsel are unverified and incomplete.

---

## III. ARGUMENT

### A. Plaintiff Has Produced All Nonprivileged Responsive Information

Plaintiff has produced all relevant, responsive documents, recordings, and exhibits in her possession, custody, or control. The Supplemental Discovery Responses, converting prior verified responses into 101 exhibits (including the 11 audio recordings), were burdensome but voluntarily provided to aid Defendant.

### B. Proportional and Responsible Discovery Response

Defendant's Request for Production No. 10 seeks full tax returns for 2020–2024. Plaintiff

objected as overly broad and disproportionate. To resolve this request responsibly, Plaintiff offered a signed, notarized Sworn Earnings Statement for 2022–2024, including W-2 and 1099 amounts, to be produced under the Protective Order in lieu of full returns. This fully satisfies Defendant's legitimate discovery needs while protecting Plaintiff's private financial information.

### C. Audio Recordings and Other Media Beyond Plaintiff's Possession

Plaintiff conducted a diligent search and produced all audio recordings and related media in her possession **(Exhibit 5b, Exhibit 6, Exhibit 9b, Exhibit 10b, Exhibit 14, Exhibit 19b, Exhibit 43b, Exhibit 57b, Exhibit 58b, Exhibit 61b, Exhibit 65b)**, totaling 11 exhibits included in the 101 exhibits. To the best of Plaintiff's knowledge, no additional recordings exist within her possession, custody, or control.

### D. Defendant's Motion Lacks Substantial Justification

Rule 37(a)(1) requires a good-faith effort to confer before seeking court intervention. In this case, Defendant relied on indirect communications, including a paralegal emailing a letter on October 27, 2025 threatening a motion to compel (**Priority Exhibit 0.5**) based on misquotes and mischaracterizations of Plaintiff's Amended Discovery Responses, rather than engaging in direct counsel-to-Plaintiff communication. In response, Plaintiff sent a detailed letter on November 4, 2025 (**Priority Exhibit 0.4**), clarifying the mischaracterizations, confirming her production of all relevant, nonprivileged materials, reaffirming her legally valid objections, and proposing reasonable, narrowly tailored solutions—including the offer of a notarized Sworn Earnings Statement in lieu of full tax returns. Despite this good-faith effort, Defendant did not meaningfully engage and filed the Motion just two days later. Given Plaintiff's extensive production, including her voluntary organization of 101 exhibits—11 of which are audio recordings—and her willingness to provide proportionate alternatives for sensitive information,

the remaining discovery requests are overly broad, intrusive, and disproportionate to the needs of the case. Plaintiff has fully satisfied her discovery obligations, and Defendant's Motion is therefore without merit.

**E. Plaintiff's Objections Are Valid and Reasonable**

Plaintiff has properly asserted objections to discovery requests that are overly broad, invasive, duplicative, or irrelevant. These objections are supported by law and the Federal Rules of Civil Procedure. As detailed above, Plaintiff has already produced all responsive, nonprivileged materials within her possession, custody, or control and offered less invasive alternatives where appropriate. Her responses are proportional to the needs of the case, demonstrating both compliance with discovery obligations and protection of her legitimate interests.

**F. Impact on Plaintiff**

Plaintiff is self-represented and actively seeking employment. Each round of unnecessary legal work initiated by Defendant diverts Plaintiff's time and energy from mitigation and job-search efforts, exacerbating the financial and emotional harm already caused by Defendant's discriminatory and harassing conduct. Plaintiff's limited time has been further consumed by preparing detailed exhibits, organizing prior responses, and addressing additional legal matters generated by Defendant's discovery demands.

---

**IV. CONCLUSION**

For the reasons above, Plaintiff respectfully requests that the Court:

1.  Deny Defendant's Motion to Compel in its entirety.

2.  If any relief is granted, Plaintiff requests reasonable limits:

    ○   Discovery not extending before January 1, 2022;

    ○   Minimally invasive production of financial records, such as a notarized Sworn Earnings Statement or redacted tax returns;

    ○   No requirement to produce materials beyond Plaintiff's possession, custody, or control;

    ○   Maintenance of confidentiality for sensitive information.

3.  Decline to award Defendant fees or costs under Rule 37(a)(5), as Plaintiff's objections were substantially justified and her discovery efforts were reasonable.

Respectfully submitted,
Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR, 72110
(501) 438-9330
kelli.j.lee@gmail.com
Dated: November 14, 2025

---

**EXHIBITS SUMMARY**

- **Priority Exhibit 0.1 – Proof of Production Index (0.1_priority_.pdf):** Organized table referencing Plaintiff's verified prior submissions for each of Defendant's Requests for Production and Interrogatories. Provides exhibit numbers for quick lookup of evidence.

- **Priority Exhibit 0.2 – Amended Discovery Responses (0.2_priority_.pdf):** Full set of Plaintiff's Amended Discovery Responses served August 26, 2025.

- **Priority Exhibit 0.3 – Audio Exhibits (0.3_priority_.pdf):** Separate compilation of the 11 audio recordings produced, summarizing content and providing access links.

- **Priority Exhibit 0.4 – Plaintiff's Response to Defendant's Letter (Nov. 4, 2025) (0.4_priority_.pdf):** Letter clarifying mischaracterizations and proposing reasonable compromises, including a notarized Sworn Earnings Statement.

- **Priority Exhibit 0.5 – Defendant's Letter Threatening Motion to Compel (Oct. 27, 2025) (0.5_priority_.pdf):** Letter from Defendant, sent via paralegal, threatening a motion to compel and citing alleged misquotes and mischaracterizations of Plaintiff's discovery responses, along with the associated email communication.

- **Priority Exhibit 0.6 – Defendant's First Set of Interrogatories and Requests for Productions (0.6_priority_.pdf)**

- **Priority Exhibit 0.7 – Plaintiff's Supplemental Discovery Responses Timeline and Email (0.7_priority_.pdf) (served October 6, 2025):** Timeline organizing Plaintiff's prior Amended Discovery Responses into 101 labeled exhibits, including 11 audio recordings, with the accompanying email of service.

**101 Exhibits from Plaintiff's Supplemental Discovery Responses (Served Oct. 6, 2025)**

| | | | |
|---|---|---|---|
| Exhibit 1a  (1a_.pdf) | Exhibit 22  (22_.pdf) | Exhibit 47  (47_.pdf) | Exhibit 68  (68_.pdf) |
| Exhibit 1b  (1b_.pdf) | Exhibit 23  (23_.pdf) | Exhibit 48  (48_.pdf) | Exhibit 69a  (69a_.pdf) |
| Exhibit 2  (2_.pdf) | Exhibit 24  (24_.pdf) | Exhibit 49  (49_.pdf) | Exhibit 69b  (69b_.pdf) |
| Exhibit 3  (3_.pdf) | Exhibit 25  (25_.pdf) | Exhibit 50  (50_.pdf) | Exhibit 70  (70_.pdf) |
| Exhibit 4  (4_.pdf) | Exhibit 26  (26_.pdf) | Exhibit 51  (51_.pdf) | Exhibit 71a  (71a_.pdf) |
| Exhibit 5a  (5a_.pdf) | Exhibit 27  (27_.pdf) | Exhibit 52  (52_.pdf) | Exhibit 71b  (71b_.pdf) |
| Exhibit 5b  (5b_.pdf) | Exhibit 28  (28_.pdf) | Exhibit 53a  (53a_.pdf) | Exhibit 72  (72_.pdf) |
| Exhibit 6  (6_.pdf) | Exhibit 29  (29_.pdf) | Exhibit 53b  (53b_.pdf) | Exhibit 73  (73_.pdf) |
| Exhibit 7  (7_.pdf) | Exhibit 30  (30_.pdf) | Exhibit 54  (54_.pdf) | Exhibit 74  (74_.pdf) |
| Exhibit 8  (8_.pdf) | Exhibit 31  (31_.pdf) | Exhibit 55  (55_.pdf) | Exhibit 75  (75_.pdf) |

| | | | |
|---|---|---|---|
| Exhibit 9a  (9a_.pdf) | Exhibit 32  (32_.pdf) | Exhibit 56  (56_.pdf) | Exhibit 76  (76_.pdf) |
| Exhibit 9b  (9b_.pdf) | Exhibit 33  (33_.pdf) | Exhibit 57a  (57a_.pdf) | Exhibit 77  (77_.pdf) |
| Exhibit 10a  (10a_.pdf) | Exhibit 34  (34_.pdf) | Exhibit 57b  (57b_.pdf) | Exhibit 78  (78_.pdf) |
| Exhibit 10b  (10b_.pdf) | Exhibit 35  (35_.pdf) | Exhibit 58a  (58a_.pdf) | Exhibit 79  (79_.pdf) |
| Exhibit 11  (11_.pdf) | Exhibit 36  (36_.pdf) | Exhibit 58b  (58b_.pdf) | Exhibit 80  (80_.pdf) |
| Exhibit 12  (12_.pdf) | Exhibit 37  (37_.pdf) | Exhibit 59  (59_.pdf) | Exhibit 81  (81_.pdf) |
| Exhibit 13  (13_.pdf) | Exhibit 38  (38_.pdf) | Exhibit 60  (60_.pdf) | Exhibit 82  (82_.pdf) |
| Exhibit 14  (14_.pdf) | Exhibit 39  (39_.pdf) | Exhibit 61a  (61a_.pdf) | Exhibit 83  (83_.pdf) |
| Exhibit 15  (15_.pdf) | Exhibit 40  (40_.pdf) | Exhibit 61b  (61b_.pdf) | Exhibit 84  (84_.pdf) |
| Exhibit 16  (16_.pdf) | Exhibit 41  (41_.pdf) | Exhibit 62  (62_.pdf) | Exhibit 85  (85_.pdf) |
| Exhibit 17  (17_.pdf) | Exhibit 42  (42_.pdf) | Exhibit 63  (63_.pdf) | Exhibit 86  (86_.pdf) |
| Exhibit 18  (18_.pdf) | Exhibit 43a  (43a_.pdf) | Exhibit 64  (64_.pdf) | Exhibit 87  (87_.pdf) |
| Exhibit 19a  (19a_.pdf) | Exhibit 43b  (43b_.pdf) | Exhibit 65a  (65a_.pdf) | Exhibit 88  (88_.pdf) |
| Exhibit 19b  (19b_.pdf) | Exhibit 44  (44_.pdf) | Exhibit 65b  (65b_.pdf) | |
| Exhibit 20  (20_.pdf) | Exhibit 45  (45_.pdf) | Exhibit 66  (66_.pdf) | |
| Exhibit 21  (21_.pdf) | Exhibit 46  (46_.pdf) | Exhibit 67  (67_.pdf) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon, attorneys for Defendant, via email on November 14, 2025.

Dated: November 14, 2025
Respectfully submitted,
Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR, 72110
(501) 438-9330
kelli.j.lee@gmail.com