**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                **PLAINTIFF**

**v.**                              **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                          **DEFENDANT**

**SUPPORTING PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR RULE 37 RELIEF**

---

# PRIORITY EXHIBIT 0.1 - Proof of Production Index

# (0.1_priority_.pdf)

For ease of reference, Priority Exhibit 0.1 provides a verified summary of Plaintiff's prior

submissions corresponding to each of Defendant's discovery requests named in the Motion,

including exhibit numbers for efficient lookup of supporting evidence. Priority Exhibit 0.1

accompanies Plaintiff's filing titled  "Plaintiff's Response in Opposition to Defendant's Motion

to Compel Discovery and for Rule 37 Relief."

---

**Defendant's Interrogatory No. 6 (INT No. 6):**

*Excepting conversations with Your attorneys, please Identify by name, address, telephone number, and employer every person You or someone on Your behalf has interviewed, conferred or otherwise discussed with regarding the facts alleged in the Complaint and provide the date(s) or approximate date(s) of said discussion(s).*

**Exhibits Produced for Interrogatory No. 6 (Proof of Production):**

Without waiving any objections previously stated, the following exhibits from Plaintiff's Supplemental Discovery Responses or Amended Discovery Responses, already provided to the defendant, identify the names, dates, and employer (when available), along with descriptions of discussions or communications and supporting evidence of those communications related to the matters in this case:

1. Priority Exhibit 0.2
2. Priority Exhibit 0.3
3. Priority Exhibit 0.6
4. Exhibit 1b
5. Exhibit 2
6. Exhibit 3
7. Exhibit 5a
8. Exhibit 5b
9. Exhibit 6
10. Exhibit 7
11. Exhibit 8
12. Exhibit 9a
13. Exhibit 9b
14. Exhibit 10a
15. Exhibit 10b
16. Exhibit 11
17. Exhibit 12
18. Exhibit 13

19. Exhibit 14
20. Exhibit 15
21. Exhibit 16
22. Exhibit 17
23. Exhibit 18
24. Exhibit 19a
25. Exhibit 19b
26. Exhibit 20
27. Exhibit 21
28. Exhibit 22
29. Exhibit 23
30. Exhibit 24
31. Exhibit 25
32. Exhibit 26
33. Exhibit 27
34. Exhibit 28
35. Exhibit 29
36. Exhibit 30
37. Exhibit 31
38. Exhibit 32
39. Exhibit 33
40. Exhibit 34
41. Exhibit 35
42. Exhibit 36
43. Exhibit 37
44. Exhibit 38
45. Exhibit 39
46. Exhibit 40
47. Exhibit 41
48. Exhibit 42
49. Exhibit 43a
50. Exhibit 43b
51. Exhibit 44
52. Exhibit 45
53. Exhibit 46
54. Exhibit 47
55. Exhibit 48
56. Exhibit 49
57. Exhibit 50
58. Exhibit 51
59. Exhibit 52
60. Exhibit 53a
61. Exhibit 53b
62. Exhibit 54

**Priority Exhibit 0.1 – Page 3 of 28**

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief

Case No:  5:24-CV-05190

63. Exhibit 55
64. Exhibit 56
65. Exhibit 57a
66. Exhibit 57b
67. Exhibit 58a
68. Exhibit 58b
69. Exhibit 59
70. Exhibit 60
71. Exhibit 61a
72. Exhibit 61b
73. Exhibit 62
74. Exhibit 63
75. Exhibit 64
76. Exhibit 65a
77. Exhibit 65b
78. Exhibit 66
79. Exhibit 67
80. Exhibit 68
81. Exhibit 69a
82. Exhibit 69b
83. Exhibit 71a
84. Exhibit 71b
85. Exhibit 74
86. Exhibit 75
87. Exhibit 79
88. Exhibit 81
89. Exhibit 82
90. Exhibit 83

**Plaintiff's August 26, 2025 Reply to Interrogatory No. 6 (from Amended Discovery Responses):**

Plaintiff has discussed the subject matter of this lawsuit with representatives of the Defendant, members of her immediate family, support groups focused on employment discrimination, staff from the EEOC and the unemployment agency, and legal counsel. Plaintiff objects to identifying individuals by name at this time, as such disclosure would be unduly burdensome, intrusive, and

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief

Case No:  5:24-CV-05190

not relevant to the claims or defenses in this action. Plaintiff further objects to the extent the request seeks privileged or confidential communications.

**Plaintiff's Notes for Interrogatory No. 6:**

Plaintiff has already provided Defendant with extensive documentation of all legitimate, non-privileged discussions and communications relevant to this case, including through verified timelines, exhibits, and secure link productions. Plaintiff maintains her objections to the scope of this interrogatory but has given a good-faith narrowed response regarding professional and case-related interactions, while properly withholding private or privileged personal communications. Defendant's claim of noncompliance is inaccurate and contradicted by the record.

---

**Defendant's Request for Production No. 3 (RFP No. 3):**

*In connection with Your responses to Interrogatory No.6, produce each document which reflects, supports, or tends to support Your response, and the name, address, and job title of the person who has care, custody or control of said documents.*

**Exhibits Produced for Request for Production No. 3 (Proof of Production):**

Without waiving any objections previously stated, the following exhibits from Plaintiff's Supplemental Discovery Responses or Amended Discovery Responses, already provided to the defendant, identify documents produced by Plaintiff in connection with Interrogatory No. 6. Each exhibit contains names, dates, and employer (when available), along with descriptions of

discussions or communications and supporting evidence of those communications related to the

matters in this case:

1. Priority Exhibit 0.2
2. Priority Exhibit 0.3
3. Priority Exhibit 0.6
4. Exhibit 1b
5. Exhibit 2
6. Exhibit 3
7. Exhibit 5a
8. Exhibit 5b
9. Exhibit 6
10. Exhibit 7
11. Exhibit 8
12. Exhibit 9a
13. Exhibit 9b
14. Exhibit 10a
15. Exhibit 10b
16. Exhibit 11
17. Exhibit 12
18. Exhibit 13
19. Exhibit 14
20. Exhibit 15
21. Exhibit 16
22. Exhibit 17
23. Exhibit 18
24. Exhibit 19a
25. Exhibit 19b
26. Exhibit 20
27. Exhibit 21
28. Exhibit 22
29. Exhibit 23
30. Exhibit 24
31. Exhibit 25
32. Exhibit 26
33. Exhibit 27
34. Exhibit 28
35. Exhibit 29
36. Exhibit 30
37. Exhibit 31
38. Exhibit 32
39. Exhibit 33

40. Exhibit 34
41. Exhibit 35
42. Exhibit 36
43. Exhibit 37
44. Exhibit 38
45. Exhibit 39
46. Exhibit 40
47. Exhibit 41
48. Exhibit 42
49. Exhibit 43a
50. Exhibit 43b
51. Exhibit 44
52. Exhibit 45
53. Exhibit 46
54. Exhibit 47
55. Exhibit 48
56. Exhibit 49
57. Exhibit 50
58. Exhibit 51
59. Exhibit 52
60. Exhibit 53a
61. Exhibit 53b
62. Exhibit 54
63. Exhibit 55
64. Exhibit 56
65. Exhibit 57a
66. Exhibit 57b
67. Exhibit 58a
68. Exhibit 58b
69. Exhibit 59
70. Exhibit 60
71. Exhibit 61a
72. Exhibit 61b
73. Exhibit 62
74. Exhibit 63
75. Exhibit 64
76. Exhibit 65a
77. Exhibit 65b
78. Exhibit 66
79. Exhibit 67
80. Exhibit 68
81. Exhibit 69a
82. Exhibit 69b
83. Exhibit 71a

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief

Case No:  5:24-CV-05190

84. Exhibit 71b
85. Exhibit 74
86. Exhibit 75
87. Exhibit 79
88. Exhibit 81
89. Exhibit 82
90. Exhibit 83

Information for the Plaintiff providing these exhibits:

- Kelli Lee
- 905 W. Rock St.
- Actively seeking employment.


**Plaintiff's August 26, 2025 Reply to Request for Production No. 3 (from Amended**

**Discovery Responses):**

Plaintiff is willing to produce non-privileged documents in her possession, custody, or control

that relate to the discriminatory conduct alleged in this case. To the extent this request seeks

materials that are not reasonably accessible or would be unduly burdensome to collect, Plaintiff

objects. Plaintiff will supplement this response as appropriate if additional relevant information

becomes available during the course of discovery.

**Plaintiff's Notes for Request for Production No. 3:**

Plaintiff has already given the Defendant an extensive amount of non-privileged documents

and/or evidence including a timeline of when she was the target of the harassment and

discrimination while working for the defendant.  This timeline and/or evidence included the

names of the people that discriminated against her and harassed her, specific times that they did

it and supporting evidence of the discrimination and/or harassment included reports that she

made about the discrimination and harassment. She delivered this information on more than one occasion to the defendant in her Amended Discovery Responses and Supplemental Discovery Responses that relate to the discriminatory conduct in this case. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

---

**Defendant's Interrogatory No. 9 (INT No. 9):**

*Other than what You have already provided in response to the previous requests, please state whether You or Your attorneys know of the existence of any Documents, writings, computer-generated or computer-stored data, or items of real evidence that have any relevant to any fact at issue in this case. If so, please identify each item and provide: (a) A complete description of the item; (b) The name and address of the present custodian of each item; and (c) An explanation of how and why each such item is relevant to any such fact.*

**Exhibits Produced for Request for Interrogatory No. 9 (Proof of Production):**

Without waiving any objections previously stated, the following exhibits from Plaintiff's Supplemental Discovery Responses or Amended Discovery Responses, already provided to Defendant, include descriptions, explanations, and supporting evidence related to the items requested, when available:

1. Exhibit 1a
2. Exhibit 4
3. Exhibit 70
4. Exhibit 72
5. Exhibit 73

6. Exhibit 76
7. Exhibit 77
8. Exhibit 78
9. Exhibit 80
10. Exhibit 84
11. Exhibit 85
12. Exhibit 86
13. Exhibit 87
14. Exhibit 88

**Plaintiff's August 26, 2025 Reply to Interrogatory No. 9 (from Amended Discovery Responses):**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense nor proportional to the needs of the case. Plaintiff further objects to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving these objections, Plaintiff will identify and produce non-privileged documents or evidence that are relevant and responsive, as required by the applicable discovery rules. Plaintiff reserves the right to supplement this response as discovery progresses.

**Plaintiff's Notes for Request for Interrogatory No. 9:**

Plaintiff maintains the original objection(s). Plaintiff has already identified and produced non-privileged documents or evidence that are relevant and responsive in her Amended Discovery Responses served on August 26, 2025 and/or Supplemental Discovery Responses served on October 6, 2025, as required by the applicable discovery rules. Plaintiff therefore

maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

---

**Defendant's Request for Production No. 9 (RFP No. 9):**

*Request for Production No. 9: Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.*

**Plaintiff's Notes for Request for Production No. 9:**

Defendant's Request for Production No. 9 originally identified the immediately preceding interrogatory as Interrogatory No. 12 in its Defendant's First Set of Interrogatories and Request for Production **(Priority Exhibit 0.6)** and requested that Plaintiff produce documents responsive to Interrogatory No. 12. Plaintiff provided her verified responses to RFP No. 9, along with any relevant supporting documentation, as part of her Amended Discovery Responses **(Priority Exhibit 0.2)** and Supplemental Discovery Responses **(Priority Exhibit 0.7)**. Later, Defendant sent Plaintiff a letter threatening a motion to compel **(Priority Exhibit 0.5)**, which also referenced the immediately preceding interrogatory as Interrogatory No. 12.  Subsequently, Defendant filed its Motion to Compel, describing RFP No. 9 as seeking documents for Interrogatory No. 9, rather than Interrogatory No. 12 as it had originally presented to Plaintiff.

Without waiving any previous objections, Plaintiff has kept diligent records, preserved extensive evidence, and delivered verified discovery responses to Defendant on two occasions. Plaintiff

has already provided all relevant information necessary to satisfy Request for Production No. 9, whether interpreted as seeking documents for Interrogatory No. 12 (as originally requested) or Interrogatory No. 9 (as stated in the Motion).

The following exhibits from Plaintiff's Amended Discovery Responses or Supplemental Discovery Responses, previously provided to Defendant, can be responsive to Interrogatory No. 12 or Interrogatory No. 9:

1. Exhibit 1a
2. Exhibit 1b
3. Exhibit 4
4. Exhibit 70
5. Exhibit 72
6. Exhibit 73
7. Exhibit 76
8. Exhibit 77
9. Exhibit 78
10. Exhibit 80
11. Exhibit 84
12. Exhibit 85
13. Exhibit 86
14. Exhibit 87
15. Exhibit 88
16. Exhibit 42
17. Exhibit 71a
18. Priority Exhibit 0.2
19. Priority Exhibit 0.4
20. Priority Exhibit 0.7

**<u>Supporting Images Showing Inconsistencies in Defendant's Request for Production No. 9:</u>**

**Image 1:** Excerpt from Defendant's *First Set of Interrogatories and Requests for Production of Documents* (**Priority Exhibit 0.6**) showing that **Request for Production No. 9** sought documents corresponding to the immediately preceding **Interrogatory No. 12**.

**INTERROGATORY NO. 12**: Please Identify with specificity the damages You are seeking in this lawsuit.

**REQUEST FOR PRODUCTION NO. 9**: Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.

REQUEST FOR PRODUCTION NO. 10: If You are alleging economic damages, please

**Image 2:** Excerpt from Defendant's emailed letter threatening a motion to compel (**Priority Exhibit 0.5**), identifying that **Request for Production No. 9** sought documents corresponding to the immediately preceding **Interrogatory No. 12**.

- **Request for Production No. 9:** Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [12].

**Image 3:** Excerpt from Defendant's *Motion to Compel*, which incorrectly asserts that **Request for Production No. 9** sought documents for **Interrogatory No. 9**, contrary to Defendant's prior representations.

c) *Interrogatory No. 9 and Request for Production No. 9: Identification and Production of Known Relevant Evidence*

Interrogatory No. 9 asks whether Plaintiff knows of any documents, data, or tangible items relevant to facts at issue, and if so, to identify each item, its custodian, and relevance. Plaintiff objected as overly broad, unduly burdensome, irrelevant, and privileged. These objections are improper. The interrogatory is standard and cabined to relevant evidence; it does not ask for privileged content. Plaintiff must identify nonprivileged relevant items, custodians, and relevance. RFP No. 9 seeks production of what Interrogatory No. 9 identifies. Plaintiff responded that relevant

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief

Case No:  5:24-CV-05190

**Plaintiff's August 26, 2025 Reply to Request for Production No. 9 (from Amended Discovery Responses):**

Plaintiff responds that the damages sought in this case include restitution of what she would have received had the discrimination, harassment, retaliation, and unlawful termination not occurred, including but not limited to: back pay, stock, and other benefits; removal of false disciplinary actions; reinstatement and promotion; reimbursement of legal and related expenses; and assurances of future non-retaliation. Plaintiff has already produced, or the Defendant already has in its possession, documents relevant to this Interrogatory, including pay records and W-2 forms from Plaintiff's prior employment with Walmart. Plaintiff further objects to producing any additional documents that are not in her possession or that are equally accessible to the Defendant. Plaintiff will supplement this production if additional responsive, non-privileged materials become available.

---

**Review of Defendant's Request For Production No. 6 (RFP No. 6):**

In Defendant's First Set of Interrogatories and Requests for Production, Defendant's Request for Production No. 6 asked Plaintiff to "*Produce and Identify every Document, communication, record Produce and Identify every Document, communication, record, or any other evidence which You intend to offer into evidence at the trial of this case.*" as shown in **Priority Exhibit 0.6** and **Image 4** excerpted below.

Plaintiff provided verified responses to RFP No. 6, along with relevant supporting documentation, in her **Amended Discovery Responses (Priority Exhibit 0.2)** and **Supplemental Discovery Responses (Priority Exhibit 0.7)**.

Subsequently, Defendant sent Plaintiff a letter dated October 27, 2025 (**Priority Exhibit 0.5**) threatening a motion to compel. In that letter, Defendant described RFP No. 6 differently from the original version—stating that it requested Plaintiff to "*Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [8]*"

Finally, in Defendant's Motion to Compel filed with the Court, the description of RFP No. 6 again differed from the version originally served on Plaintiff. In the Motion, Defendant again identified RFP No. 6 as seeking documents responsive to **Interrogatory No. 8**, rather than asking about evidence Plaintiff intends to offer at trial.

**Supporting Images Showing Inconsistencies in Defendant's Request for Production No. 6:**

**Image 4:** Defendant's original RFP No. 6 from the First Set of Interrogatories and Requests for Production of Documents(**Priority Exhibit 0.6**), asking about evidence Plaintiff intends to offer at trial.

**INTERROGATORY NO. 8**: Identify by date or approximate date each statement against interest, written or oral, communicated by a Walmart employee which You have knowledge of and the name of the maker of said statement.

**REQUEST FOR PRODUCTION NO. 5**: Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.

**REQUEST FOR PRODUCTION NO. 6**: Produce and Identify every Document, communication, record, or any other evidence which You intend to offer into evidence at the trial of this case.

**Image 5:** Defendant's altered version of RFP No. 6 included in its October 27, 2025 letter threatening a motion to compel(**Priority Exhibit 0.5**), asking instead for documents related to Interrogatory No. 8.

- **Request for Production No. 6:** Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [8]:

**Image 6:** Excerpt from Defendant's Motion to Compel, again identifying RFP No. 6 as seeking documents responsive to Interrogatory No. 8 rather than the original trial evidence request.

*d) Requests for Production Nos. 6 and 7: Documents Plaintiff Intends to Use and Documents Concerning the Dispute*

- RFP No. 6 seeks all documents identified in Interrogatory No. 8 (statements against interest

**Without waiving any previous objections**, Plaintiff has kept diligent records, preserved extensive evidence, and delivered verified discovery responses to Defendant on two occasions. Accordingly, Plaintiff has already provided all relevant information necessary to satisfy Defendant's original Request for Production No. 6 and has made appropriate legal objections where necessary.

Whether Defendant intended RFP No. 6 to seek documents related to Plaintiff's anticipated trial exhibits (as originally stated) or documents responsive to Interrogatory No. 8 (as later asserted in its Motion to Compel), Plaintiff has already properly and lawfully addressed Defendant's request. Plaintiff has produced an extensive volume of responsive information as part of her verified **Amended Discovery Responses** and **Supplemental Discovery Responses**.

The following exhibits from Plaintiff's Amended and/or Supplemental Discovery Responses, previously provided to Defendant, include documents that may be relevant to Defendant's original Request for Production No. 6:

1. Priority Exhibit 0.2 (Plaintiff'sAmended Discovery Responses)
2. Priority Exhibit 0.7 (Plaintiff's Supplemental Discovery Responses Timeline and Email**)**
3. Exhibit 1a (1a_.pdf)
4. Exhibit 1b (1b_.pdf)
5. Exhibit 2 (2_.pdf)
6. Exhibit 3 (3_.pdf)
7. Exhibit 4 (4_.pdf)
8. Exhibit 5a (5a_.pdf)
9. Exhibit 5b (5b_.pdf)
10. Exhibit 6 (6_.pdf)
11. Exhibit 7 (7_.pdf)
12. Exhibit 8 (8_.pdf)
13. Exhibit 9a (9a_.pdf)
14. Exhibit 9b (9b_.pdf)
15. Exhibit 10a (10a_.pdf)
16. Exhibit 10b (10b_.pdf)
17. Exhibit 11 (11_.pdf)
18. Exhibit 12 (12_.pdf)
19. Exhibit 13 (13_.pdf)
20. Exhibit 14 (14_.pdf)
21. Exhibit 15 (15_.pdf)
22. Exhibit 16 (16_.pdf)
23. Exhibit 17 (17_.pdf)
24. Exhibit 18 (18_.pdf)
25. Exhibit 19a (19a_.pdf)
26. Exhibit 19b (19b_.pdf)

27. Exhibit 20 (20_.pdf)
28. Exhibit 21 (21_.pdf)
29. Exhibit 22 (22_.pdf)
30. Exhibit 23 (23_.pdf)
31. Exhibit 24 (24_.pdf)
32. Exhibit 25 (25_.pdf)
33. Exhibit 26 (26_.pdf)
34. Exhibit 27 (27_.pdf)
35. Exhibit 28 (28_.pdf)
36. Exhibit 29 (29_.pdf)
37. Exhibit 30 (30_.pdf)
38. Exhibit 31 (31_.pdf)
39. Exhibit 32 (32_.pdf)
40. Exhibit 33 (33_.pdf)
41. Exhibit 34 (34_.pdf)
42. Exhibit 35 (35_.pdf)
43. Exhibit 36 (36_.pdf)
44. Exhibit 37 (37_.pdf)
45. Exhibit 38 (38_.pdf)
46. Exhibit 39 (39_.pdf)
47. Exhibit 40 (40_.pdf)
48. Exhibit 41 (41_.pdf)
49. Exhibit 42 (42_.pdf)
50. Exhibit 43a (43a_.pdf)
51. Exhibit 43b (43b_.pdf)
52. Exhibit 44 (44_.pdf)
53. Exhibit 45 (45_.pdf)
54. Exhibit 46 (46_.pdf)
55. Exhibit 47 (47_.pdf)
56. Exhibit 48 (48_.pdf)
57. Exhibit 49 (49_.pdf)
58. Exhibit 50 (50_.pdf)
59. Exhibit 51 (51_.pdf)
60. Exhibit 52 (52_.pdf)
61. Exhibit 53a (53a_.pdf)
62. Exhibit 53b (53b_.pdf)
63. Exhibit 54 (54_.pdf)
64. Exhibit 55 (55_.pdf)
65. Exhibit 56 (56_.pdf)
66. Exhibit 57a (57a_.pdf)
67. Exhibit 57b (57b_.pdf)
68. Exhibit 58a (58a_.pdf)
69. Exhibit 58b (58b_.pdf)
70. Exhibit 59 (59_.pdf)

**Priority Exhibit 0.1 – Page 18 of 28**

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief

Case No:  5:24-CV-05190

71. Exhibit 60 (60_.pdf)
72. Exhibit 61a (61a_.pdf)
73. Exhibit 61b (61b_.pdf)
74. Exhibit 62 (62_.pdf)
75. Exhibit 63 (63_.pdf)
76. Exhibit 64 (64_.pdf)
77. Exhibit 65a (65a_.pdf)
78. Exhibit 65b (65b_.pdf)
79. Exhibit 66 (66_.pdf)
80. Exhibit 67 (67_.pdf)
81. Exhibit 68 (68_.pdf)
82. Exhibit 69a (69a_.pdf)
83. Exhibit 69b (69b_.pdf)
84. Exhibit 70 (70_.pdf)
85. Exhibit 71a (71a_.pdf)
86. Exhibit 71b (71b_.pdf)
87. Exhibit 72 (72_.pdf)
88. Exhibit 73 (73_.pdf)
89. Exhibit 74 (74_.pdf)
90. Exhibit 75 (75_.pdf)
91. Exhibit 76 (76_.pdf)
92. Exhibit 77 (77_.pdf)
93. Exhibit 78 (78_.pdf)
94. Exhibit 79 (79_.pdf)
95. Exhibit 80 (80_.pdf)
96. Exhibit 81 (81_.pdf)
97. Exhibit 82 (82_.pdf)
98. Exhibit 83 (83_.pdf)
99. Exhibit 84 (84_.pdf)
100.     Exhibit 85 (85_.pdf)
101.     Exhibit 86 (86_.pdf)
102.     Exhibit 87 (87_.pdf)
103.     Exhibit 88 (88_.pdf)

**Plaintiff's Reply to Defendant's RFP. No 6 provided on August 26, 2025:** Plaintiff objects to

this request on the grounds that it is premature and may compel Plaintiff to disclose documents

or evidence that may not be used at trial. Plaintiff will produce documents, communications,

records, or any other evidence that Plaintiff intends to offer into evidence at trial, as determined

in accordance with the applicable rules of procedure. Plaintiff reserves the right to supplement this response and exclude documents or evidence as decisions about trial presentation evolve during the course of discovery and trial preparation.

**Any Additional Notes from the Plaintiff about Defendant's RFP No. 6:** Please see my full statement above. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

---

**Defendant's Request for Production No. 7 (RFP No. 7):**

*Produce and Identify every Document, communication, record, or any other evidence that, to Your knowledge, concerns or might concern this dispute, regardless of whether You intend to offer it into evidence at the trial of this case.*

**Plaintiff's Reply provided on August 26, 2025 for Production No. 7:** Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome, as it seeks documents, communications, records, or evidence that may have no relevance to this case or that may not be necessary for trial. Plaintiff will produce documents, communications, records, or evidence that are relevant to the claims or defenses in this case, consistent with the applicable rules of procedure. Plaintiff reserves the right to supplement this response as additional information is identified or becomes available during the course of discovery.

**Without waiving any previous objections**, Plaintiff has kept diligent records, preserved extensive evidence, and delivered verified discovery responses to Defendant on two occasions.

Accordingly, Plaintiff has already provided all relevant information necessary to satisfy

Defendant's original Request for Production No. 7 and has made appropriate legal objections

where necessary.

The following exhibits from Plaintiff's Amended and/or Supplemental Discovery Responses,

previously provided to Defendant, include documents that is relevant to Defendant's original

Request for Production No. 7:

1. Priority Exhibit 0.2 (Plaintiff'sAmended Discovery Responses)
2. Priority Exhibit 0.7 (Plaintiff's Supplemental Discovery Responses Timeline and Email)
3. Exhibit 1a (1a_.pdf)
4. Exhibit 1b (1b_.pdf)
5. Exhibit 2 (2_.pdf)
6. Exhibit 3 (3_.pdf)
7. Exhibit 4 (4_.pdf)
8. Exhibit 5a (5a_.pdf)
9. Exhibit 5b (5b_.pdf)
10. Exhibit 6 (6_.pdf)
11. Exhibit 7 (7_.pdf)
12. Exhibit 8 (8_.pdf)
13. Exhibit 9a (9a_.pdf)
14. Exhibit 9b (9b_.pdf)
15. Exhibit 10a (10a_.pdf)
16. Exhibit 10b (10b_.pdf)
17. Exhibit 11 (11_.pdf)
18. Exhibit 12 (12_.pdf)
19. Exhibit 13 (13_.pdf)
20. Exhibit 14 (14_.pdf)
21. Exhibit 15 (15_.pdf)
22. Exhibit 16 (16_.pdf)
23. Exhibit 17 (17_.pdf)
24. Exhibit 18 (18_.pdf)
25. Exhibit 19a (19a_.pdf)
26. Exhibit 19b (19b_.pdf)
27. Exhibit 20 (20_.pdf)
28. Exhibit 21 (21_.pdf)
29. Exhibit 22 (22_.pdf)
30. Exhibit 23 (23_.pdf)

31. Exhibit 24 (24_.pdf)
32. Exhibit 25 (25_.pdf)
33. Exhibit 26 (26_.pdf)
34. Exhibit 27 (27_.pdf)
35. Exhibit 28 (28_.pdf)
36. Exhibit 29 (29_.pdf)
37. Exhibit 30 (30_.pdf)
38. Exhibit 31 (31_.pdf)
39. Exhibit 32 (32_.pdf)
40. Exhibit 33 (33_.pdf)
41. Exhibit 34 (34_.pdf)
42. Exhibit 35 (35_.pdf)
43. Exhibit 36 (36_.pdf)
44. Exhibit 37 (37_.pdf)
45. Exhibit 38 (38_.pdf)
46. Exhibit 39 (39_.pdf)
47. Exhibit 40 (40_.pdf)
48. Exhibit 41 (41_.pdf)
49. Exhibit 42 (42_.pdf)
50. Exhibit 43a (43a_.pdf)
51. Exhibit 43b (43b_.pdf)
52. Exhibit 44 (44_.pdf)
53. Exhibit 45 (45_.pdf)
54. Exhibit 46 (46_.pdf)
55. Exhibit 47 (47_.pdf)
56. Exhibit 48 (48_.pdf)
57. Exhibit 49 (49_.pdf)
58. Exhibit 50 (50_.pdf)
59. Exhibit 51 (51_.pdf)
60. Exhibit 52 (52_.pdf)
61. Exhibit 53a (53a_.pdf)
62. Exhibit 53b (53b_.pdf)
63. Exhibit 54 (54_.pdf)
64. Exhibit 55 (55_.pdf)
65. Exhibit 56 (56_.pdf)
66. Exhibit 57a (57a_.pdf)
67. Exhibit 57b (57b_.pdf)
68. Exhibit 58a (58a_.pdf)
69. Exhibit 58b (58b_.pdf)
70. Exhibit 59 (59_.pdf)
71. Exhibit 60 (60_.pdf)
72. Exhibit 61a (61a_.pdf)
73. Exhibit 61b (61b_.pdf)
74. Exhibit 62 (62_.pdf)

75. Exhibit 63 (63_.pdf)
76. Exhibit 64 (64_.pdf)
77. Exhibit 65a (65a_.pdf)
78. Exhibit 65b (65b_.pdf)
79. Exhibit 66 (66_.pdf)
80. Exhibit 67 (67_.pdf)
81. Exhibit 68 (68_.pdf)
82. Exhibit 69a (69a_.pdf)
83. Exhibit 69b (69b_.pdf)
84. Exhibit 70 (70_.pdf)
85. Exhibit 71a (71a_.pdf)
86. Exhibit 71b (71b_.pdf)
87. Exhibit 72 (72_.pdf)
88. Exhibit 73 (73_.pdf)
89. Exhibit 74 (74_.pdf)
90. Exhibit 75 (75_.pdf)
91. Exhibit 76 (76_.pdf)
92. Exhibit 77 (77_.pdf)
93. Exhibit 78 (78_.pdf)
94. Exhibit 79 (79_.pdf)
95. Exhibit 80 (80_.pdf)
96. Exhibit 81 (81_.pdf)
97. Exhibit 82 (82_.pdf)
98. Exhibit 83 (83_.pdf)
99. Exhibit 84 (84_.pdf)
100. Exhibit 85 (85_.pdf)
101. Exhibit 86 (86_.pdf)
102. Exhibit 87 (87_.pdf)
103. Exhibit 88 (88_.pdf)

---

**Defendant's Request for Production No. 8 (RFP No. 8):**

*Please produce any audio or video recording of a Walmart employee that is in Your possession.*

**Plaintiff's Reply provided on August 26, 2025 for Request for Production No. 8:** Plaintiff

objects to this request on the grounds that it is overly broad and unduly burdensome to the extent

it seeks all audio or video recordings of Walmart employees without limitation as to time, subject

matter, or relevance. Without waiving said objections, Plaintiff will produce any readily

accessible, non-privileged recordings currently in her possession that are relevant to the claims in

this case. Plaintiff reserves the right to supplement this response as additional relevant

information or recordings are identified during the course of discovery.

**Plaintiff's Notes for Request for Production No. 8:**

Plaintiff has conducted a diligent, good-faith search and has produced all audio recordings and

related media in her possession, custody, or control—totaling eleven (11) exhibits, identified

collectively as Priority Exhibit 0.3 in this filing. These exhibits have already been provided to

Defendant as part of Plaintiff's Supplemental and/or Amended Discovery Responses. To the best

of Plaintiff's knowledge and belief, no additional responsive recordings exist. Pursuant to the

Federal Rules of Civil Procedure, a party is required to produce only those materials within her

possession, custody, or control. Plaintiff's discovery response is therefore complete and fully

compliant with Rule 34.

The following exhibits constitute the eleven (11) audio recordings referenced above, which have

been combined into Priority Exhibit 0.3 – Audio Exhibits:

1. Exhibit 5b
2. Exhibit 6
3. Exhibit 9b
4. Exhibit 10b
5. Exhibit 14
6. Exhibit 19b
7. Exhibit 43b
8. Exhibit 57b

9. Exhibit 58b
10. Exhibit 61b
11. Exhibit 65b

Further, Plaintiff has exceeded the minimum required by serving her discovery responses twice—Amended Discovery Responses (August 26, 2025) and Supplemental Discovery Responses (October 6, 2025)—and by organizing her verified discovery material in multiple formats for easy access, with clearly labeled exhibits, and providing online access through secure links to facilitate Defendant's review.

Accordingly, Plaintiff's discovery efforts reflect a thorough and good-faith attempt to provide all responsive materials within her control. Should any additional responsive media later come into her possession, Plaintiff will promptly supplement her production in accordance with Rule 26(e).

---

**Defendant's Request for Production No. 10 (RFP No. 10):**

*If You are alleging economic damages, please provide Your complete annual federal income tax returns for the years 2020-2024.*

**Plaintiff's Reply provided on August 26, 2025 Request for Production No. 10:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's complete federal income tax returns contain sensitive personal and financial information that are irrelevant to the claims or defenses in this action. Relevant income and compensation information is already in Defendant's possession, including W-2 forms, direct

deposit records, and internal payroll data. Plaintiff reserves the right to supplement this response with additional documentation, if necessary, during the course of discovery.

Note: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.

**Any Additional Notes from the Plaintiff about Request for Production No. 10:**

Relevant income and compensation information is already in Defendant's possession, including W-2 forms, direct deposit records, and internal payroll data and using these sources would be less invasive to the Plaintiff.   FINAL RESOLUTION: Plaintiff maintains the original objections to Request for Production No. 10. As a good-faith compromise, Plaintiff will produce a signed, notarized Sworn Earnings Statement (Declaration) listing the amount of all Gross Income received for 2022-2024 that Plaintiff can locate, including amounts received that would be reported on W-2s and 1099s within 14 days of Defendant confirming acceptance of this resolution to Request for Production No. 10. This production is offered in lieu of the full tax returns and in lieu of the underlying W-2/1099 forms. This will be produced pursuant to the Protective Order believed to be in effect in this case.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

**Defendant's Interrogatory No. 15 (RFP No. 15):**

*Please Identify every medication prescribed for You during the last ten (10) years. Please Identify the prescribed medication, the prescribing physician, the date[s] of any prescription, and the pharmacy that filled the prescription.*

**Plaintiff's Reply provided on August 26, 2025 for Defendant's Interrogatory No. 15:**

None since 01/01/2022.  Note: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.

**Any Additional Notes from the Plaintiff about Interrogatory No. 15:**

Please see Plaintiff's above reply for clarity.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

**The following Statement was included in Plaintiff's Amended Discovery Responses served to Defendant on August 26, 2025:**

**Note**: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.