**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                                                  **PLAINTIFF**

**v.**                                            **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                                          **DEFENDANT**

**SUPPORTING PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO COMPEL DISCOVERY AND FOR RULE 37 RELIEF**

---

# PRIORITY EXHIBIT 0.4 - Plaintiff's Response to Defendant's Letter (Nov. 4, 2025) (0.4_priority_.pdf)

On November 4, 2025, Plaintiff sent a detailed response letter by email, included in **Priority Exhibit 0.4**, correcting the inaccurate statements about her contained in Defendant's October 27, 2025 letter threatening a motion to compel (see **Priority Exhibit 0.5**). In her response, Plaintiff offered reasonable compromise(s), including the option of providing a notarized Sworn Earnings Statement in lieu of full tax returns. Plaintiff's November 4 letter appears on the following pages.

---

**Subject:** Clarification Regarding Defendant's Mischaracterization of Plaintiff's Discovery Responses

**Date**: November 4, 2025

**To**:  Walmart Counsel,

I am writing to correct several mischaracterizations in your recent letter dated October 27, 2025 and titled: "Re: Good Faith Effort to Resolve Discovery Disputes | Kelli Lee v. Walmart Western District Court, Case No. 5:24-cv-05190" about my Amended Discovery Responses served on August 26, 2025 and Supplement Discovery Responses served October 6, 2025.

Specifically, your letter quotes partial sentences out of context from my Amended Discovery Responses and omits the qualifying language that defines the scope of my responses. For example, your letter states that I "confirmed taking medication prior to 2022." This is inaccurate. My verified amended responses clearly states that I have not taken any medication since January 1, 2022, and that I object to producing information prior to that date as irrelevant, overly broad, and not proportional to the needs of this case.

My responses were drafted and verified in good faith, in full compliance with the Federal Rules of Civil Procedure and were not evasive or incomplete. For these reasons, I stand by my objections and responses as served.

I remain willing to cooperate in good faith and have already provided all relevant documents within my possession, custody, or control. However, I object to producing what does not exist, what is not relevant, what I have raised a legally founded objection to, what I have already

1

produced, what exceeds the scope permitted under the federal rules, or things that you already have better access to than I do as I currently don't have access to the Walmart systems to obtain this information.

In the text below I have copied each of your requests from your letter along with my original answer that I gave in my Amended Discovery Responses served on August 26, 2025 along with any additional notes.  This text demonstrates that my prior answers were accurate, complete, and made in good faith under the Federal Rules of Civil Procedure.

Sincerely,

Kelli J. Lee

Pro Se / Plaintiff

<u>**Review of Defendant's Interrogatory No. 6:**</u>

1. **Interrogatory No. 6**: Excepting conversations with Your attorneys, please Identify by name, address, telephone number, and employer every person You or someone on Your behalf has interviewed, conferred or otherwise discussed with regarding the facts alleged in the Complaint and provide the date(s) or approximate date(s) of said discussion(s).

   a. **Plaintiff's Reply provided on August 26, 2025:**  Plaintiff has discussed the subject matter of this lawsuit with representatives of the Defendant, members of her immediate family, support groups focused on employment discrimination, staff from the EEOC and the unemployment agency, and legal counsel. Plaintiff objects to identifying individuals by name at this time, as such disclosure would

be unduly burdensome, intrusive, and not relevant to the claims or defenses in this action. Plaintiff further objects to the extent the request seeks privileged or confidential communications.

b. **Any Additional Notes from the Plaintiff about Interrogatory No. 6:** Plaintiff made a legally valid objection to this in her original response and offered a good faith compromise by offering information that she had that was relevant but information that was not as invasive as the Defendant asked for.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Interrogatory No. 6 with the following:**  Objection: unduly burdensome, intrusive, irrelevant, it seeks privileged or confidential communications.

d. **Did the Defendant accurately quote the Plaintiff's reply to Interrogatory No. 6 without any omissions?**  No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 3

1. **Request for Production No. 3:**  In connection with Your responses to Interrogatory No.6, produce each document which reflects, supports, or tends to support Your response, and the name, address, and job title of the person who has care, custody or control of said documents.

a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff is willing to produce non-privileged documents in her possession, custody, or control that relate to the discriminatory conduct alleged in this case. To the extent this request seeks materials that are not reasonably accessible or would be unduly burdensome to collect, Plaintiff objects. Plaintiff will supplement this response as appropriate if additional relevant information becomes available during the course of discovery.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 3:** Plaintiff has already given the Defendant an extensive amount of non-privileged documents and/or evidence including a timeline of when she was the target of the harassment and discrimination while working for the defendant. This timeline and/or evidence included the names of the people that discriminated against her and harassed her, specific times that they did it and supporting evidence of the discrimination and or harassment included reports that she made about the discrimination and harassment. She delivered this information on more than one occasion to the defendant in her Amended Discovery Responses and Supplemental Discovery Responses that relate to the discriminatory conduct alleged in this case. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 3 with the following:** Objection: unduly burdensome.

4

    d.  **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 3 without any omissions?**  <u>No, the quote is incomplete and misrepresents the Plaintiff's original reply</u>

### Review of Defendant's Request for Production No. 6

1. **Request for Production No. 6:** Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [8]:

   a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request on the grounds that it is premature and may compel Plaintiff to disclose documents or evidence that may not be used at trial. Plaintiff will produce documents, communications, records, or any other evidence that Plaintiff intends to offer into evidence at trial, as determined in accordance with the applicable rules of procedure. Plaintiff reserves the right to supplement this response and exclude documents or evidence as decisions about trial presentation evolve during the course of discovery and trial preparation.

   b. **Any Additional Notes from the Plaintiff about Request for Production No. 6:** Please see my full statement above. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 6 with the following:** Objection: premature and "may compel Plaintiff to disclose documents or evidence that may not be used at trial."

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 6 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 7

1. **Request for Production No. 7:** Request for Production No. 7: Produce and identify every Document, communication, record, or any other evidence that, to Your knowledge, concerns or might concern this dispute, regardless of whether You intend to offer it into evidence at the trial of this case.

   a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome, as it seeks documents, communications, records, or evidence that may have no relevance to this case or that may not be necessary for trial. Plaintiff will produce documents, communications, records, or evidence that are relevant to the claims or defenses in this case, consistent with the applicable rules of procedure. Plaintiff reserves the right to supplement this response as additional information is identified or becomes available during the course of discovery.

6

b. **Any Additional Notes from the Plaintiff about Request for Production No. 7:**

Without waiving said objections, Plaintiff has already produced documents, communications, records, or evidence that are relevant to the claims or defenses in this case, consistent with the applicable rules of procedure as part of her Amended Discovery Responses that she served to the Defendant on August 26, 2025 and also as part of her Supplemental Discovery Responses served to the Defendant on October 6, 2025. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 7 with the following:** Objection: overly broad, unduly burdensome, it seeks documents that may have no relevance to this case or that may not be necessary for trial.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 7 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's  Request for Production No. 8

1. **Request for Production No. 8:** Request for Production No. 8: Please produce any audio or video recording of a Walmart employee that is in Your possession.

7

a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks all audio or video recordings of Walmart employees without limitation as to time, subject matter, or relevance. Without waiving said objections, Plaintiff will produce any readily accessible, non-privileged recordings currently in her possession that are relevant to the claims in this case. Plaintiff reserves the right to supplement this response as additional relevant information or recordings are identified during the course of discovery.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 8:** Without waiving said objections, Plaintiff has already produced any recordings currently in her possession that are relevant to the claims in this case as part of her Amended Discovery Responses that she served to the Defendant on August 26, 2025 or as part of her Supplemental Discovery Responses served to the Defendant on October 6, 2025 and there are no additional recordings to produce. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 8 with the following:** Objection: overly broad, unduly burdensome.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 8 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

8

## Review of Defendant's Interrogatory No. 9

1. **Interrogatory No. 9:** Other than what You have already provided in response to the previous requests, please state whether You or Your attorneys know of the existence of any Documents, writings, computer-generated or computer-stored data, or items of real evidence that have any relevant to any fact at issue in this case. If so, please identify each item and provide: (a) A complete description of the item; (b) The name and address of the present custodian of each item; and (c) An explanation of how and why each such item is relevant to any such fact.

    a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense nor proportional to the needs of the case. Plaintiff further objects to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving these objections,  Plaintiff will identify and produce non-privileged documents or evidence that are relevant and responsive, as required by the applicable discovery rules. Plaintiff reserves the right to supplement this response as discovery progresses.

    b. **Any Additional Notes from the Plaintiff about Interrogatory No. 9:** Plaintiff maintains the original objection(s). Plaintiff has already identified and produced non-privileged documents or evidence that are relevant and responsive in her Amended Discovery Responses served on August 26, 2025 and/or Supplemental Discovery Responses served on October 6, 2025, as required by the applicable

9

discovery rules. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Interrogatory No. 9 with the following:** Objection: unduly burdensome, intrusive, irrelevant, it seeks privileged or confidential communications.

d. **Did the Defendant accurately quote the Plaintiff's reply to Interrogatory No. 9 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

<u>**Review of Defendant's Request for Production No. 9**</u>

1. **Request for Production No. 9:** Request for Production No. 9: Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.

   a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff responds that the damages sought in this case include restitution of what she would have received had the discrimination, harassment, retaliation, and unlawful termination not occurred, including but not limited to: back pay, stock, and other benefits; removal of false disciplinary actions; reinstatement and promotion; reimbursement of legal and related expenses; and assurances of future non-retaliation. Plaintiff has already produced, or the Defendant already has in its possession, documents relevant to this Interrogatory, including pay records and

10

W-2 forms from Plaintiff's prior employment with Walmart. Plaintiff further objects to producing any additional documents that are not in her possession or that are equally accessible to the Defendant. Plaintiff will supplement this production if additional responsive, non-privileged materials become available.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 9:** Please see Plaintiff's above response.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 9 with the following:**  Objection: equally accessible to the Defendant; will supplement.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 9 without any omissions?**  No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 10

1. **Request for Production No. 10:**  Request for Production No. 10: If You are alleging economic damages, please provide Your complete annual federal income tax returns for the years 2020-2024.

11

a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's complete federal income tax returns contain sensitive personal and financial information that are irrelevant to the claims or defenses in this action. Relevant income and compensation information is already in Defendant's possession, including W-2 forms, direct deposit records, and internal payroll data. Plaintiff reserves the right to supplement this response with additional documentation, if necessary, during the course of discovery.

Note: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 10:** Relevant income and compensation information is already in Defendant's possession, including W-2 forms, direct deposit records, and internal payroll data and using these sources would be less invasive to the Plaintiff.   FINAL RESOLUTION: Plaintiff maintains the original objections to Request for Production No. 10. As a good-faith compromise, Plaintiff will produce a signed, notarized Sworn Earnings Statement (Declaration) listing the amount of all Gross Income received for 2022-2024 that Plaintiff can locate, including amounts

12

received that would be reported on W-2s and 1099s within 14 days of Defendant confirming acceptance of this resolution to Request for Production No. 10. This production is offered in lieu of the full tax returns and in lieu of the underlying W-2/1099 forms. This will be produced pursuant to the Protective Order believed to be in effect in this case.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 10 with the following:** Objection: overly broad, unduly burdensome, not proportional to the needs of the case, sensitive personal and financial information, irrelevant; will supplement.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 10 without any omissions?**   No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 11

1. **Request for Production No. 11:** Please provide a copy of a paystub issued to You by the Defendant.

a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request on the grounds that it is duplicative and not proportional to the needs of the case. Plaintiff was paid by direct deposit, and no paper paystubs were ever provided. Pay information was made available exclusively through Walmart's internal

13

electronic system, to which Plaintiff no longer has access. Defendant, as the issuer of these electronic paystubs, is in the best position to retrieve them. Plaintiff reserves the right to supplement this response if any responsive documents are located in the future.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 11:** Please see Plaintiff's above response.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 11 with the following:**  Objection: duplicate and not proportional to the needs of the case; will supplement.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 11 without any omissions?**  No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's  Interrogatory No. 15

1. **Request for Interrogatory No. 15:** Please Identify every medication prescribed for You during the last ten (10) years.   Please identify the prescribed medication, the prescribing physician, the date[s] of any prescription, and the pharmacy that filled the prescription.

   a. **Plaintiff's Reply provided on August 26, 2025:** None since 01/01/2022.  Note: Plaintiff objects to any interrogatories or document requests that seek information

14

<u>beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.</u>

b. **Any Additional Notes from the Plaintiff about Interrogatory No. 15:** Please see Plaintiff's above reply for clarity. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Interrogatory No. 15 with the following:** Objection: None. Plaintiff confirmed that she took medication prior to 2022 but has not provided any information as requested in the referenced interrogatory.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 15 without any omissions?** <u>No, the quote misrepresents the Plaintiff's original reply</u>

15

 Gmail

Kelli J. Lee <kelli.j.lee@gmail.com>

---

## Re: 5:24-5190 Kelli Lee v. Wal-Mart Stores Arkansas, LLC | Good Faith Letter

1 message

---

**Kelli J. Lee** <kelli.j.lee@gmail.com>                                           Tue, Nov 4, 2025 at 3:02 PM
To: Natalia Lutz <nlutz@rmp.law>, Timothy Chad Hutchinson <thutchinson@rmp.law>, Mallory Shamoon <mshamoon@rmp.law>
Bcc: "Kelli J. Lee" <kelli.j.lee@gmail.com>

---

**Subject:** Clarification Regarding Defendant's Mischaracterization of Plaintiff's Discovery Responses

**Date**: November 4, 2025

**To**:  Walmart Counsel,

I am writing to correct several mischaracterizations in your recent letter dated October 27, 2025 and titled: "Re: Good Faith Effort to Resolve Discovery Disputes | Kelli Lee v. Walmart Western District Court, Case No. 5:24-cv-05190" about my Amended Discovery Responses served on August 26, 2025 and Supplement Discovery Responses served October 6, 2025.

Specifically, your letter quotes partial sentences out of context from my Amended Discovery Responses and omits the qualifying language that defines the scope of my responses. For example, your letter states that I "confirmed taking medication prior to 2022." This is inaccurate. My verified amended responses clearly states that I have not taken any medication since January 1, 2022, and that I object to producing information prior to that date as irrelevant, overly broad, and not proportional to the needs of this case.

My responses were drafted and verified in good faith, in full compliance with the Federal Rules of Civil Procedure and were not evasive or incomplete. For these reasons, I stand by my objections and responses as served.

I remain willing to cooperate in good faith and have already provided all relevant documents within my possession, custody, or control. However, I object to producing what does not exist, what is not relevant, what I have raised a legally founded objection to, what I have already produced, what exceeds the scope

permitted under the federal rules, or things that you already have better access to than I do as I currently don't have access to the Walmart systems to obtain this information.

In the text below I have copied each of your requests from your letter along with my original answer that I gave in my Amended Discovery Responses served on August 26, 2025 along with any additional notes. This text demonstrates that my prior answers were accurate, complete, and made in good faith under the Federal Rules of Civil Procedure.

Sincerely,

Kelli J. Lee

Pro Se / Plaintiff

<u>**Review of Defendant's Interrogatory No. 6:**</u>

1. **Interrogatory No. 6**: Excepting conversations with Your attorneys, please Identify by name, address, telephone number, and employer every person You or someone on Your behalf has interviewed, conferred or otherwise discussed with regarding the facts alleged in the Complaint and provide the date(s) or approximate date(s) of said discussion(s).

   a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff has discussed the subject matter of this lawsuit with representatives of the Defendant, members of her immediate family, support groups focused on employment discrimination, staff from the EEOC and the unemployment agency, and legal counsel. Plaintiff objects to identifying individuals by name at this time, as such disclosure would be unduly burdensome, intrusive, and not relevant to the claims or defenses in this action. Plaintiff further objects to the extent the request seeks privileged or confidential communications.

b. **Any Additional Notes from the Plaintiff about Interrogatory No. 6:** Plaintiff made a legally valid objection to this in her original response and offered a good faith compromise by offering information that she had that was relevant but information that was not as invasive as the Defendant asked for.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Interrogatory No. 6 with the following:**

   Objection: unduly burdensome, intrusive, irrelevant, it seeks privileged or confidential communications.

d. **Did the Defendant accurately quote the Plaintiff's reply to Interrogatory No. 6 without any omissions?**   No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 3

1. **Request for Production No. 3:**  In connection with Your responses to Interrogatory No.6, produce each document which reflects, supports, or tends to support Your response, and the name, address, and job title of the person who has care, custody or control of said documents.

   a. **Plaintiff's Reply provided on August 26, 2025:**  Plaintiff is willing to produce non-privileged documents in her possession, custody, or control that relate to the discriminatory conduct alleged in this case. To the extent this request seeks materials that are not reasonably accessible or would be unduly burdensome to collect, Plaintiff objects. Plaintiff will supplement this response as appropriate if additional relevant information becomes available during the course of discovery.

   b. **Any Additional Notes from the Plaintiff about Request for Production No. 3:**  Plaintiff has already given the Defendant an extensive amount of non-privileged documents and/or evidence including a timeline of when she was the target of the harassment and discrimination while

working for the defendant.  This timeline and/or evidence included the names of the people that discriminated against her and harassed her, specific times that they did it and supporting evidence of the discrimination and or harassment included reports that she made about the discrimination and harassment. She delivered this information on more than one occasion to the defendant in her Amended Discovery Responses and Supplemental Discovery Responses that relate to the discriminatory conduct alleged in this case. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 3 with the following**: Objection: unduly burdensome.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 3 without any omissions?**   No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 6

1. **Request for Production No. 6:**  Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [8]:

   a. **Plaintiff's Reply provided on August 26, 2025:**  Plaintiff objects to this request on the grounds that it is premature and may compel Plaintiff to disclose documents or evidence that may not be used at trial. Plaintiff will produce documents, communications, records, or any other evidence that Plaintiff intends to offer into evidence at trial, as determined in accordance with the applicable rules of procedure. Plaintiff reserves the right to supplement this response and exclude documents or evidence as decisions about trial presentation evolve during the course of discovery and trial preparation.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 6:**  Please see my full statement above.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 6 with the following:**  Objection: premature and "may compel Plaintiff to disclose documents or evidence that may not be used at trial."

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 6 without any omissions?**   No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 7

1. **Request for Production No. 7:**  Request for Production No. 7: Produce and identify every Document, communication, record, or any other evidence that, to Your knowledge, concerns or might concern this dispute, regardless of whether You intend to offer it into evidence at the trial of this case.

a. **Plaintiff's Reply provided on August 26, 2025:**  Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome, as it seeks documents, communications, records, or evidence that may have no relevance to this case or that may not be necessary for trial. Plaintiff will produce documents, communications, records, or evidence that are relevant to the claims or defenses in this case, consistent with the applicable rules of procedure. Plaintiff reserves the right to supplement this response as additional information is identified or becomes available during the course of discovery.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 7:** Without waiving said objections, Plaintiff has already produced documents, communications, records, or

evidence that are relevant to the claims or defenses in this case, consistent with the applicable rules of procedure as part of her Amended Discovery Responses that she served to the Defendant on August 26, 2025 and also as part of her Supplemental Discovery Responses served to the Defendant on October 6, 2025. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 7 with the following:** Objection: overly broad, unduly burdensome, it seeks documents that may have no relevance to this case or that may not be necessary for trial.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 7 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's  Request for Production No. 8

1. **Request for Production No. 8:** Request for Production No. 8: Please produce any audio or video recording of a Walmart employee that is in Your possession.

    a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks all audio or video recordings of Walmart employees without limitation as to time, subject matter, or relevance. Without waiving said objections, Plaintiff will produce any readily accessible, non-privileged recordings currently in her possession that are relevant to the claims in this case. Plaintiff reserves the right to supplement this response as additional relevant information or recordings are identified during the course of discovery.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 8:** Without waiving said objections, Plaintiff has already produced any recordings currently in her possession that are relevant to the claims in this case as part of her Amended Discovery Responses that she served to the Defendant on August 26, 2025 or as part of her Supplemental Discovery Responses served to the Defendant on October 6, 2025 and there are no additional recordings to produce. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 8 with the following:** Objection: overly broad, unduly burdensome.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 8 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Interrogatory No. 9

1. **Interrogatory No. 9:** Other than what You have already provided in response to the previous requests, please state whether You or Your attorneys know of the existence of any Documents, writings, computer-generated or computer-stored data, or items of real evidence that have any relevant to any fact at issue in this case. If so, please identify each item and provide: (a) A complete description of the item; (b) The name and address of the present custodian of each item; and (c) An explanation of how and why each such item is relevant to any such fact.

   a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense nor proportional to the needs of the case. Plaintiff further objects to the

extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving these objections, Plaintiff will identify and produce non-privileged documents or evidence that are relevant and responsive, as required by the applicable discovery rules. Plaintiff reserves the right to supplement this response as discovery progresses.

b. **Any Additional Notes from the Plaintiff about Interrogatory No. 9:** Plaintiff maintains the original objection(s). Plaintiff has already identified and produced non-privileged documents or evidence that are relevant and responsive in her Amended Discovery Responses served on August 26, 2025 and/or Supplemental Discovery Responses served on October 6, 2025, as required by the applicable discovery rules. Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Interrogatory No. 9 with the following:** Objection: unduly burdensome, intrusive, irrelevant, it seeks privileged or confidential communications.

d. **Did the Defendant accurately quote the Plaintiff's reply to Interrogatory No. 9 without any omissions?** No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 9

1. **Request for Production No. 9:** Request for Production No. 9: Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.

   a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff responds that the damages sought in this case include restitution of what she would have received had the discrimination, harassment,

retaliation, and unlawful termination not occurred, including but not limited to: back pay, stock, and other benefits; removal of false disciplinary actions; reinstatement and promotion; reimbursement of legal and related expenses; and assurances of future non-retaliation. Plaintiff has already produced, or the Defendant already has in its possession, documents relevant to this Interrogatory, including pay records and W-2 forms from Plaintiff's prior employment with Walmart. Plaintiff further objects to producing any additional documents that are not in her possession or that are equally accessible to the Defendant. Plaintiff will supplement this production if additional responsive, non-privileged materials become available.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 9:**  Please see Plaintiff's above response.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 9 with the following:**  Objection: equally accessible to the Defendant; will supplement.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 9 without any omissions?**  No, the quote is incomplete and misrepresents the Plaintiff's original reply

### Review of Defendant's Request for Production No. 10

1. **Request for Production No. 10:**  Request for Production No. 10: If You are alleging economic damages, please provide Your complete annual federal income tax returns for the years 2020-2024.

   a. **Plaintiff's Reply provided on August 26, 2025:**  Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's complete federal income tax returns contain sensitive personal and financial information that are irrelevant

to the claims or defenses in this action. Relevant income and compensation information is already in Defendant's possession, including W-2 forms, direct deposit records, and internal payroll data. Plaintiff reserves the right to supplement this response with additional documentation, if necessary, during the course of discovery.

Note: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022. Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 10:** Relevant income and compensation information is already in Defendant's possession, including W-2 forms, direct deposit records, and internal payroll data and using these sources would be less invasive to the Plaintiff.   FINAL RESOLUTION: Plaintiff maintains the original objections to Request for Production No. 10. As a good-faith compromise, Plaintiff will produce a signed, notarized Sworn Earnings Statement (Declaration) listing the amount of all Gross Income received for 2022-2024 that Plaintiff can locate, including amounts received that would be reported on W-2s and 1099s within 14 days of Defendant confirming acceptance of this resolution to Request for Production No. 10. This production is offered in lieu of the full tax returns and in lieu of the underlying W-2/1099 forms. This will be produced pursuant to the Protective Order believed to be in effect in this case.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 10 with the following:** Objection: overly broad, unduly burdensome, not proportional to the needs of the

case, sensitive personal and financial information, irrelevant; will supplement.

**d. Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 10 without any omissions?**  No, the quote is incomplete and misrepresents the Plaintiff's original reply

## Review of Defendant's Request for Production No. 11

1. **Request for Production No. 11:** Please provide a copy of a paystub issued to You by the Defendant.

a. **Plaintiff's Reply provided on August 26, 2025:** Plaintiff objects to this request on the grounds that it is duplicative and not proportional to the needs of the case. Plaintiff was paid by direct deposit, and no paper paystubs were ever provided. Pay information was made available exclusively through Walmart's internal electronic system, to which Plaintiff no longer has access. Defendant, as the issuer of these electronic paystubs, is in the best position to retrieve them. Plaintiff reserves the right to supplement this response if any responsive documents are located in the future.

b. **Any Additional Notes from the Plaintiff about Request for Production No. 11:** Please see Plaintiff's above response.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

c. **Defendant has alleged that the Plaintiff replied to Request for Production No. 11 with the following:**  Objection: duplicate and not proportional to the needs of the case; will supplement.

d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 11 without any omissions?**  No, the quote is incomplete and misrepresents the Plaintiff's original reply

**Review of Defendant's  Interrogatory No. 15**

1. **Request for Interrogatory No. 15:**  Please Identify every medication prescribed for You during the last ten (10) years.   Please identify the prescribed medication, the prescribing physician, the date[s] of any prescription, and the pharmacy that filled the prescription.

   a. **Plaintiff's Reply provided on August 26, 2025:**  None since 01/01/2022.  Note: Plaintiff objects to any interrogatories or document requests that seek information beyond a reasonable timeframe as overly broad, unduly burdensome, and not proportional to the needs of this case. Unless otherwise stated, Plaintiff's responses are limited to the period beginning January 1, 2022.  Plaintiff's employment with Defendant began in May 2022, and requests for information preceding this timeframe are not reasonably calculated to lead to the discovery of admissible evidence and are irrelevant to the claims and defenses in this matter.

   b. **Any Additional Notes from the Plaintiff about Interrogatory No. 15:**  Please see Plaintiff's above reply for clarity.  Plaintiff therefore maintains that her original response is complete and compliant with the Federal Rules of Civil Procedure.

   c. **Defendant has alleged that the Plaintiff replied to Interrogatory No. 15 with the following:**

   Objection: None. Plaintiff confirmed that she took medication prior to 2022 but has not provided any information as requested in the referenced interrogatory.

   d. **Did the Defendant accurately quote the Plaintiff's reply to Request for Production No. 15 without any omissions?**   No, the quote misrepresents the Plaintiff's original reply

**Attachment:**  Clarification_Regarding_Defendant_Mischaracterizations_of_
Plaintiff_Discovery_Responses_11_4_25.pdf

**Case Number:** 5:24-CV-05190

**Case Name:** Lee v. Wal-Mart Stores Arkansas, LLC

---

**Clarification_Regarding_Defendant_Mischaracterizations_of_Plaintiff_Discovery_Responses_11_4_25.pdf**
246K