**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                                    **PLAINTIFF**

**v.**                                          **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                                    **DEFENDANT**

**SUPPORTING PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO COMPEL DISCOVERY AND FOR RULE 37 RELIEF**

---

# PRIORITY EXHIBIT 0.5 - Defendant's Letter Threatening Motion to Compel (Oct. 27, 2025) (0.5_priority_.pdf)

This exhibit includes Defendant's letter, sent via a paralegal's email and by mail, threatening a motion to compel and citing alleged misquotes and mischaracterizations of Plaintiff's discovery responses. The letter, along with the associated email transmitting it, appears on the following pages. This page serves as a cover sheet describing Defendant's letter and the materials included on the following pages.

---

**TIM HUTCHINSON**
thutchinson@rmp.law

**JOHNSON OFFICE**
5519 Hackett Street, Ste. 300
Springdale, AR 72762

P.O. Box 1788
Fayetteville, AR 72702

Tel 479.443.2705
Fax 479.443.2718

**RMP** LLP
ATTORNEYS AT LAW
LICENSED IN AR, AL, MO, OK, TN, TX
——— *Established 2005* ———
www.rmp.law

**BENTONVILLE OFFICE**
809 SW A Street, Ste. 105
Bentonville, AR 72712

Tel 479.553.9800
Fax 479.443.2718

**LITTLE ROCK OFFICE**
17901 Chenal Parkway, Ste. 200
Little Rock, AR 72223

Tel 501.954.9000
Fax 501.954.9005

October 27, 2025

**Via Email and U.S. Mail**
Kelli Lee, Pro Se Plaintiff
905 W. Rock St.,
Morrilton, AR 72110
kelli.j.lee@gmail.com

Re:    Good Faith Effort to Resolve Discovery Disputes | Kelli Lee v. Walmart
       Western District Court, Case No. 5:24-cv-05190

Ms. Lee:

Pursuant to Arkansas Rule of Civil Procedure 37, this letter serves as our good faith attempt to resolve outstanding discovery disputes before seeking court intervention. Specifically, I write concerning your responses and objections to the First Set of Interrogatories and Requests for Production of Documents, dated April 25, 2025.

Upon review of your amended responses, dated August 26, 2025, and supplemental responses, dated October 6, 2025, I note that several requests were not answered based on objections claiming they are "unduly burdensome," "irrelevant," and/or "intrusive." To facilitate resolution and avoid unnecessary court involvement, I request clarification and a substantive response to the following items:

- **Interrogatory No. 6:** Excepting conversations with Your attorneys, please Identify by name, address, telephone number, and employer every person You or someone on Your behalf has interviewed, conferred or otherwise discussed with regarding the facts alleged in the Complaint and provide the date(s) or approximate date(s) of said discussion(s).

  - **Objection:** unduly burdensome, intrusive, irrelevant, it seeks privileged or confidential communications.

  - **Request:** The request is neither unduly burdensome nor intrusive, as it seeks only the identification of individuals with whom Plaintiff discussed the facts alleged in the Complaint—information that is directly relevant to the claims and defenses in this case. The request does not seek privileged communications with counsel, which are expressly excluded. This information is essential to the Defense's preparation for trial, including witness identification, impeachment, and the evaluation of Plaintiff's version

of events. Plaintiff should have access to records identifying the individuals she spoke with at the EEOC, her employer, coworkers, and within her immediate family. Accordingly, Defendant requests that Plaintiff withdraw her objections and provide a complete and verified response to Interrogatory No. 6.

- **Request for Production No. 3:** In connection with Your responses to Interrogatory No.6, produce each document which reflects, support, or tends to support Your response, and the name, address, and job title of the person who has care, custody or control of said documents.

  - **Objection:** unduly burdensome.

  - **Request:** For the reasons stated previously, Defendant requests that Plaintiff withdraw her objection and provide a complete and proper response.

- **Request for Production No. 6:** Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [8]:

  - **Objection:** premature and "may compel Plaintiff to disclose documents or evidence that may not be used at trial."

  - **Request:** The production of such documents is a routine and necessary part of discovery and falls squarely within the scope of the Federal Rules of Civil Procedure, which allows discovery of any nonprivileged matter relevant to any party's claim or defense. Accordingly, Defendant requests that Plaintiff withdraw her objection and produce all documents, communications, records, and other evidence identified in Interrogatory No. 8, or confirm that no such documents exist.

- **Request for Production No. 7:** Produce and identify every Document, communication, record, or any other evidence that, to Your knowledge, concerns or might concern this dispute, regardless of whether You intend to offer it into evidence at the trial of this case.

  - **Objection:** overly broad, unduly burdensome, it seeks documents that may have no relevance to this case or that may not be necessary for trial.

  - **Request:** The production of such documents is a routine and necessary part of discovery and falls squarely within the scope of the Federal Rules of Civil Procedure, which allows discovery of any nonprivileged matter relevant to any party's claim or defense. Accordingly, Defendant requests that Plaintiff withdraw her objection and produce a complete and proper response, or confirm that no such documents exist.

- **Request for Production No. 8:** Please produce any audio or video recording of a Walmart employee that is in Your possession.

  - **Objection:** overly broad, unduly burdensome.

- **Request:** Please withdraw your objections and produce any and all recordings from May 23, 2022, to the present regarding your employment with Walmart, regardless of whether you believe they are relevant to the claims in this case. The Defense has the right to review all evidence and determine if it is relevant to their defense or can be used for impeachment purposes. This request includes providing full recordings, not just selected portions that you feel support your claims.

- **Interrogatory No. 9:** Other than what You have already provided in response to the previous requests, please state whether You or Your attorneys know of the existence of any Documents, writings, computer-generated or computer-stored data, or items of real evidence that have any relevant to any fact at issue in this case. If so, please identify each item and provide: (a) A complete description of the item; (b) The name and address of the present custodian of each item; and (c) An explanation of how and why each such item is relevant to any such fact.

  - **Objection:** unduly burdensome, intrusive, irrelevant, it seeks privileged or confidential communications.

  - **Request:** The request is not unduly burdensome, as it seeks only the identification of items related to the facts alleged in the Complaint—information that is directly relevant to the claims and defenses in this case. The request does not seek privileged communications with counsel. This information is essential to the Defense's preparation for trial. Accordingly, Defendant requests that Plaintiff withdraw her objections and provide a supplemental, complete, and proper response to Interrogatory No. 9.

- **Request for Production No. 9:** Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory [12].

  - **Objection:** equally accessible to the Defendant; will supplement.

  - **Request:** The Complaint seeks compensatory damages. Plaintiff should be able to provide documentation supporting the amount she claims to be entitled to if she prevails in court. Please withdraw your objections and produce all responsive documents.

- **Request for Production No. 10:** If You are alleging economic damages, please provide Your complete annual federal income tax returns for the years 2020-2024.

  - **Objection:** overly broad, unduly burdensome, not proportional to the needs of the case, sensitive personal and financial information, irrelevant; will supplement.

  - **Request:** The request is neither overly broad nor unduly burdensome, as it is limited to a five-year period (2020–2024) and directly relates to Plaintiff's claim for economic damages. Plaintiff has placed her income and earnings at issue by seeking compensatory damages; therefore, her federal income tax returns are relevant and proportional to the needs of the case under the Federal Rules of Civil Procedure. The

production of tax returns and related financial records is standard in cases involving alleged lost wages or economic damages, and any legitimate concerns regarding sensitive information can be addressed through an appropriate confidentiality agreement or protective order. Accordingly, Defendant requests that Plaintiff withdraw her objections and produce all responsive documents without further delay.

- **Request for Production No. 11:** Please provide copy of a paystub issued to you by the Defendant.

  - **Objection:** duplicate and not proportional to the needs of the case; will supplement.

  - **Request:** The request is neither duplicative nor disproportionate to the needs of the case. A copy of a paystub issued by Defendant is directly relevant to Plaintiff's claims and Defendant's defenses, particularly with respect to wages, hours, and alleged damages. Plaintiff should withdraw her objections and produce a copy of a paystub without further delay.

- **Interrogatory No. 15:** Please Identify every medication prescribed for You during the last ten (10) years. Please Identify the prescribed medication, the prescribing physician, the date(s) of any prescription, and the pharmacy that filled the prescription.

  - **Objection:** None. Plaintiff confirmed that she took medication prior to 2022 but has not provided any information as requested in the referenced interrogatory.

  - **Request:** Please provide all the requested information without further delay.

As you know, Federal Rules of Civil Procedure 26(b) requires that discovery objections be supported by specific facts, not conclusory statements. We are prepared to discuss reasonable limitations (such as time frames, custodians, or data sets) to narrow the scope of these requests if you provide us a valid basis for an objection.

Please let us know by within 10 business days from the date of this letter whether you will supplement the responses or provide additional information supporting your objections. If we are unable to resolve these issues, we intend to file a motion to compel with the Court, along with this letter demonstrating our good faith effort to confer.

Thank you for your attention to this matter. We look forward to your response.

Sincerely,

*/s/ Tim Hutchinson*
Tim Hutchinson

 Gmail

Kelli J. Lee <kelli.j.lee@gmail.com>

## 5:24-5190 Kelli Lee v. Wal-Mart Stores Arkansas, LLC | Good Faith Letter

1 message

**Natalia Lutz** <nlutz@rmp.law>                                                    Mon, Oct 27, 2025 at 3:20 PM
To: "Kelli J. Lee" <kelli.j.lee@gmail.com>
Cc: Tim Hutchinson <thutchinson@rmp.law>

Ms. Lee,

Please find attached correspondence from Mr. Hutchinson regarding the above-referenced matter. A hard copy will follow in the mail.

Thank you,

Natalia Lutz  *Paralegal*



5519 Hackett Street Ste 300 | Springdale Arkansas 72762
Firm 479.443.2705 | Fax 479.443.2718
Direct 479.439.9528
nlutz@rmp.law | www.rmp.law

CONFIDENTIALITY NOTICE: This message is a PRIVATE communication. This message and all attachments are private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message and then delete it from your system. Thank you.

 **25.1027 WM Kelli - Good Faith letter.pdf**
312K