**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                 **PLAINTIFF**

**v.**                              **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                          **DEFENDANT**

**SUPPORTING PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR RULE 37 RELIEF**

---

# PRIORITY EXHIBIT 0.6 - Defendant's First Set of Interrogatories and Requests for Production of Documents (0.6_priority_.pdf)

Defendant's First Set of Interrogatories and Requests for Production of Documents is attached and appears on the following pages.

---

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                      **PLAINTIFF**

**v.**                          **Case No. 5:24-cv-05190-TLB**

**WAL-MART STORES ARKANSAS, LLC**                                  **DEFENDANT**

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Defendant Wal-Mart Stores Arkansas, LLC ("**Defendant**"), through its attorneys, RMP

LLP, submits the following First Set of Interrogatories and Requests for Production of Documents

to Plaintiff, Kelli Lee ("**Plaintiff**") to be answered in accordance with the Federal Rules of Civil

Procedure.

**DEFINITIONS**

The Defendant is providing the following definitions to avoid the need to include long

descriptions within each separate request for production of documents and/or interrogatory.

Because the Defendant's definitions "define" what is being requested, it is not proper to object to

a definition. You may object to the request (as that request is defined by the Defendant), but not to

the Defendant's defined terms. The following definitions shall apply to these Interrogatories and

Requests:

1.      "You" and "Your" shall refer to the Plaintiff, Kelli Lee.

2.      "Defendant" shall refer to the Defendant, Wal-Mart Stores Arkansas, LLC or its

parent company.

3.      "Parties" or "Party" shall refer to all parties or any party named in this case.

4.      "Complaint" shall mean the complaint you filed on September 12, 2024 or any

subsequent complaint filed thereafter.

5.      "Document" or "Documents" shall mean the original and all non-identical copies of any writing or record of any type or description known, including, but not limited to, letters, statements, settlement statements, contracts, administrative and/or judicial claims, complaints, charges, pleadings and filings, phone message slips, telephone logs, medical charts and files, prescriptions, agreements, memoranda, messages, notes, worksheets, reports, forms, checkbooks, cancelled checks, inter-office and intra-office communications, calendars, drafts, transmittal authorizations and confirmations, bank statements, financial statements, work orders, invoices, lists, notebooks, computer printouts, electronically and magnetically recorded or stored data (including computer and work processor disks or tapes), notices, and all other written, printed, typed, photographs or graphically recorded matter of any kind or nature, however produced, reproduced, or preserved.

6.      "Communication" is used in its customarily broad sense and includes, without limitation, oral and written communications, including all conversations, discussions, meetings, telephone conferences, text messages, letters, e-mails and other correspondence, memoranda, and all other oral, written or electronic forms of exchange.

7.      "Identify," when used in reference to a person, means to state his or her name, their address, telephone number(s), and employer.

8.      "Identify," when used in reference to a business or entity other than a natural person, means its name and the address and telephone number of its principal place of business.

9.      "Identify," when used in reference to a communication, means to state the time and date of communication, the persons to whom were privy to or parties of the communication, the person(s) who overheard the communication, and the nature and substance of the communication.

10.    The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these Requests all information that otherwise might be construed to be outside their scope.

All other words contained herein shall be interpreted broadly in light of how those words are customarily taken and understood in plain and ordinary use.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1**: For Plaintiff, please state the following:

(a)    Complete name;

(b)    Social Security number; and

(c)    Date of birth.

**INTERROGATORY NO. 2**:  Identify by name, address, telephone number, and employer all persons known or believed by You, Your attorneys, or other representatives, to possess knowledge or information concerning the facts alleged in the Complaint and indicate the particular facts of which each person is or may be knowledgeable.

**INTERROGATORY NO. 3**:  Identify by name, address, telephone number, and employer all persons known or believed by You, Your attorneys, or other representatives, to possess or maintain custody of any Document, communication or other demonstrative evidence relating to the facts in this case.

**INTERROGATORY NO. 4**:  Identify any and all fact witnesses whom You may call at the trial of this matter and with regard to each, please state the subject matter, the substance of the facts, and any opinions which the person is expected to testify.

**INTERROGATORY NO. 5**:  Identify by name, address, telephone number, and employer, any and all expert witnesses whom You may call at the trial in this matter, including any expert witness You intend to use for rebuttal only. For each, please state:

(a)      the facts and opinions to which the expert is expected to testify;

(b)      a summary of the grounds for each opinion;

(c)      the identity of all documents that have been provided to each expert or have been reviewed in connection with the expert's expected testimony in this case;

(d)      the identity of all reports, schedules, photographs, charts, diagrams, work papers, and all other Documents that each expert witness has prepared or that have been prepared for each expert witness in connection with this proceeding; and

(e)      the identity of all communications each expert has had with any Party in this case.

**REQUEST FOR PRODUCTION NO. 1**:  Please produce each and every Document, communication, record, or any other evidence identified or responsive to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 2**:  For each expert listed in Your response to Interrogatory No. 5, please attached a copy of the expert's most recent curriculum vitae and state:

(a)      the date of any prior consultation as an expert;

(b)      the purpose of the consultation;

(c)      the expert's opinion expressed in said consultation; and

(d)      provide the style of the case and case number for all cases in which any expert has given deposition or courtroom testimony.

**INTERROGATORY NO. 6**:  Excepting conversations with Your attorneys, please Identify by name, address, telephone number, and employer every person You or someone on Your

behalf has interviewed, conferred or otherwise discussed with regarding the facts alleged in the Complaint and provide the date(s) or approximate date(s) of said discussion(s).

**REQUEST FOR PRODUCTION NO. 3**:   In connection with Your responses to Interrogatory No. 6, produce each Document which reflects, supports, or tends to support Your response, and the name, address and job title of the person who has care, custody or control of said documents.

**INTERROGATORY NO. 7**:  Excepting Your attorneys, please Identify by name, address and telephone number any person or entity who has taken a written or recorded statement from You about the matters described in the Complaint.

**REQUEST FOR PRODUCTION NO. 4**:   In connection with Your response to Interrogatory No. 7, produce each Document which reflects, supports, or tends to support Your response, and the name and address of the person who has care, custody or control of said documents.

**INTERROGATORY NO. 8**:  Identify by date or approximate date each statement against interest, written or oral, communicated by a Walmart employee which You have knowledge of and the name of the maker of said statement.

**REQUEST FOR PRODUCTION NO. 5**:  Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.

**REQUEST FOR PRODUCTION NO. 6**: Produce and Identify every Document, communication, record, or any other evidence which You intend to offer into evidence at the trial of this case.

**REQUEST FOR PRODUCTION NO. 7**:   Produce and Identify every Document, communication, record, or any other evidence that, to Your knowledge, concerns or might concern this dispute, regardless of whether You intend to offer it into evidence at the trial of this case.

**REQUEST FOR PRODUCTION NO. 8**:  Please produce any audio or video recording of a Walmart employee that is in Your possession.

**INTERROGATORY NO. 9**:  Other than what You have already provided in response to the previous requests, please state whether You or Your attorneys know of the existence of any Documents, writings, computer-generated or computer-stored data, or items of real evidence that have any relevance to any fact at issue in this case. If so, please Identify each such item and provide:

(a)     A complete description of the item;

(b)     The name and address of the present custodian of each such item; and

(c)     An explanation of how and why each such item is relevant to any such fact.

**INTERROGATORY NO. 10**:  Please state whether You have ever been named in or a party to a lawsuit, complaint, claim or other cause of action in a court of law, dispute resolution program or administrative proceeding and, if so, provide the venue, caption and case number (or other identifying information), along with the outcome for each.

**INTERROGATORY NO. 11**: Please provide a listing of Your work history for the last ten (10) years. In so doing, please Identify the full name of Your employer, the employer's address and phone number, the dates You were employed by each employer, the position[s] held with each employer, Your work schedule for each position held with each employer, and the reason that each employment ended.

**INTERROGATORY NO. 12**:  Please Identify with specificity the damages You are seeking in this lawsuit.

**REQUEST FOR PRODUCTION NO. 9**: Produce every Document, communication, record, or any other evidence referenced or identified in the immediately preceding Interrogatory.

**REQUEST FOR PRODUCTION NO. 10**: If You are alleging economic damages, please provide Your complete annual federal income tax returns for the years 2020-2024.

**REQUEST FOR PRODUCTION NO. 11**: Please provide a copy of a paystub issued to You by the Defendant.

**INTERROGATORY NO. 13**: Please Identify each and every employer whom You have made contact with since January 1, 2023 regarding the possibility of future employment. For each such employer, please Identify the full name of the employer, the position[s] You inquired about, the date[s] of any such inquiry, the dates of any communications with any employer regarding the potential of future employment, the name of any person You communicated with regarding the potential of future employment, and describe the outcome of any discussions regarding future employment.

**INTERROGATORY NO. 14**: Please state whether You received treatment for any mental or emotional health including but not limited to counseling, therapy, or medical treatment in the past ten (10) years. If so, for each such provider of said services, please provide full name, physical and mailing address, date of service, and phone number.

**INTERROGATORY NO. 15:**   Please Identify every medication prescribed for You during the last ten (10) years. Please Identify the prescribed medication, the prescribing physician, the date[s] of any prescription, and the pharmacy that filled the prescription.

Respectfully Submitted,

WAL-MART STORES ARKANSAS, LLC


By:      _/s/ *Tim Hutchinson*_____
         Tim Hutchinson (AR2000030)
         RMP LLP
         P.O. Box 1788
         Fayetteville, AR 72702
         P: (479) 443-2705
         F: (479) 443-1788
         thutchinson@rmp.law

         *Attorney for Defendant*


## CERTIFICATE OF SERVICE

I, Timothy Hutchinson, hereby certify that on this 25th day of April 2025, I have served a true and correct copy of the foregoing on the following individual, via Email.

Chris Burks
Stewart Whaley
1 Riverfront Place, Ste. 745
North Little Rock, AR 72114
chris@wh.law
stewart@wh.law


                                    */s/ Tim Hutchinson*_____