**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

KELLI LEE                                                                                    PLAINTIFF


v.                              Case No.  5:24-CV-05190


WAL-MART STORES ARKANSAS, LLC                                      DEFENDANT



**PLAINTIFF'S NOTICE TO CLARIFY THE RECORD REGARDING DISPUTED DOCUMENT COMPILATIONS**

Plaintiff, proceeding pro se, respectfully submits this Notice to clarify the record regarding

certain documents relied upon by Defendant during depositions and inaccurately attributed by

Defendant to Plaintiff, which Plaintiff disputes as not reflecting her original work.  Plaintiff

states that these documents contain edits, reordering, omissions, and alterations that were not

authored, approved, authorized, or verified by Plaintiff. In support of this Notice, Plaintiff

submits **Exhibits A–D** and the attached **Declaration of Plaintiff**. This Notice addresses

documentary attribution and verification issues only and does not address deposition testimony.

Plaintiff does not seek relief, sanctions, or a ruling from the Court through this Notice; it is filed

solely to ensure that the record accurately reflects Plaintiff's position and to avoid confusion as

the case proceeds.

**1. Disputed Documents and Verification Status**

During depositions, Defendant relied on documents it attributed to Plaintiff and represented that

those documents were received through Plaintiff's former counsel prior to the conclusion of that

representation. Plaintiff disputes that those documents reflect her original, verified discovery

1

responses.

Upon review, Plaintiff determined that the disputed documents materially differ from the discovery responses and materials she personally provided to her former counsel during the period of representation, as reflected in **Exhibit A.  Exhibit D** shows discrepancies detected in the disputed documents when compared with Plaintiff's original documents and verified discovery responses.  Plaintiff did not authorize, approve, or verify any transmission of these disputed documents and cannot verify whether former counsel transmitted them, the form in which they may have been transmitted, or whether any edits, reordering, omissions, or alterations occurred prior to Defendant's receipt if they were transmitted.

Plaintiff does not know who made the changes reflected in the disputed documents and does not adopt them as her sworn statements, admissions, or original work. These disputed materials are not verified or endorsed by Plaintiff in any way.

Plaintiff's former counsel filed a motion to withdraw on July 8, 2025, and their representation ended thereafter. Plaintiff did not terminate her former counsel and did not oppose their motion to withdraw during the Court hearing. Following the conclusion of that representation, Plaintiff timely served her Amended Discovery Responses and Supplemental Discovery Responses on Defendant and provided notice to the Court regarding those documents. These amended and supplemental responses are the only discovery responses that Plaintiff personally verifies, approves, and adopts in this matter.

**2. Verified Amended and Supplemental Discovery Responses**

Plaintiff personally prepared and served her Amended Discovery Responses **Exhibit B** on August 26, 2025, and Supplemental Discovery Responses **Exhibit C** on October 6, 2025, after

assuming control of her case as a pro se litigant. Plaintiff notified the Court of both submissions. These amended and supplemental responses are the only documents Plaintiff personally verifies and adopts as her sworn statements in this matter.

Defendant is in possession of Plaintiff's Verified Amended and Supplemental Discovery Responses, which were timely served and available for use in discovery and deposition proceedings.

**3. Representative Discrepancies, Edits, and Alterations in Defendant's Compilation**

The following sections identify representative discrepancies, edits, and alterations in documents presented by Defendant at deposition(s) (identified as "**Exhibit 3**" and/or other exhibits, hereafter referred to in this Notice as *Defendant's Compilation*) that were inaccurately attributed to Plaintiff. These documents differ materially from Plaintiff's original work and verified discovery responses and are not adopted by Plaintiff.

Plaintiff does not adopt the Bates numbering or exhibit numbering that may be applied by Defendant and refers to disputed materials by PDF page number within Defendant's Compilation.

**Altered Primary Timeline**

Plaintiff's original work and verified discovery productions were organized around a central, chronological timeline providing a structured overview of events, commentary, numbering, and direct references and links to supporting evidence. This timeline was at the forefront, both

3

organizing and allowing quick access to evidence, and served as the primary framework through which Plaintiff chronologically told her story. Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) removed the timeline from the forefront. Instead, selected pages were combined into a single, consolidated 600+ page PDF, making relationships between evidence difficult to discern. Without the organizing timeline, related patterns can be overlooked, and accessing evidence is far more difficult. Defendant's Compilation also altered formatting, clipped or removed information, omitted or added material, reassembled selected materials, and changed sequencing. These alterations are materially different from Plaintiff's original work, disrupt its structure, organization, and completeness, and are not adopted by Plaintiff.

## Spliced or Composited Content

Several pages in Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) combine content from unrelated pages. Plaintiff's original productions maintained proper page placement and preserved contextual separation. The combined pages create misleading connections between unrelated information, do not reflect Plaintiff's structure or presentation, and are materially different from Plaintiff's original work.

## Cropped or Cut-Off Emails

Several images of emails in Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**"

4

and inaccurately attributed to Plaintiff by Defendant) appear cropped or partially displayed. In Plaintiff's original work and verified discovery responses, the corresponding email images were displayed in the same form as captured by Plaintiff, without cropping or truncation to the captured email text. The cropped emails in Defendant's Compilation omit text, prevent review of that captured content, compromise readability and integrity, and are materially different from Plaintiff's original work.

**Cropped or Cut-Off Teams Messages (Non-Email)**

Several images of Teams Messages and other non-email documents in Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) appear cropped or partially displayed. In Plaintiff's original work and verified discovery responses, the corresponding images of messages were displayed in the same form as captured by Plaintiff, without cropping or truncation to the captured text or content. The cropped messages in Defendant's Compilation omit content, prevent review of that captured material, compromise readability and integrity, and are materially different from Plaintiff's original work.

**Altered Walmart Open Door Complaints**

Several images of complaints submitted to Walmart Open Door in Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) appear cropped, rotated, or otherwise altered. In Plaintiff's original work and verified discovery responses, the corresponding complaint images were displayed in the same form as captured by

Plaintiff, without cropping, rotation, or truncation to the captured content. The altered complaints in Defendant's Compilation obscure content, prevent review of the captured material, impede readability, and misrepresent Plaintiff's original submissions.

---

**Removal of Work Ticket Information**

Several images of work tickets in Defendant's Compilation (identified at deposition(s) as "Exhibit 3" and inaccurately attributed to Plaintiff by Defendant) omit times and/or related details. In Plaintiff's original work and verified discovery responses, the corresponding work ticket images were displayed in the same form as captured by Plaintiff, without omission or truncation of the captured information. The altered images in Defendant's Compilation remove critical details, prevent review of the captured content, and distort the presentation of Plaintiff's work.

---

**Partial Pages / Clipped Content**

Several documents in Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) appear only partially displayed. In Plaintiff's original work and verified discovery responses, the corresponding documents were displayed in the same form as captured by Plaintiff, without truncation or omission of captured content, and preserved the original sequencing and formatting. The partial pages in Defendant's Compilation omit material information, prevent review of the captured content, and alter the continuity of the documents.

**Altered Zoom Meeting Invitation Information and Messages**

Images showing Zoom meeting invitations and related messages in Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) appear cropped, rotated, or otherwise altered. In Plaintiff's original work and verified discovery responses, the corresponding Zoom images were displayed in the same form as captured by Plaintiff, without cropping, truncation, or distortion, and were legible and accessible. The altered versions in Defendant's Compilation obscure content, prevent review of the captured information, and misrepresent the information recorded by Plaintiff.

**Removal of Access to Audio Files and Summaries**

Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) removed links and/or references to audio files and related summaries that were included in Plaintiff's timeline. In Plaintiff's original work and verified discovery responses, these audio files and supporting materials were accessible for listening and review in chronological order. The removal of these links and references prevents access to the audio files as originally presented by Plaintiff.

**Added Bates Stamps and Exhibit Identifiers**

Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed

7

to Plaintiff by Defendant) added Bates stamps and exhibit numbers not present in Plaintiff's originals. Plaintiff did not authorize these markings. The additions alter the appearance of the documents and may create the inaccurate impression that the Defendant's Compilation reflects Plaintiff's original work.

---

### Cropped or Cut-Off Images of Plaintiff Working with Teammates

Images showing Plaintiff working with teammates in Defendant's Compilation (identified at deposition(s) as "Exhibit 3" and inaccurately attributed to Plaintiff by Defendant) appear cropped or truncated. In Plaintiff's original work and verified discovery responses, the corresponding images were displayed in the same form as captured by Plaintiff, without cropping or truncation to the captured image content, and reflected collaborative work as recorded by Plaintiff. The cropped images in Defendant's Compilation cut off portions of that captured content, obscure aspects of the teamwork shown, and are materially different from Plaintiff's original work.

---

### Global Reordering and Reformatting of Non-Timeline Documents

Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) reorders and reformats Plaintiff's non-timeline documents, altering the original organization, sequencing, and contextual grouping. Plaintiff's originals preserved logical structure and chronology. The reordering misrepresents the organization and presentation of the Plaintiff's evidence.

## Added Blank Pages / Pagination Alteration

The Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) includes multiple blank pages throughout the compilation that contain only Bates stamps or exhibit numbers. These pages were not present in Plaintiff's original work. Their inclusion increases the total page count to 666; without these blank pages, the total would have been lower than 666.

## Page Rotation / Orientation Alteration

Nearly all pages in the PDF file of the Defendant's Compilation (identified at deposition(s) as "**Exhibit 3**" and inaccurately attributed to Plaintiff by Defendant) are rotated sideways, whereas Plaintiff's originals were upright and formatted for standard readability. The rotation impedes readability and may lead to misinterpretation or overlooked information.

## Disclaimer / Reservation of Rights

**The discrepancies identified are** illustrative only and do not catalog every discrepancy. Plaintiff reserves the right to identify additional discrepancies, edits, or alterations should further review or information reveal them.

### 4. Exhibits

Plaintiff submits the following exhibits in support of this Notice:

- **Exhibit A:** Plaintiff's original work as prepared by Plaintiff and provided to former counsel during the period of representation. These documents reflect materials prepared by Plaintiff during that period and are offered for comparison purposes only. The substance of these responses is substantially consistent with Plaintiff's later verified amended and supplemental discovery responses, which Plaintiff personally prepared, verified, and served after proceeding pro se, with minor updates based on subsequently identified information.

- **Exhibit B:** Plaintiff's Verified Amended Discovery Responses (served on August 26, 2025).

- **Exhibit C:** Representative portion of Plaintiff's Verified Supplemental Discovery Responses (served on October 06, 2025; also verified and adopted by Plaintiff).

- **Exhibit D:** Representative side-by-side comparisons of selected pages from **Exhibit 3** presented by Defendant at prior depositions, which Defendant represents were received through Plaintiff's former counsel, alongside (1) the versions prepared by Plaintiff and provided to her former counsel and (2) the corresponding pages in Plaintiff's Verified Amended and/or Supplemental Discovery Responses. These comparisons highlight differences between the documents Defendant relies upon and the versions prepared and verified by Plaintiff, demonstrate that the materials Plaintiff provided to her former counsel were substantially similar in form to her verified amended and supplemental discovery responses, and clarify that the versions presented by Defendant as **Exhibit 3** were inaccurately attributed to Plaintiff.

### 5. Purpose of Notice

Plaintiff files this Notice in good faith to clarify the record and ensure it accurately reflects her

verified statements.  Plaintiff remains committed to participating in the discovery process and complying with the Court's directives; this filing is intended solely to prevent confusion, ensure the integrity of the evidence, and protect the record from mischaracterization.

In support of this Notice, Plaintiff has attached her Declaration as a separate document to the filing.

Respectfully submitted,

/s/ Kelli Lee

Plaintiff, Pro Se

905 W. Rock St.

Morrilton AR, 72110

kelli.j.lee@gmail.com

(501)354-5270

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 5, 2026

Morrilton AR, 72110

/s/ Kelli Lee

Kelli Lee

---

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon, attorneys for Defendant, via email on January 5, 2026.

Dated: January 5, 2026

Respectfully submitted,

/s/ Kelli Lee, Pro Se Plaintiff

905 W. Rock St., Morrilton, AR, 72110

(501)354-5270

kelli.j.lee@gmail.com