**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                                  **PLAINTIFF**


**v.**                              **Case No.  5:24-CV-05190**


**WAL-MART STORES ARKANSAS, LLC**                          **DEFENDANT**


**PLAINTIFF'S RESPONSE IN OPPOSITION TO WALMART INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS A SANCTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 37**


Plaintiff, proceeding pro se, submits this response to Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint as a sanction under Federal Rule of Civil Procedure 37. Contrary to Defendant's assertions, Plaintiff has participated in discovery in good faith, provided verified responses, reviewed disputed documents, and answered deposition questions to the best of her ability. Defendant's inaccurate characterization of Plaintiff's conduct misrepresents the record and disregards Plaintiff's diligent efforts to comply with her discovery obligations. Dismissal under Rule 37 is an extreme sanction, reserved for willful and repeated noncompliance, which is not present here. Plaintiff respectfully requests that the Court deny Defendant's motion. 2) what do you mean by: tailor the language to preempt sanctions or adverse inference arguments

**Plaintiff Answered Questions to the Extent Reasonably Possible**

Defendant claims that Plaintiff "refused to answer basic, non-privileged questions" during her depositions (Walmart Motion, pp. 1). This assertion misstates the record:

- On Page 34, Lines 4–12, Plaintiff was asked to verify a document Defendant labeled as her Complaint, derived from Exhibit 1, a compilation from the same binder containing the altered and unverified documents of Exhibit 3 that Defendant brought to the deposition. Plaintiff testified that she could not independently verify Exhibit 1 as her own.

- On Page 39, Lines 8–10, when asked about the content of this document (Exhibit 1), Plaintiff answered truthfully: *"I looked through it and I don't remember. It's the events as far as the facts and that happened over two years ago, so I don't remember it exactly."* This response reflects a reasonable inability to recall historical events that occurred years earlier when reviewing a document she could not verify and does not constitute a refusal to answer.

### Plaintiff Acted in Good Faith and Participated Fully in Discovery

Plaintiff has actively participated in all aspects of discovery, including:

1. Reviewing documents and drafting filings and discovery responses

    a. Prior to the first deposition, Plaintiff personally prepared and served Verified Amended Discovery Responses on August 26, 2025, and filed notice with the Court confirming service the same day.

    b. On October 6, 2025, Plaintiff voluntarily served Verified Supplemental Discovery Responses, including over 100 organized exhibits, and filed notice with the Court confirming service.

2. Attending depositions and court proceedings

    a. Plaintiff attended two depositions, both in person.

b.  Plaintiff attended court hearings, both remote and in person.

3.  Travel burdens for court appearances and depositions

   a.  Plaintiff traveled approximately 560 miles for court appearances, the court-requested settlement conference, and depositions.

   b.  For the second deposition alone, Plaintiff traveled approximately 140 miles one way to attend a deposition demanded by Defendant, while Defendant's counsel was located near the courthouse.

   c.  This burden resulted from Defendant's refusal to permit remote depositions and its insistence on conducting Plaintiff's depositions in person.

4.  Preparing errata entries, notices of clarification, and written explanations

   a.  Plaintiff prepared materials addressing document discrepancies created by Defendant's use of unverified documents to question Plaintiff at depositions.

5.  Communicating with the Court

   a.  Plaintiff communicated with the Court via telephone, email, and U.S. mail regarding procedural instructions and clarifications.

6.  Preparing and submitting case materials

   a.  Plaintiff prepared and submitted electronic and physical backup copies of case materials, including USB submissions and mailed filings, as part of the Court's record.

**<u>Defendant's Alleged Prejudice Is Mischaracterized</u>**

Defendant claims that Plaintiff's deposition conduct has prejudiced its ability to defend against the claims. However:

- Any inconvenience resulted primarily from Defendant relying on altered or unverified documents.

- Plaintiff's answers were consistent with her verified discovery responses and the information she could reasonably recall.

- Plaintiff's inability to remember details from events that occurred over two years ago is natural and reasonable; it does not constitute bad faith or obstruction.

- Defendant conducted two in-person depositions of Plaintiff, despite depositions ordinarily being limited to one day of seven hours per witness, and was provided full access to Plaintiff's verified documents. Any alleged prejudice to Defendant is therefore minimal and self-inflicted.

**Representative Deposition Testimony Contradicting Defendant's "No Answers" Claim**

Defendant inaccurately asserted to the Court during the December 17, 2025 deposition that Plaintiff had provided "no answers" during approximately 12–13 hours of deposition testimony (see transcript at page 39, line 20). However, the ten selected excerpts below from the first and second depositions demonstrate that Plaintiff did, in fact, provide substantive responses. Each response is cited directly to the deposition transcript and includes basic background questions, substantive factual inquiries, and document-related questions.

| | |
|---|---|
| 1. **Question:** And where do you currently reside?<br>**Answer:** Morrilton, Arkansas. | 6. **Question:** Are you the one who drafted the language that we've read from the top of the page on Deposition Exhibit 3.369?<br>**Answer:** Since I'm not sure of the source |

| | |
|---|---|
| **Deposition:** First Deposition<br>**Transcript:** Page 3, Lines 15–16 | of this information, I would ask you to look at the extensive information I submitted in my discovery responses that are directly from me concerning performance reviews.<br>**Deposition:** First Deposition<br>**Transcript:** Page 34, Lines 18–25 |
| 2.  **Question:** What race was he or nationality?<br> **Answer:** To the best of my knowledge, Prakhar was from India.<br>**Deposition:** First Deposition<br>**Transcript:** Page 72, Lines 5–7 | 7.  **Question:** Are you recording this?<br> **Answer:** Yes.<br> **Deposition:** Second Deposition<br> **Transcript:** Page 6, Lines 7–8 |
| 3.  **Question:** Which University in Arkansas did you attend?<br> **Answer:** I attended the University of Arkansas. I also took some classes before attending the University of Arkansas, but I would have to refer back to my records for accuracy.<br>**Deposition:** First Deposition<br>**Transcript:** Page 6, Lines 18–22 | 8.  **Question:** Do you recognize Exhibit 3? Can you identify Exhibit 3?<br> **Answer:**<br> *"Looking at Exhibit 3, this is not what I submitted and I would refer you to either my amended or supplemental discovery responses."*<br> **Deposition:** Second Deposition<br> **Transcript:** Page 11, Lines 1–4 |

| | |
|---|---|
| 4. **Question:** What year did you receive the Master's Degree from the University of Arkansas in the field of Computer Engineering?<br>**Answer:** I believe it was 2008.<br>**Deposition:** First Deposition<br>**Transcript:** Page 8, Lines 1–3 | 9. **Question:** Did you prepare this Exhibit 3 for submission to the EEOC?<br>**Answer:**<br>"To the best of my recollection, this is not what I submitted. If you would like to know what I did submit, please look at my verified amended and supplemental discovery responses." **Deposition:** Second Deposition<br>**Transcript:** Page 11, Lines 17–21 |
| 5. **Question:** Do you understand those are Bates Stamps for the production you provided?<br>**Answer:** I don't know about this. Could you tell me where you got the document, please?<br>**Deposition:** First Deposition<br>**Transcript:** Page 31, Lines 2–3 | 10. **Question:** Would you agree that at the bottom of every page of Exhibit 3 there's a Bates stamp?<br>**Answer:**<br>"There's a number or a code on this page, but I can't — I don't know about what's on every page. It's a lot of pages here. I don't know."<br>**Deposition:** Second Deposition<br>**Transcript:** Page 13, Lines 21–24 |

These transcript-cited responses refute Defendant's assertion that Plaintiff provided "no answers" and confirm that Defendant's Rule 37 motion is based on mischaracterizations rather than any actual discovery noncompliance.

**Stress and Medical Documentation Following Deposition**

As the first deposition progressed, Plaintiff experienced significant stress due to its length, tone, and repetitiveness. Plaintiff became overwhelmed, began crying, and stepped outside to regain composure—conduct that Defendant later characterized as noncooperation. Following the deposition, Plaintiff sought medical care, and her physician documented that the litigation, and in particular the nature of the deposition demanded by Defendant, were contributing to health issues for Plaintiff.

### Plaintiff's November 18, 2025 Discovery Filing Demonstrating Substantial Production

Plaintiff responded to Defendant's Motion to Compel by filing more than 100 previously produced exhibits with the Court on November 18, 2025. This filing refutes Defendant's inaccurate claims that these documents were withheld. Additionally, Plaintiff maintained objections to requests for irrelevant or sensitive materials, such as unredacted tax returns and medical records. This substantial production demonstrates Plaintiff's active participation in discovery and directly contradicts Defendant's mischaracterizations.

### Plaintiff's Service of Verified Discovery Responses and Defendant's Refusal to Rely on Them at Depositions

Defendant has been served with Plaintiff's verified amended and/or supplemental discovery responses on at least four occasions, including via email on December 31, 2025. Despite this, Defendant has continued to rely on unverified, disputed documents during depositions, which Defendant inaccurately attributes to Plaintiff. Plaintiff disputes that these documents reflect her original work, as they contain edits, reordering, omissions, and alterations that were not authored, approved, authorized, or verified by her.

### Notice to Clarify the Record Regarding Disputed Documents (January 5, 2026)

On January 5, 2026, Plaintiff filed a Notice to Clarify the Record Regarding Disputed Document Compilations, identifying specific alterations, omissions, and edits in Defendant's presented Deposition Exhibit 3 and explaining why it does not constitute Plaintiff's original work product.

### **Exhibits Summary:**

- **Exhibit 1** – Deposition Transcript Excerpts Demonstrating Defendant's Mischaracterization of Plaintiff's Testimony to the Court

- **Exhibit 2** – Deposition Transcript Excerpts Reflecting Defense Counsel's Argumentative Questioning

- **Exhibit 3** – Deposition Transcript Excerpts Reflecting Defense Counsel's Compound Questions

- **Exhibit 4** – Deposition Transcript Excerpts Showing Repetitive Questioning Directed at Plaintiff Despite Plaintiff's Medical Accommodation and Objections

- **Exhibit 5** – Defendant's Use of an Uncertified Transcript from the December 17, 2025 Deposition in Its Motion

- **Exhibit 6** – September 12, 2025 and December 17, 2025 Deposition Transcripts and Errata Sheets

- **Exhibit 7** – Defendant's Denial of Reasonable Support During Depositions and the Resulting Burden on Plaintiff

- **Exhibit 8** – Defense Counsel's Mischaracterization of Deposition Duration as Reflected in the Deposition Transcripts

- **Exhibit 9** – Defendant's Litigation Conduct Resulting in Prolonged Proceedings and Burden on the Court and Plaintiff

**Exhibit 10** – Plaintiff's Correction of Defendant's Mischaracterization of Plaintiff's January 5, 2026 Notice and Declaration

- **Exhibit 11** – Notice of Service of Plaintiff's Verified Amended Discovery Responses
- **Exhibit 12** – Notice of Service of Plaintiff's Verified Supplemental Discovery Responses

## Plaintiff's Request for Sanctions and Other Appropriate Relief

Plaintiff does not treat a sanctions request lightly and has thus far been lenient in asking for Defendant to be sanctioned despite its prior conduct. However, Defendant has escalated this discovery dispute by moving for dismissal with prejudice under Rule 37 based on assertions that are contradicted by the deposition transcript and the discovery record.

As shown in this filing, Defendant repeatedly characterizes Plaintiff's deposition testimony as a "refusal to answer," when the transcript reflects that Plaintiff provided substantive responses, explained the limits of her personal knowledge, and directed counsel to verified discovery responses already in Defendant's possession. Disagreement with Plaintiff's answers does not constitute noncompliance, and reframing such testimony as obstruction misuses Rule 37's sanction mechanism.

Defendant's conduct has caused concrete harm. Plaintiff, proceeding pro se, has been forced to expend significant time and effort responding to a motion premised on mischaracterizations rather than genuine discovery violations. This has imposed unnecessary burden, delay, and expense, and has diverted attention from the merits of Plaintiff's claims.

Plaintiff further notes that Defendant's motion continues a pattern of framing Plaintiff's conduct as obstructive or evasive rather than engaging with the substance of her claims. Given the history

of this case — which arises from unlawful harassment and discrimination — Plaintiff respectfully submits that such character-focused litigation tactics are inappropriate and serve to distract from adjudication on the merits.

Accordingly, Plaintiff respectfully requests that the Court consider appropriate corrective and compensatory relief, including:

1. **Denial of Defendant's Motion to Dismiss under Rule 37** and confirmation that this action should proceed on the merits;

2. **An order requiring Defendant to pay reasonable monetary sanctions**, in an amount the Court deems just, to compensate Plaintiff for the unnecessary burden and expense caused by Defendant's unreasonable conduct in filing this motion;

3. **An order directing Defendant to focus discovery and motion practice on the substantive claims and defenses**, rather than on personal attacks or mischaracterizations of Plaintiff's testimony; and

4. **Such other relief as the Court deems appropriate** to deter further misuse of discovery motions and to ensure that discovery proceeds in good faith.

Plaintiff submits this request to address the harm caused, to prevent further escalation of unfounded discovery disputes, and to promote fair and efficient resolution of this action on its merits.

Respectfully submitted,

/s/ Kelli Lee
Plaintiff, Pro Se
905 W. Rock St., Morrilton AR, 72110
kelli.j.lee@gmail.com
(501) 354-5270

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon,

attorneys for Defendant, via email on January 16, 2026.

Dated: January 16, 2026

Respectfully submitted,
/s/ Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR, 72110
(501) 354-5270
kelli.j.lee@gmail.com