## EXHIBIT 2 – Deposition Transcript Excerpts Reflecting Defense Counsel's Argumentative Questioning

---

The transcript citations below are taken from the September 12, 2025 and December 17, 2025 depositions conducted by Defendant. A copy of the transcripts and the errata sheets are included in **EXHIBIT 6** of this filing (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss).

*Each excerpt demonstrates argumentative tactics, improper narration, or repeated challenges to Plaintiff's reasonable responses, rather than eliciting new testimony.*

---

**Defense Counsel engages in unnecessary narration of response times to intimidate the witness.**

**Question**: For the record, We've sat here for minutes on these two questions. Just silence. I'1I restate the question yet again for the third time. Ms. Lee, do you have any independent recollection, and by that I mean not referencing notes -- do you have any independent recollection of the events surrounding your employment at Walmart? Page 77, lines 18-23, September 12, 2025 Transcript

Exhibit 2:  Page 1 of 11

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

Case No:  5:24-CV-05190

**Answer**: Since the events occurred over two years ago and under the stress of a deposition, having notes and being able to make sure that my answers are accurate and that I'm not guessing, it helps me to refer to notes to make sure that I'm giving clear, accurate and honest answers. Page 77, lines 24-25; Page 78, lines 1-3, September 12, 2025 Transcript

---

**Counsel engages in argumentative narration by "counting the clock" to portray the witness's careful review of a document as an intentional delay.**

**Question**: Ma'am, it's been over a minute and a half. Do you need me to restate the question? Page 12, lines 21–22, December 17, 2025 Transcript

**Answer**: I'm taking the time that I need to ensure accurate testimony for this question. Page 12, lines 23–24

---

**Defense Counsel mischaracterizes the nature of the witness's notes and uses hyperbolic language to suggest the witness is incapable of answering.**

**Question**: ...Could you not recall those new notes from your memory ... Why is it two weeks later now you can't answer a single question without reviewing the notes that you prepared two weeks ago? Page 75, lines 23-25, September 12, 2025 Transcript

**Answer:**   That seems like it may be a misstatement because what I sent you as the Amended Discovery Responses, those were things that were put together during the time that this occurred, like in 2023... Page 76, lines 1-3, September 12, 2025 Transcript

---

**Defense Counsel attempts to force the witness to verify a document they do not recognize by using a hypothetical, argumentative "what if" framing.**

**Question**: ...what if I told you that is the Amended? That document is the same as the Amended. Now, will you answer questions about it? The link on your Amended goes to that page. Page 69, lines 19-21, September 12, 2025 Transcript

**Answer**: I'm assuming from what you said earlier that. this was provided --I don't think that this is my Amended. It doesn't look like the Amended... Page 69, lines 22-24, September 12, 2025 Transcript

---

**Defense Counsel engages in unnecessary narration of response times to intimidate the witness before asking a basic demographic question.**

<u>Question</u>: For the record the question, is about -- there's about a 40-second delay between the question about the gender and national origin and the witness's response. The next question is about Darshan. What is Darshan's gender? Page 72, lines 12-15, September 12, 2025 Transcript

<u>Answer</u>: To the best of my knowledge, he was a male. Page 72, line 15, September 12, 2025 Transcript

---

**Defense Counsel continues to badger the Plaintiff by documenting short pauses in the record to imply evasiveness where none exists.**

<u>Question</u>: For the record, there's a 16-second, delay. And Darshan's nationality? Page 72, lines 17-18, September 12, 2025 Transcript

<u>Answer</u>: I believe Darshan was from India. Page 72, line 19, September 12, 2025 Transcript

---

**Defense Counsel employs a leading and hostile questioning style while narrating seconds of silence to pressure the Plaintiff.**

Exhibit 2:  Page 4 of 11

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

Case No:  5:24-CV-05190

**Question**: There was a 20 second delay. None of these three individuals, Prakhar, Charan, Darshan are African American females are they? Page 72, line 20-22, September 12, 2025 Transcript

**Answer**: To the best of my recollection, no.   Page 72, line 23, September 12, 2025 Transcript

---

**Defense Counsel manufactures a false claim of "refusal to answer" and utilizes a loaded question to disparage the witness's procedural concerns.**

**Question**: ...now you're refusing to answer any questions about this document, simply because it has a Bates Stamp on it, or it came to us in a different production? Page 70, Lines 11-13, September 12, 2025 Transcript

**Answer**: It sounds to me that you have made some misstatements here, and you are attributing them to me, but I want to state clearly for the record... Page 70, Lines 14-16, September 12, 2025 Transcript

---

**Defense Counsel engages in improper narration of the record and aggressive badgering regarding the witness's use of produced discovery materials.**

Exhibit 2:  Page 5 of 11

Supporting Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

Case No:  5:24-CV-05190

**Question**: Let the record reflect at least a 30-second gap between the end of my question and the beginning of her response. What notes are you talking about? Page 65, lines 2-4, September 12, 2025 Transcript

**Answer**: The information that I submitted through, like I emailed you, the Amended.... Page 65, lines 5-6, September 12, 2025 Transcript

---

**Counsel utilizes a "badgering" tone by characterizing the witness's refusal to verify an unfamiliar document as a "refusal to answer a simple question."**

**Question**: So, are you refusing to answer the simple question, did you prepare this and submit it to the EEOC? It has nothing to do with the amended and supplemental. Is this what was submitted to the EEOC? Page 11, lines 22–25

**Answer**: Objection.  Sir, I've already answered this question. Please refer to my previous answer. This question has already been asked and answered.  Page 12, lines 1–3

> **\*\*Note:* *This is argumentative because it ignores the witness's prior testimony that the document "is not what I submitted."*

---

**Counsel attempts to restrict the witness's testimony by demanding they only provide information the attorney deems relevant, rather than allowing the witness to explain why they do not recognize the exhibit.**

**Question**: Ms. Lee, the question is, do you recognize Exhibit 3? Can you identify it? I don't need you to tell me what it's not. Do you recognize Exhibit 3? Page 9, lines 5–7

**Answer**: This question has already been asked and answered... part of that is this question has an improper foundation... this is not what I submitted... Page 9, lines 8–13

---

**Defense Counsel's Argumentative Questioning:** Defense counsel framed preliminary questions as implicit threats of court intervention and/or sanctions rather than neutral background inquiries.

**Defense Citation:** Page 6, lines 23–25 and Page 7, lines 1-2; December 17, 2025 Transcript: *"...you understand that questions or your refusal to answer certain questions would necessitate me obtaining guidance from Judge Comstock..."*

**Transcript Evidence (Questioning):**

 Defense counsel asserted that Plaintiff's responses or refusals to answer would "necessitate" contacting the Magistrate Judge, embedding an accusatory premise into the questioning.

**Plaintiff's Responses:**

Plaintiff identified the false premise in the question and objected appropriately, then confirmed her understanding of being under oath.

**Plaintiff Citations:**

- Page 7, lines 3–4: "I actually think that there's a false premise in that question and I also object to it being leading."
- Page 7, line 10: "I do understand that."

---

**Defense Counsel's Argumentative Questioning:**

Defense counsel repeatedly accused Plaintiff of refusing to answer questions after Plaintiff had already responded.

**Defense Citation:**

Page 7, lines 17–18; Page 9, line 10, December 17, 2025 Transcript

**Transcript Evidence (Questioning):**

Defense counsel asserted that Plaintiff was "not going to answer" or was "refusing" to comply, despite Plaintiff providing answers or explaining objections to false premises.

**Plaintiff's Responses:**

Plaintiff clarified that she had answered and explained why the premise of the question was inaccurate.

**Plaintiff Citations:**

Page 7, lines 18–20:

"I don't accept the false premise in the question."

"I provided an answer to the question."

---

**Defense Counsel's Argumentative Questioning:**

Defense counsel characterized Plaintiff's conduct on the record in an accusatory manner rather than asking a question relevant to the case.

**Defense Citation:**

Page 8, lines 4–7; December 17, 2025 Transcript "*So, first of all, for the record, you've got a*

*small whiteboard in front of you and you were writing on that whiteboard.... For the record,*

*she's erasing what she wrote*."

**Transcript Evidence (Questioning):**

Defense counsel narrated Plaintiff's actions ("she's erasing what she wrote") and demanded an explanation, rather than asking a deposition question relevant to the case.

**Plaintiff's Responses:**

Plaintiff asserted privilege and maintained her objection without escalating the exchange.

**Plaintiff Citations:**

Page 8, lines 9–12:

*"I would say, objection, privilege."*

*"I would say my previous objection, I stand by that."*

---

**Conclusion**

Under Federal Rule of Civil Procedure 30(d)(3), <u>a deposition must be conducted in good faith;</u> <u>the rules expressly prohibit questioning that 'unreasonably annoys, embarrasses, or oppresses the</u> <u>deponent</u>.' This procedural protection applies to all deponents equally. The argumentative, compound, and repetitive nature of the questions shown here—coupled with the improper narration of silence and the use of implicit threats of sanctions—demonstrates that the

examiner's conduct was intended to badger and oppress the witness rather than to elicit factual information in a professional manner."

The excerpts above reflect that defense counsel frequently framed questions in an argumentative or accusatory manner, including asserting refusals to answer, narrating Plaintiff's conduct, and posing irrelevant inquiries. Despite this, Plaintiff responded calmly, asserted appropriate objections, clarified false premises, and consistently stood by her prior testimony and verified discovery responses.