## EXHIBIT 3 – Deposition Transcript Excerpts Reflecting Defense Defense Counsel's Compound Questions

---

The transcript citations below are taken from the September 12, 2025 and December 17, 2025 depositions conducted by Defendant of Plaintiff. A copy of the transcripts and the errata sheets are included in **EXHIBIT 6** of this filing (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss).

---

**Defense Counsel improperly joins a query about the witness's independent memory with a secondary query regarding the exclusivity of written notes.**

**Question**: Now, will you answer my question?...Do you have any independent recollection of the events that occurred surrounding your employment with Walmart, or are we just left with these notes? Page 77, lines 10-16, September 12, 2025 Transcript

**Answer**: Please restate the question. Page 77, line 17,

---

**Defense Counsel combines a question regarding the witness's understanding of procedures with a conditional premise regarding their future refusal to answer.**

**Question**: ...you understand that questions or your refusal to answer certain questions would necessitate me obtaining guidance from Judge Comstock? Page 6, lines 23–25; Page 7, lines 1-2, December 17, 2025 Transcript

**Answer**: I actually think that there's a false premise in that question and I also object to it being leading... I do understand that [I am under oath]. Page 7, lines 3–4, 10

---

**Defense Counsel improperly bundles compound questions into the witness's cognitive understanding, comprehension, and ability to articulate answers into a single question.**

**Question**: Are you able to understand, comprehend, and articulate answers to the questions that I ask today? Page 8, lines 13-14, September 12, 2025 Transcript

**Answer**: Yes. Page 8, line 15

---

**Defense Counsel combines a challenge to the witness's memory of "new notes" with a separate, loaded "why" question regarding their overall ability to answer questions without review.**

**Question**: ...Could you not recall those new notes from your memory ... Why is it two weeks later now you can't answer a single question without reviewing the notes that you prepared two weeks ago? Page 75, lines 23-25, September 12, 2025 Transcript

**Answer**: That seems like it may be a misstatement because what I sent you as the Amended Discovery Responses, those were things that were put together during the time that this occurred, like in 2023... Page 76, lines 1-3

---

**Defense Counsel combines a hypothetical statement of fact regarding a document's identity with a separate demand for the witness to answer questions about it.**

**Question**: ...what if I told you that is the Amended? That document is the same as the Amended. Now, will you answer questions about it? The link on your Amended goes to that page. Page 69, lines 19-21, September 12, 2025 Transcript

**Answer**: I'm assuming from what you said earlier that. this was provided --I don't think that this is my Amended. It doesn't look like the Amended... Page 69, lines 22-24

---

**Defense Counsel improperly merges an inquiry into the witness's current refusal to answer with two separate, speculative reasons for that refusal (Bates Stamps or production source).**

**Question**: ...now you're refusing to answer any questions about this document, simply because it has a Bates Stamp on it, or it came to us in a different production? Page 70, Lines 11-13, September 12, 2025 Transcript

**Answer**: It sounds to me that you have made some misstatements here, and you are attributing them to me, but I want to state clearly for the record... Page 70, Lines 14-16, September 12, 2025 Transcript

---

**Defense Counsel merges a query about the use of Bates-stamped documents with an inquiry into whether this system creates a specific "issue" for the witness.**

**Question**: Do you understand that today we're going to use documents that have been Bates stamped? Each page is numbered either with a Bates stamp or an exhibit number. Does that create any issue for you today? Page 7, lines 11–14, December 17, 2025

**Answer**: Objection leading. That's a leading question and it also appears to have an improper foundation. Page 7, lines 15–16

---

**Defense Defense Counsel bundles a demand for a demographic confirmation across three separate individuals (Prakhar, Charan, and Darshan) into a single inquiry.**

**Question**: There was a 20 second delay. None of these three individuals, Prakhar, Charan, Darshan are African American females are they? Page 72, line 20-22, September 12, 2025 Transcript

**Answer**: To the best of my recollection, no. Page 72, line 23

---

**Defense Counsel asked a compound question joining questioning about the Plaintiff's attire (necklaces) with a directive for the Plaintiff to read specific text aloud for the record.**

**Question**: You have necklaces on. Would you just read, for the record? They have words on your necklaces. Would you just read out what those words are on your necklace? Page 8, lines 13–15, December 17, 2025

**Answer**: Objection. The question calls for irrelevant personal information. I'm not willing to give that. Page 8, lines 16–17

---

**Counsel bundles a "loaded" question regarding a refusal to answer with a compound inquiry about both the preparation and submission of a document, while explicitly telling the witness to ignore their previous testimony.**

**Question**: So, are you refusing to answer the simple question, did you prepare this and submit it to the EEOC? It has nothing to do with the amended and supplemental. Is this what was submitted to the EEOC? Page 11, lines 22–25

**Answer**: Objection. Sir, I've already answered this question. Please refer to my previous answer. This question has already been asked and answered.

**Counsel improperly bundles multiple distinct actions—organizing, drafting, and writing—into a single inquiry regarding the "preparation" of an exhibit, making it difficult for the witness to provide a precise answer.**

**Question**: Did you prepare any part -- and by prepare, I mean did you organize, draft, write. Did you prepare any part of Exhibit 3? Page 12, lines 19–20

**Answer**: To the best of my knowledge, my amended and supplemental discovery responses would be the best place to find my position. What seems to be here that I've looked at is not my original work product. Page 13, lines 3–6

Under Federal Rule of Civil Procedure 30(d)(3), <u>a deposition must be conducted in good faith; the rules expressly prohibit questioning that 'unreasonably annoys, embarrasses, or oppresses the deponent</u>.' This procedural protection applies to all deponents equally. The argumentative, compound, and repetitive nature of the questions shown here—coupled with the improper narration of silence and the use of implicit threats of sanctions—demonstrates that the examiner's conduct was intended to badger and oppress the witness rather than to elicit factual information in a professional manner."