# EXHIBIT 4 – Deposition Transcript Excerpts Showing Repetitive Questioning Directed at Plaintiff Despite Plaintiff's Medical Accommodation and Objections

---

*A copy of the transcripts and the errata sheets are included in* **EXHIBIT 6** *of this filing (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss).*

### Plaintiff's Statement of Medical Necessity:

"I want to place a statement on the record regarding a necessary procedural accommodation for a documented medical condition... To ensure I can provide accurate and complete testimony, I'm asserting my right to the following reasonable medical accommodations... I reserve the right to request a short additional break following any period of intense or overly argumentative questioning to manage my condition." Page 5, Lines 8–20, December 17, 2025, Deposition Transcript

---

**Counsel repeatedly asked the Plaintiff to identify the specific phone used for recording after the Plaintiff had already confirmed she was recording and provided notice, shifting the focus from the case to the Plaintiff's personal privacy.  (December 17, 2025 Deposition)**

**Question**: Which phone are you using to record it? You've got two in here. Page 6, Lines 9–10

**Answer**: ...I'm using the phone, at least a phone to record it. Page 6, Lines 11–12

**Question**: Are both phones being used to record this deposition? Page 6, Line 13

**Answer**: I would say for privacy reasons I object to that... Page 6, Line 14

---

**Despite a standing agreement that Plaintiff was taking time to ensure accuracy, Counsel repeatedly interrupted the Plaintiff's review of Exhibit 3 to comment on the length of her silence and restate the same question.   (December 17, 2025 Deposition)**

**Question**: My question is, do you recognize Exhibit 3? Ms. Lee, it's been over a minute and you've just been writing on the whiteboard. Do you need me to restate the question? Page 10, Lines 16–19

**Answer**: I'm taking the necessary time that I need to answer the question to ensure clear and accurate testimony. Page 10, Lines 20–21

**Question**: Well, the question is, do you recognize Exhibit 3? Can you identify Exhibit 3? Page 10, Lines 22–23

---

**Counsel repeatedly demanded that the Plaintiff turn to and identify Exhibit 3, even after the Plaintiff had consistently objected that the question mischaracterized the evidence and had already been addressed.  (December 17, 2025 Deposition)**

**Question**: ...will you just turn to Exhibit 3 in the exhibit notebook? Page 9, Lines 6–7

**Answer**: Sir, I stand by the previous objection to that question. It's already been asked and answered. Page 9, Lines 8–9

**Question**: Are you refusing to turn to Exhibit 3? Page 9, Line 10

\*\* Note: Plaintiff previously stated she did not recognize Exhibit 3 as her own production after Defendant presented it and inaccurately tried to attribute it to her.

---

**Counsel repeatedly utilized threats of seeking "guidance" or intervention from the Magistrate Judge to pressure the Plaintiff into answering questions that she had already identified as having a false premise.**

**Question**: ...your refusal to answer certain questions would necessitate me obtaining guidance from Judge Comstock. Do you understand that's why we're here? Page 6, Lines 24–25; Page 7, Lines 1–2

**Question**: Are you not going to answer that question? Page 7, Line 17

**Question**: Okay. Well, let's take our first break and we'll get Judge Comstock in here. Page 7, Lines 21–22

---

Under Federal Rule of Civil Procedure 30(d)(3), <u>a deposition must be conducted in good faith;</u>
<u>the rules expressly prohibit questioning that 'unreasonably annoys, embarrasses, or oppresses the</u>
<u>deponent</u>.' This procedural protection applies to all deponents equally. The argumentative,
compound, and repetitive nature of the questions shown here—coupled with the improper
narration of silence and the use of implicit threats of sanctions—demonstrates that the
examiner's conduct was intended to badger and oppress the witness rather than to elicit factual
information in a professional manner."