**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

KELLI LEE                                                                                    PLAINTIFF

v.                                    Case No.  5:24-CV-05190

WAL-MART STORES ARKANSAS, LLC                                          DEFENDANT

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY**

Defendant seeks leave to file a reply in support of its Motion to Dismiss under Rule 37. Leave is unnecessary and unwarranted. Defendant has already had a full opportunity to present its arguments and record citations, and the proposed reply does not serve the interests of judicial efficiency or fairness.

First, Defendant has not shown good cause. Plaintiff's opposition did not inject new issues into the case; rather, it responded directly to Defendant's Rule 37 arguments. Particularly, it cited the deposition transcripts, court filings, and Plaintiff's verified discovery responses, among other materials directly addressing Defendant's motion. Defendant's disagreement with Plaintiff's response does not constitute "new arguments" justifying additional briefing. Additionally, the proposed reply introduces legal arguments and authorities not raised in Defendant's original motion, including new case citations, which Plaintiff has not had a meaningful opportunity to address.

1

Second, the proposed reply contains assertions contradicted by the transcript already before the Court. Defendant further mischaracterizes Plaintiff's position. One example—already reflected in the existing record—is Plaintiff's testimony that certain documents Defendant presented at depositions were not what she submitted to the EEOC, and that she repeatedly directed counsel to her verified discovery responses reflecting what she did submit. This was not defiance, but an effort to accurately describe her testimony and the record. The deposition transcripts and errata sheets are before the Court, which can evaluate them directly without additional briefing from Defendant.

Third, the proposed reply largely re-argues positions already raised in the opening motion and reframes disputed portions of the record. A reply is not intended to provide a second opportunity to restate arguments or to reinterpret testimony that is already before the Court. Allowing additional briefing under these circumstances would undermine the orderly briefing process and unfairly expand motion practice.

Fourth, Defendant's claim that allowing an additional reply will not prejudice the Plaintiff is overstated. Defendant seeks dismissal of Plaintiff's case with prejudice—the most severe sanction available—yet proposes filing new briefing after Plaintiff has already responded, asserting it would cause no harm. For these and the foregoing reasons, Defendant's motion for leave should be denied.

**Preservation statement:**

*If the Court grants Defendant leave to file a reply, Plaintiff respectfully requests permission to file a brief, limited response addressing any new arguments or assertions raised for the first time in the reply.*

**WHEREFORE**

Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave to File a Reply, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kelli Lee
Plaintiff, Pro Se
905 W. Rock St., Morrilton AR, 72110
kelli.j.lee@gmail.com
(501) 354-5270

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice was served on Tim Hutchinson and Mallory Shamoon, attorneys for Defendant, via email on January 20, 2026.

Dated: January 20, 2026

Respectfully submitted,
/s/ Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR, 72110
(501) 354-5270
kelli.j.lee@gmail.com