**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                 **PLAINTIFF**

**v.**                              **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                              **DEFENDANT**

**PLAINTIFF'S MOTION FOR DISTRICT COURT REVIEW OF MAGISTRATE JUDGE'S ORDER (DOC. 55) PURSUANT TO FED. R. CIV. P. 72(a) AND MOTION TO STAY PENDING DISTRICT COURT REVIEW**

Plaintiff Kelli Lee, proceeding pro se, respectfully moves District Judge David Fowlkes to review and set aside Magistrate Judge Christy Comstock's Order dated May 13, 2026 (Doc. 55) pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Plaintiff further moves to stay the June 30, 2026 deposition deadline imposed by Doc. 55 pending the Court's review of these Objections.

## I. RELIEF REQUESTED

Plaintiff requests that the Court:

1. Set aside Doc. 55 as clearly erroneous and contrary to law;

2. Stay the June 30, 2026 deposition deadline pending resolution of these Objections;

3. Find that Plaintiff has fully participated in discovery and that no third deposition is warranted; and

4.  In the alternative, if the Court determines additional questioning is necessary, enter a Protective Order under Fed. R. Civ. P. 26(c) imposing: (a) remote deposition format; (b) strict time limits; (c) prohibition on repetitive, compound, and argumentative questioning; and (d) use of Plaintiff's verified discovery responses rather than Defendant's disputed document compilations.

## II. GROUNDS FOR THIS MOTION

As fully set forth in the accompanying Brief in Support, the May 13, 2026 Order is clearly erroneous and contrary to law for the following reasons:

- The Order's core finding — that Plaintiff was not participating in depositions — is directly contradicted by the official deposition transcripts. Plaintiff answered substantively and repeatedly at two depositions, and has actively participated in this litigation since assuming pro se status. The Order was issued in reliance on misrepresentations by Defendant's counsel. (See Plaintiff's Exhibit 1 - 526 — Plaintiff's documented participation log.)

- The Order commands a third deposition without the required showing of good cause, in violation of Fed. R. Civ. P. 30(d)(1)'s seven-hour limit, which Defendant has already exhausted over two sessions.

- The Order fails entirely to address Defendant's pattern of improper, repetitive, argumentative, and harassing questioning that caused deposition disputes, in violation of Fed. R. Civ. P. 30(d)(3). (See Plaintiff's Exhibit 3 - 526 — transcript excerpts showing Defense Counsel's improper deposition conduct.)

- The Order does not consider less restrictive alternatives or Plaintiff's documented medical concerns, contrary to Fed. R. Civ. P. 26(c).

- The Order was procured through material misrepresentations to the Court by Defendant's counsel, including a false claim that Plaintiff provided "no answers" over 12–13 hours of testimony — a claim the transcript directly contradicts.

### III. MEET AND CONFER STATEMENT (MOTION TO STAY)

Pursuant to Local Rule 6.2(b), Plaintiff contacted Defendant's counsel by email before 8:00 AM on May 21, 2026 **(See Exhibit 4 - 526 - Plaintiff's May 21, 2026 Meet and Confer Email)**, providing written notice of this filing and specifically identifying each document Plaintiff intended to file, including: (1) Plaintiff's Motion for District Court Review of Magistrate Judge's Order (Doc. 55) Pursuant to Fed. R. Civ. P. 72(a); and (2) Brief in Support of Plaintiff's Objections to Magistrate Judge's Order (Doc. 55) and Motion to Stay Pending District Court Review. Plaintiff's email also specifically identified the relief being sought, including a stay of the June 30, 2026 deposition deadline pending District Judge Fowlkes' review. Plaintiff provided sufficient information about the nature and purpose of each filing for Defendant's counsel to form a position on the requested stay without requiring advance review of unfiled court documents, and requested a response by end of business day Friday, May 22, 2026.

Defendant's counsel responded the same day (**See Exhibit 5 - 526 - Defendant Response Email**) but declined to state a position, conditioning his response on receipt of Plaintiff's draft motions in advance of filing, and suggesting that Plaintiff contact Magistrate Judge Comstock's chambers directly to determine whether the deposition requirement remains in effect. Plaintiff is

not obligated under any applicable rule to provide opposing counsel with advance copies of unfiled court documents. Further, seeking an informal verbal clarification from Magistrate Judge Comstock's chambers would not constitute a binding ruling, would not be part of the official record, and would not protect Plaintiff's right to District Court review if her filing deadline passed in the interim. Given the May 27, 2026 statutory filing deadline for Rule 72(a) objections — which cannot be extended or waived — Plaintiff proceeds with this filing. Plaintiff has satisfied the good faith meet and confer requirement of Local Rule 6.2(b).

## IV. BASIS FOR STAY

A stay of the June 30, 2026 deposition deadline is warranted because: (1) Plaintiff has a strong likelihood of success on the merits of these Objections, as the transcript record directly refutes the factual basis of Doc. 55; (2) absent a stay, Plaintiff will suffer irreparable harm by being required to undergo a third deposition before the District Court can review the Order, including harm to Plaintiff's documented medical condition which has already been exacerbated by prior deposition proceedings;  (3) a brief stay imposes no material prejudice on Defendant; and (4) the public interest favors ensuring that discovery orders are grounded in accurate factual findings.

Even though standby counsel has been relieved by Doc. 57 (May 18, 2026), the underlying deposition requirement of Doc. 55 remains in effect and the June 30, 2026 deadline continues to run. Plaintiff's objections to the characterizations in Doc. 55 are therefore not moot, and the stay remains necessary.

## V. SUPPORTING BRIEF

In support of this Motion, Plaintiff submits the accompanying Brief in Support of Plaintiff's Objections to Magistrate Judge's Order (Doc. 55) Pursuant to Fed. R. Civ. P. 72(a) and Motion to Stay Pending District Court Review, which is incorporated herein by reference.

Respectfully submitted,

_____

 Kelli Lee, Pro Se Plaintiff

905 W. Rock St., Morrilton, AR, 72110

kelli.j.lee1@gmail.com

(501) 289-1786

Dated: 5/26/2026

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice was served on Tim Hutchinson, attorney for

Defendant, via email on **5/26/2026.**

Dated: 5/26/2026

Respectfully submitted,

/s/ Kelli Lee, Pro Se Plaintiff

905 W. Rock St., Morrilton, AR, 72110

(501) 289-1786

kelli.j.lee1@gmail.com