## **Exhibit 1 - 526**

A dated, itemized list of documented actions Plaintiff has taken to move her case forward as a

pro se plaintiff, including court filings, mailings, emails, phone calls, miles traveled,

out-of-pocket expenses, depositions attended, and settlement conference attended.

| # | Plaintiff Action | Date |
|---|---|---|
| 1 | Drove ~220 miles round trip to attend and participate in Court-Ordered Settlement Conference in Fort Smith, AR | 4/3/2025 |
| 2 | Represented myself in remote court hearing on Zoom | 7/17/2025 |
| 3 | Placed telephone call to court clerk's office regarding emergency filing procedures | 8/11/2025 |
| 4 | Filed emergency pro se motion to reschedule and change location of deposition | 8/11/2025 |
| 5 | Emailed defense counsel requesting deposition rescheduling and location change | 8/11/2025 |

**Page 1 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

| 6 | Formally notified the Court of intent to proceed pro se | 8/12/2025 |
| 7 | Placed telephone call to court clerk's office to coordinate with staff to manage my case and move it forward | 8/14/2025 |
| 8 | Served Amended Discovery Responses on defense counsel via email | 8/26/2025 |
| 9 | Filed Notice of Service of Amended Discovery Responses via email | 8/26/2025 |
| 10 | I attended and participated in the first deposition noticed by Defendant in Russellville, AR  I drove approximately 54 miles round-trip from Morrilton, Arkansas, and paid out-of-pocket for my gas and travel expenses to attend this deposition. | 9/12/2025 |
| 11 | Emailed court to file Motion to Terminate Deposition and copied defense counsel | 9/15/2025 |
| 12 | Filed Plaintiff's Reply in Support of Motion to Terminate Deposition via email | 9/24/2025 |
| 13 | Placed telephone call to court clerk's office to coordinate with staff to | 9/24/2025 |

**Page 2 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

| | | |
|---|---|---|
| | manage my case and move it forward | |
| 14 | Placed telephone call to court clerk's office regarding pending motions status | 9/29/2025 |
| 15 | I drove approximately 280 miles round trip to attend a court-ordered hearing at the Federal Courthouse in Fayetteville, AR, paying all fuel and travel expenses out of pocket. I represented myself and spoke at this hearing. | 10/8/2025 |
| 16 | Transmitted email regarding deposition scheduling and venue hardship request | 10/09/2025 |
| 17 | I visited a notary to sign and notarize my Witness Certification and errata sheets for my September 12, 2025, deposition. | 10/17/2025 |
| 18 | Emailed and USPS certified mailed signed and notarized errata sheet corrections to court reporter for first deposition | 10/17/2025 |
| 19 | I visited a notary to sign and notarize my errata sheets and the Witness Certification for my September 12, 2025, deposition after updating the checkbox | 10/18/2025 |

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

| 20 | Emailed and USPS mailed corrected and re-notarized errata sheet and witness certification to court reporter | 10/18/2025 |
| 21 | Emailed good faith letter to defense counsel countering the Defendant's discovery mischaracterizations | 11/04/2025 |
| 22 | Placed initial telephone call to court clerk's office regarding high-volume filing limits | 11/14/2025 |
| 23 | Mailed backup physical media on USB to the Court via USPS with tracking for my filing of Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief.  (Tracking Number: 9505511628185318562892) | 11/14/2025 |
| 24 | Sent my filing for Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief to the Court via an email series. | 11/14/2025 |
| 25 | Placed three telephone calls to court clerk's office to coordinate with staff about my court case | 11/14/2025 |
| 26 | Placed telephone call to court clerk's office about the status of my case | 11/17/2025 |

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

| 27 | Emailed defense counsel giving formal notice of intent to audio record deposition | 12/12/2025 |
| 28 | Attended court-ordered second deposition session under oath in Fayetteville, AR.  I drove approximately 280 miles round trip to attend at the Federal Courthouse in Fayetteville, AR, paying all of my  fuel and travel expenses out of pocket. | 12/17/2025 |
| 29 | Emailed court reporter requesting missing errata sheet for second deposition | 12/25/2025 |
| 30 | Placed telephone call to court clerk's office to coordinate with staff to manage my case | 12/29/2025 |
| 31 | Re-emailed Amended and Supplemental Discovery Responses to defense counsel — at least the fourth submission of verified discovery responses | 12/31/2026 |
| 32 | Filed Plaintiff's Notice to Clarify the Record Regarding Disputed Document Compilations by email | 1/05/2026 |
| 33 | On January 5, 2026, I mailed a physical backup filing of Plaintiff's Notice to Clarify the Record Regarding Disputed Document Compilations to the Federal Courthouse in Fayetteville, AR | 1/05/2026 |

**Page 5 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

| 34 | Placed telephone call to court clerk's office to coordinate multi-part exhibit filing | 1/05/2026 |
| 35 | Filed Notice of January 5, 2026 Exhibits A–D Submitted on Physical Media via email | 1/08/2026 |
| 36 | Placed telephone call to court clerk's office to verify delivery of physical media USB | 1/08/2026 |
| 37 | Court entry of physical media receipt (Notice of Receipt of Conventionally Filed Exhibit) | 1/08/2026 |
| 38 | Filed Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss | 1/16/2026 |
| 39 | Placed telephone call to court clerk's office about the management and status of my case | 1/16/2026 |
| 40 | I visited a notary to sign and notarrize my Witness Certification and errata sheets for my December 17, 2025, deposition. | 1/17/2026 |
| 41 | Emailed signed and notarized errata sheet corrections to court reporter and copied defense counsel | 1/17/2026 |

**Page 6 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

| | | |
|---|---|---|
| 42 | Filed Plaintiff's Opposition to Defendant's Motion for Leave to File a Reply via email | 1/20/2026 |
| 43 | Filed updated Plaintiff's Notice of Change of Contact Information via email | 5/14/2026 |
| 44 | Emailed stand-by counsel to establish written communication requirements and assert pro se control over case | 5/18/2026 |
| 45 | Emailed defense counsel Meet and Confer Notice regarding Rule 72(a) Objections and Motion to Stay per Local Rule 6.2(b) | 5/21/2026 |

## 1. Attended Court-Ordered Settlement Conference — Fort Smith, AR — 4/3/2025

On April 3, 2025, I drove approximately 220 miles round-trip from Morrilton, Arkansas, to Fort Smith, Arkansas, to attend a court-ordered settlement conference before Honorable Mark E. Ford, held in Fort Smith, Room 226, paying all fuel and travel expenses out of pocket for my trip. I appeared, participated fully, spoke to the judge and those present about my case and my good character, and presented a resolution framework addressing the full scope of the harm I suffered.

Specifically, I articulated a resolution framework focused on restoration of my career, correction

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

of my employment record, recovery of lost monetary benefits including back pay, and other non-monetary relief necessary to make me whole following the unlawful harassment, discrimination, and termination I experienced.

The Defendant declined to engage with those restorative terms and instead presented only a nominal monetary offer of $5,000 that did not meaningfully address the scope of the economic, professional, and reputational harm at issue. The Defendant offered no counterproposal addressing reinstatement, correction of records, or any other non-monetary relief.

**2. Remote Court Hearing — 7/17/2025**    My former counsel asked to withdraw from my case after taking my money and agreeing to represent me. They submitted a request to the court to withdraw from my case, so this remote hearing was called by Magistrate Judge Comstock. I was asked to speak during this hearing which I did. While I didn't terminate my former counsel, I also did not oppose my former counsel's request to withdraw from my case when I was asked to speak by the judge during this court hearing. My former counsel's request to withdraw from my case was granted after the court hearing but they did not refund any portion of my money that I paid to them to represent me. See docket numbers #21-24

**3. Case Communication: I Placed telephone call to court clerk's office regarding**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**emergency filing procedures  — 8/11/2025**


**4.  Court Filing: Emergency Motion to Reschedule and Change Location of Deposition —**

**8/11/2025**

On August 11, 2025, I submitted a formal filing by email to the United States District Court for

the Western District of Arkansas, Fayetteville Division, in Case No. 5:24-CV-05190, Lee v.

Wal-Mart Stores Arkansas, LLC. Proceeding pro se, I filed an Emergency Motion to Reschedule

and Change Location of Deposition.  The submission was entered on the docket as Docket No.

26 on August 11, 2025.

This filing became necessary after the Defendant attempted to notice my deposition at defense

counsel's office for the first business day immediately following the expiration of the

Court-ordered abeyance period. The Court had granted the abeyance specifically to provide me

sufficient time to determine whether to proceed pro se or retain substitute counsel following the

withdrawal of my former attorney. Rather than respecting the purpose and spirit of the Court's

order, the Defendant scheduled the deposition in a manner that forced me to begin actively

litigating the case without counsel during what was intended to be a protected transition period.

At that time, I had never previously represented myself in litigation, had never given a

deposition, actually I had never been in court before.  I needed time to research and prepare for a

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To
Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

deposition, particularly while proceeding pro se. As a result, I was required to research procedural requirements, prepare court filings, and respond to litigation activity during the abeyance period instead of using that time for its intended purpose. I undertook these efforts in order to protect my rights and prevent the deposition from proceeding under those circumstances. The Defendant's conduct undermined the relief granted by the Court and interfered with my ability to make a considered and informed decision regarding legal representation.

My filing of the Emergency Motion demonstrates both my active participation in the litigation process and my good-faith effort to comply with Court procedures while protecting my procedural rights. (See Docket No. 24, filed July 17, 2025; Docket No. 25; and Docket No. 26, filed August 11, 2025.

**5. Email to Defense Counsel Requesting Deposition Reschedule and Location Change — 8/11/2025**

On August 11, 2025, the same day I filed my Emergency Motion with the Court (Docket No. 26), I also emailed defense counsel Timothy Chad Hutchinson directly in a good-faith attempt to resolve the scheduling dispute without Court intervention. The email addressed Defendant's deposition notice dated August 8, 2025, which had set my deposition for August 18, 2025 — the first business day after the expiration of the Court's 30-day abeyance period.

**Page 10 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

In the email, I noted that the Court's July 17, 2025, order had placed the case in abeyance following my former counsel's withdrawal specifically to allow me time to obtain new counsel or prepare to proceed pro se, and that the scheduled date did not provide me adequate time to prepare. I respectfully requested that the deposition be rescheduled to a mutually agreeable date in late September 2025.

I also requested that the deposition be conducted remotely via Zoom or at a neutral location rather than at defense counsel's office, to ensure fairness and comfort for all parties.

I advised defense counsel that I had filed a motion with the Court that same day to preserve my rights given the short timeline, but expressed my hope that the parties could reach an agreement without the Court's intervention, and offered to submit an agreed order if defense counsel was willing.

(See Docket No. 26, filed August 11, 2025. Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.)

### 6.  Notification of Pro Se Status — 8/12/2025

On August 12, 2025, I formally responded via email to an inquiry from Ms. Charolette Zeuthen, Law Clerk to Magistrate Judge Comstock. Ms. Zeuthen had reached out by telephone and email

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

at the request of Judge Comstock to determine if I had secured new legal counsel following my previous attorney's withdrawal. In my response, I formally notified the Court that I had been unable to hire a new attorney and confirmed my intent to proceed pro se with my case.

**7.  Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 8/14/2025**

**8.  Case Communication: Service of Plaintiff's Amended Discovery Responses to Defense Counsel — 8/26/2025**

On August 26, 2025, operating pro se, I transmitted a formal email to defense counsel serving Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents for case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190).

In the communication, I explicitly notified defense counsel that these updated, verified responses completely superseded any prior discovery responses. This transmission established the formal date of service to the defense, which I simultaneously recorded on the court docket by filing a formal Notice of Service on this same date.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**9.  Court Filing: Notice of Service of Amended Discovery Responses — 08/26/2025**

On August 26, 2025, I emailed a formal filing to the United States District Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I submitted my Notice of Service of Amended Discovery Responses as a PDF attachment. This submission was officially entered into the court record on August 26, 2025, as Docket Number 30.  I served a copy of the filings to the defendant via email on this date.

**10.  Attended Defendant-Noticed Deposition — Russellville, AR — 9/12/2025**

Defendant took my First Deposition:  I went and was questioned by Defendant's attorney under oath.  I attended the first deposition noticed by the Defendant in Russellville, Arkansas. I drove approximately 54 miles round-trip from Morrilton, Arkansas, and paid out-of-pocket for my gas and travel expenses. I was present from approximately 9:00 AM until between 3:00 and 4:00 PM, at which point I became overwhelmed and broke down due to a day of harassing questioning by defense counsel. I informed defense counsel that the questions were harassing, that I was too stressed to continue, and that I was suspending the deposition to bring the matter before the Court. I filed documents with the Court on September 15, 2025 (Docket #31) and

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

September 24, 2025 (Docket #33).

**11. Court Filing — Plaintiff's Motion to Terminate Deposition — 9/15/2025**

On Monday, September 15, 2025, the next business day after the Friday, September 12, 2025, deposition, I emailed the United States District Court for the Western District of Arkansas, Fayetteville Division, to file my Plaintiff's Motion to Terminate Deposition in Case No. 5:24-CV-05190 (Lee v. Wal-Mart Stores Arkansas, LLC). The motion was filed in response to defense counsel's improper conduct during the September 12, 2025, deposition. On the same day, I also emailed a copy of this filing to defense counsel.

This filing was accepted and entered on the court record as Docket Number 31 on September 15, 2025.

The email was sent with the following attachment:

- Plaintiff_Motion_to_Terminate_Deposition.pdf

(See Docket No. 31, filed September 15, 2025. Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.)

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**12. Court Filing: Plaintiff's Reply in Support of Motion to Terminate Deposition and Opposition to Defendant's Countermotion for Sanctions — 9/24/2025**

On September 24, 2025, I emailed a formal filing to the United States District Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I submitted my Plaintiff's Reply in Support of Motion to Terminate Deposition and Opposition to Defendant's Countermotion for Sanctions. This submission was officially accepted and entered on the case docket as Docket Number 33. I also served a copy of the filing directly to the defendant via email on this date.

This filing was legally necessary to address the improper manner in which the defendant conducted the depositions it demanded I attend.

- **Procedural Violations and Notice**: The filing established that the defendant provided unreasonable deposition notice by delivering it after business hours and less than 15 hours before the proceeding. It also documented that the defendant brought unverified, altered documents to the deposition for questioning.

- **Harassment and Emotional Distress**: The document detailed defense counsel's improper, argumentative, harassing, embarrassing, and irrelevant questioning. It documented that defense counsel attempted to rush my pace, exploit my pro se status, and attempted to pressure me into errors while I was testifying about deeply personal

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

discrimination and harassment. This oppressive questioning caused severe emotional distress, forcing me to break down in tears and stop the deposition between 3:00 p.m. and 4:00 p.m and file my motion to terminate the deposition with the court on the next business day September 15, 2025.

- **Proper Invocation of Rules**: The contents of the filing demonstrated that my subsequent invocation of Federal Rule of Civil Procedure 30(d)(3) to suspend the deposition and seek court intervention was appropriate, executed in good faith, and procedurally correct. It also countered the defendant's inaccurate claims.

**13. Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 9/24/2025**

**14. Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 9/29/2025**

**15. Federal Court Hearing — 10/8/2025**

On October 8, 2025, I drove approximately 280 miles round trip to attend a court-ordered hearing at 11:00 a.m. at the Federal Courthouse in Fayetteville, AR, paying all fuel and travel expenses out of pocket. I represented myself and spoke at this hearing. The hearing concerned

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

my September 15, 2025, Motion to Terminate Deposition, which I filed in response to the defendant's deposition of me. The deposition was marked by argumentative, repetitive, and compound questioning by defense counsel that caused me significant emotional and physical distress, including breaking down in tears during the proceedings.

**16.  Case Communication: Deposition Scheduling and Venue Hardship Request — 10/09/2025**

On October 9, 2025, I formally responded via email to the Courtroom Deputy, Ms. Roxana Guerrero-Oregon, and defense counsel regarding the scheduling of my upcoming deposition as directed by Judge Comstock during the October 8 hearing. Operating pro se, I selected December 17, 2025, from the court's available dates.

Additionally, I raised a logistical hardship concern resulting from my firsthand experience traveling the 280 miles round trip to the Fayetteville courthouse the previous day. I explained that the two plus hours one-way drive from my location in Morrilton, Arkansas, under optimal conditions, presented a significant physical and emotional burden that could impact my ability to fully and fairly participate. In the interest of transparency, equity, and mutual convenience, I requested that the deposition venue be shifted to Alma, Arkansas—a nearer midpoint location between Morrilton and defense counsel's Northwest Arkansas offices. I explicitly noted that  the

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Fayetteville courthouse location was a severe travel hardship that became fully apparent after completing the drive. My request for a venue change went unacknowledged, and the proceeding remained scheduled for December 17, 2025, at the Federal Courthouse in Fayetteville, requiring me to plan for another 280 mile round trip.

**17. I visited a notary to sign and notarize my Witness Certification and errata sheets for my September 12, 2025, deposition — 10/17/2025**

**18. Emailed and USPS Certified Mailed Signed and Notarized Errata Sheet to Court Reporter — 10/17/2025**

On October 17, 2025, I emailed Kristie Knight, CCR, of Knight Court Reporting, Inc., my signed and notarized Witness Certification and Errata Sheet corrections for my September 12, 2025, deposition. To ensure receipt, I took multiple deliberate steps to fulfill my obligations:

1. I emailed Ms. Knight the official copy of my errata sheet along with the notarized and signed Witness Certification to be included with the deposition transcript.

2. I sent a second copy of the above materials via USPS certified mail with tracking number 9589071052700287017064, providing the tracking number in the email for reference.

3. I also emailed a scanned copy of the original transcript as I had signed it, in order to

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

provide full transparency regarding the document to which my errata sheet corrections referred.

I requested that all pages of my errata sheet, both emailed and mailed, be included with my deposition transcript.

The email was sent with the following attachments:

- Signed_and_Notarized_Witness_Certification_and_Errata_Sheets.pdf
- Deposition_Transcript_Received_by_Witness.pdf

**19.  I visited a notary to sign and notarize my errata sheets and the Witness Certification for my September 12, 2025, deposition after updating the checkbox — 10/18/2025**

**20.  Emailed and USPS Mailed Corrected and Re-Notarized Errata Sheet to Court Reporter — 10/18/2025**

On October 18, 2025, one day after my initial submission, I emailed Kristie Knight, CCR, of Knight Court Reporting, Inc., a corrected and re-notarized version of my Witness Certification and Errata Sheet for my September 12, 2025, deposition. The sole correction from my prior

**Page 19 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

submission was that I had checked the box on the witness certification page requesting that the errata sheet be included with the final transcript. No other changes were made to the content of the errata sheet.

In addition to the email submission, I mailed a replacement signed and notarized copy via USPS on October 18, 2025, with tracking number 9589071052700287017071. I also included a scanned copy of the original transcript as I had signed it, to provide full transparency regarding the document to which my errata sheet corrections referred.

The email was sent with the following attachments:

- Corrected_Signed_and_Notarized_Witness_Certification_and_Errata_Sheets_10_18_25. pdf
- Deposition_Transcript_Received_by_Witness.pdf

(Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.)

**21.  Email to Defense Counsel — Clarification Regarding Mischaracterization of Plaintiff's Discovery Responses — 11/4/2025**

On November 4, 2025, I emailed defense counsel Mr. Hutchinson to correct several mischaracterizations contained in his October 27, 2025, letter titled "Re: Good Faith Effort to Resolve Discovery Disputes." The mischaracterizations concerned my Verified Amended

**Page 20 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Discovery Responses served August 26, 2025, and my Verified Supplemental Discovery

Responses served October 6, 2025.

**22. Case Communication: Placed Initial Telephone Calls to court clerk's office regarding high-volume filing limits — 11/14/2025**

**23. – 24. Court Filing: Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief — 11/14/2025 to 11/18/2025**

On November 14, 2025, I initiated a comprehensive filing request to the United States District

Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart

Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I prepared Plaintiff's

Response in Opposition to Defendant's Motion to Compel Discovery and for Rule 37 Relief.

This massive filing comprised a main response, a short-form brief, a personal declaration, an

exhibit index, and 109 distinct exhibits, totaling 112 PDF files.

Following the guidance of clerk's office staff to manage file sizes, I split the digital submission

across a numbered email series (Email 1 of 2 and Email 2 of 2) with the defendant cc'd on each

transmission. I also deployed my prepared backup filing method. On November 14, 2025, I

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To
Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

dispatched a complete physical production of the entire 112-file package on a USB flash drive via USPS Priority Mail and mailed it to the federal courthouse in Fayetteville, AR (Tracking Number: 9505511628185318562892). This mailing was received at the courthouse on November 18, 2025.

As an additional digital backup method on November 16, 2025, I further subdivided the massive filing into a sequence of 13 separate emails to drastically reduce individual attachment sizes and resent them to the courthouse. In these transmissions, I explicitly included a physical backup and full production notice alerting the court that the flash drive had been mailed via USPS Priority Mail on November 14.

Because of the massive volume of individual documents, the court clerk utilized the physical media submission to process the data. Upon receipt and assembly, my complete opposition filing package was formally entered onto the court record on November 18, 2025, under **Docket Number 41**.

This large filing was necessary to show the court that I had already produced all relevant, non-privileged documents within my possession, custody, or control. Contrary to the Defendant's inaccurate portrayal, I have taken extraordinary steps to accommodate the Defendant by voluntarily organizing my Amended Discovery Responses into 101 clearly labeled exhibits, including 11 audio recordings. The Defendant's Motion to Compel ignores and disregards these good-faith efforts. Instead, it seeks overly broad, invasive discovery that is irrelevant,

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

duplicative, or beyond my possession, custody, or control.

**25.  Case Communication: Placed Three Telephone Calls to court clerk's office regarding high-volume filing limits  — 11/14/2025**

**26.  Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 11/17/2025**

**27.  Email to Defense Counsel — Deposition Recording Notice — 12/12/2025**

On Friday, December 12, 2025, five days prior to my December 17, 2025, deposition, I emailed defense counsel Timothy Chad Hutchinson to provide advance notice of my intent to make a personal audio recording of my deposition for my own records.

**28.  Case Event: Attendance at Court-Ordered Second Deposition Session — 12/17/2025**

On December 17, 2025, I attended the court-ordered second deposition session demanded by the defendant, which was held at the Federal Courthouse in Fayetteville, Arkansas. Operating pro se, I traveled approximately 280 miles round trip from Morrilton, Arkansas, and paid all fuel and

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

travel expenses for my trip entirely out of pocket. This session followed prior court orders concerning deposition logistics, specifically tracked under **Docket Numbers 37 and 38**.

During this proceeding, defense counsel once again utilized improper, repetitive, compound, argumentative, and harassing lines of questioning, mirroring the hostile tactics used during the first deposition. Despite the adversarial pressure, I remained present, composed, and fully available to answer questions under oath until the defense unilaterally concluded the session at approximately 12:43 p.m. Upon stopping the examination, defense counsel requested that the presiding Magistrate Judge, who had been called into the room, dismiss my entire case as a sanction. This high-conflict session directly necessitated my subsequent corrective and explanatory filings in January 2026 to address what transpired, recorded under **Docket Numbers 42, 44, and 45**.

**29.  Case Communication: Email to Court Reporter Regarding Missing Errata Sheet — 12/25/2025**

On December 25, 2025, operating pro se, I transmitted a formal email to the court reporter, Ms. Dianna Dunn, regarding my December 17, 2025 deposition transcript. Although this communication occurred on a federal holiday, it was necessary because the strict regulatory countdown to review the transcript and submit necessary corrections did not pause for the winter holiday season.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Having previously invoked my right to review the transcript and request an errata sheet under the federal rules, I independently discovered an omission upon reviewing the files received from Ms. Dunn on December 19. While the transcript's Table of Contents designated an Errata Sheet on page 4, the page actually contained standard transcript text and omitted the Errata Sheet form entirely. To safeguard my right to correct the record within the statutory deadline, I proactively alerted the reporter to the missing documentation and formally requested the blank Errata Sheet form.

---

**30.  Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 12/29/2025**

**31. Re-Emailed Amended and Supplemental Discovery Responses to Defense Counsel — 12/31/2025**

On Wednesday, December 31, 2025, I re-emailed defense counsel my Amended and Supplemental Discovery Responses following the December 17, 2025, deposition. This resending was necessitated by defense counsel's conduct during my depositions, in which documents of unknown origin and uncertain authenticity were used to question me rather than my verified discovery responses that I had previously submitted. Defense counsel made repeated

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

attempts to pressure me into accepting these altered documents as accurate, which I refused to do.

This submission represented at least the fourth time I had provided defense counsel with my verified discovery responses. Despite these repeated submissions, defense counsel continued to use documents that did not reflect my verified responses during deposition proceedings. My resending of these materials on New Year's Eve further demonstrates my persistent good-faith efforts to ensure that accurate, verified documents were in defense counsel's possession and on the record.

**32. – 33. Court Filing: Plaintiff's Notice to Clarify the Record Regarding Disputed Document Compilations — 01/05/2026**

On January 05, 2026, I submitted a <u>court filing</u> to the United States District Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I emailed the clerk's office my Plaintiff's Notice to Clarify the Record Regarding Disputed Document Compilations. The transmission consisted of six separate PDF documents: the main notice, my personal declaration, and Exhibits A, B, C, and D. The email instructed the clerk to combine these files into a single case entry.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

This submission was entered on the court docket as **Docket Number 42**. The formal entry reads: NOTICE to Clarify the Record Regarding Disputed Document Compilations by Kelli Lee. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Exhibit C, # (4) Exhibit D, # (5) Declaration of Plaintiff)(bjb).

As a physical backup and full production notice, I simultaneously mailed a complete copy of all six documents on a flash drive to the district court office via USPS Priority Mail (Tracking Number: 9505511628186005573580). A complete duplicate copy of this entire filing package

This Notice documented specific categories of alterations, edits, omissions, and reordering found in Defendant's document compilation that materially differed from my original verified discovery responses, and was filed solely to clarify the record, ensure the integrity of the evidence, and prevent mischaracterization of my verified work. was also served to the defendant via email on said date.

**34. Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 01/05/2025**

**35. Case Communication: I made a Telephone Call to Court Clerk's Office for active case management — 01/08/2025**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**36.  Court Filing: Notice of January 5, 2026 Exhibits A–D Submitted on Physical Media for Court Reference — 01/08/2026**

On January 8, 2026, I emailed a formal filing to the United States District Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I submitted my Notice of January 5, 2026 Exhibits A–D Submitted on Physical Media for Court Reference as an attachment. This submission was officially entered into the court record on January 8, 2026, as **Docket Number 44**. A duplicate copy of this formal notice was also served to the defendant via email on this date.

**37.  Court Entry: Notice of Receipt of Conventionally Filed Exhibit — 01/08/2026**

On January 8, 2026, the United States District Court for the Western District of Arkansas received the physical package I had mailed via USPS Priority Mail on January 5, 2026, containing Exhibits A–D on a flash drive. Upon receipt and processing of this physical storage media, the court clerk formally entered a record of the transaction into the case file on January 8, 2026, under **Docket Number 45**. The formal entry reads: NOTICE OF RECEIPT OF CONVENTIONALLY FILED EXHIBIT by Kelli Lee. (bjb).

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**38.  Court Filing: Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss — 01/16/2026**

On January 16, 2026, I submitted a filing request via email to the United States District Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I submitted Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint as a Sanction Under Federal Rule of Civil Procedure 37.

The transmission consisted of 13 separate PDF documents: the main response and 12 distinct exhibits (Exhibits 1 through 12). These exhibits provided supporting evidence, including deposition transcript excerpts illustrating defense counsel's argumentative, compound, and repetitive questioning, documentation of my medical accommodation, notices of service for my verified amended and supplemental discovery responses, etc. The communication requested that the clerk's office combine the 13 files into a single case entry and confirm receipt. This extensive submission was formally accepted and entered on the court docket as **Docket Number 47**.I served a copy of the filings to the defendant via email on said date.

**39.  Case Communication: I made a Telephone Call to Court Clerk's Office about the**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**management and status of my case — 1/16/2025**

**40. I visited a notary to sign and notarize my Witness Certification and errata sheets for my December 17, 2025, deposition. — 1/17/2026**

**41. Emailed Signed and Notarized Errata Sheet to Court Reporter — 1/17/2026**

On January 17, 2026, I emailed Ms. Dunn, the court reporter, my signed and notarized Witness Certification and Errata Sheet corrections for my December 17, 2025, deposition. I also sent a copy of this email to defense counsel. In addition to the errata sheet, I provided Ms. Dunn with a scanned copy of the original transcript as I had signed it, in order to provide full transparency regarding the document to which my errata sheet corrections referred. I requested that all pages of my errata sheet be included with my deposition transcript.

The email was sent with the following attachments:

- Kelli_Lee_Errata_Sheets__for_December__2025__Deposition.pdf
- Kelli_Lee__December_2025_Deposition_Transcript.pdf

This email to Ms. Dunn was sent the day following my January 16, 2026, court filing (Docket No. 47), reflecting my diligence in fulfilling all obligations related to the errata sheet submission through both the court record and direct communication with the court reporter. The signed and

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

notarized errata sheet for the December 17, 2025, deposition was subsequently filed with the Court as part of Exhibit 6 of Docket Number 47, titled "RESPONSE IN OPPOSITION TO [43] MOTION to Dismiss Plaintiff's Complaint as a Sanction under Federal Rule of Civil Procedure 37," filed January 16, 2026.

**42.  Court Filing: Plaintiff's Opposition to Defendant's Motion for Leave to File a Reply — 1/20/2026**

On January 20, 2026, I emailed a formal filing to the United States District Court for the Western District of Arkansas, Fayetteville Division. Operating pro se, I submitted my Plaintiff's Opposition to Defendant's Motion for Leave to File a Reply as an attachment. The filing was entered into the court record on January 20, 2026, as **Docket Number 49**. I served a copy of the filings to the defendant via email on this date.

**43.  Court Filing: Plaintiff's Notice of Change of Contact Information — 5/14/2026**

On May 14, 2026, I emailed a formal filing to the United States District Court for the Western District of Arkansas, Fayetteville Division, for my case Lee v. Wal-Mart Stores Arkansas, LLC (Case Number 5:24-CV-05190). Operating pro se, I submitted my Plaintiff's Notice of Change of

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Contact Information. Shortly after transmission, I independently identified that the attached document lacked page numbering. Prior to any court notification or defense objection, I proactively sent an updated copy containing the necessary pagination, requesting that the clerk's office accept and file the revised version instead. The finalized document was officially accepted and entered into the court record on May 14, 2026, as **Docket Number 56**. I served copies of the filings to the defendant via email on this date.

**44.  Email to Court-Appointed Stand-By Counsel Asserting Pro Se Rights — 5/18/2026**

On May 18, 2026, I emailed Ms. Katelynn Bookout of Miller Butler Schneider Pawlik Rozzell, who had been appointed as my stand-by counsel by Magistrate Judge Comstock pursuant to the Court's Order Appointing Stand-By Counsel (Docket No. 55, filed May 13, 2026). The email was sent in response to Ms. Bookout's request to communicate by phone.

In my email, I advised Ms. Bookout that my phone number previously registered with the court was no longer in service, and that I required all communications to remain in writing via email in order to maintain an accurate and clear written record of all correspondence.

I further advised Ms. Bookout that pursuant to Federal Rule of Civil Procedure 72(a), I was in the process of preparing and formally filing Objections with District Judge Fowlkes regarding the May 13, 2026, Order, alongside a Motion to Stay that order pending review. Given those

**Page 32 of 34 - Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

pending filings and my pro se status, I requested that she not stipulate to, negotiate, or agree to any deposition dates or terms with Defendant's counsel on my behalf.

I also expressly invoked my statutory right to self-representation under 28 U.S.C. § 1654, asserting full pro se control over my case, and advised that if a third deposition were ultimately required following Judge Fowlkes' review of my objections, I intended to coordinate directly with Defendant's counsel regarding scheduling and logistics. I explicitly stated that I did not authorize Ms. Bookout or anyone else to take those actions or any other actions on my behalf.

(See Docket No. 55, filed May 13, 2026 — Order Appointing Stand-By Counsel.)

**45. Email to Defense Counsel — Meet and Confer Notice Regarding Rule 72(a) Objections and Motion to Stay — 5/21/2026**

On Wednesday, May 21, 2026, before 8:00 a.m., I emailed defense counsel Timothy Chad Hutchinson to provide a Meet and Confer Notice pursuant to Local Rule 6.2(b) of the Western District of Arkansas. The notice advised defense counsel that I was preparing to file the following documents with the Court prior to my May 27, 2026, Rule 72(a) filing deadline:

1. Plaintiff's Motion for District Court Review of Magistrate Judge's Order (Doc. 55) Pursuant to Fed. R. Civ. P. 72(a)

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

2. Brief in Support of Plaintiff's Objections to Magistrate Judge's Order (Doc. 55) and

   Motion to Stay Pending District Court Review

The notice specifically inquired whether Defendant opposed or did not oppose Plaintiff's

requested stay of the June 30, 2026, deposition deadline imposed by Docket No. 55, pending

District Judge Fowlkes' review of Plaintiff's Rule 72(a) Objections. I requested a written

response from defense counsel by end of business day Friday, May 22, 2026, providing two full

business days to respond. I advised defense counsel that if no response was received by that

deadline, I would note the lack of response in my filing.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To
Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.