# Exhibit 3 - 526

Some Examples showing Walmart Defense Counsel's Improper Conduct During Depositions and Proceedings, Including Improper Questions Directed at Plaintiff (Harassing, Argumentative, Compound, and Repetitive), with Supporting Transcript Excerpts

## TABLE OF CONTENTS

**I:** Defense Counsel's Argumentative Questioning *(w/ transcript excerpts)*............................... **2**

**II:** Defense Counsel's Compound Questions *(w/ transcript excerpts)*...................................... **12**

**III:** Defendant's Repetitive Questioning Despite Plaintiff's Medical Accommodation *(w/ transcript excerpts)*..................................................................................................... **19**

**IV:** Defendant's Mischaracterization of Plaintiff's Testimony *(w/ transcript excerpts)*............ **22**

**V:** Defendant's Denial of Reasonable Support During Depositions ......................................... **26**

**VI:** Defendant's Mischaracterization of Deposition Duration .................................................. **28**

**VII:** Defendant's Use of Uncertified Transcript *(Dec. 17, 2025)* ............................................. **29**

**VIII:** Defendant's Litigation Conduct Causing Undue Burden ................................................. **29**

**IX:** Correction of Defendant's Mischaracterization of January 5, 2026 Notice ....................... **30**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

## SECTION I:   Deposition Transcript Excerpts Reflecting Defense Counsel's Argumentative Questioning

---

The transcript citations below are taken from the September 12, 2025 and December 17, 2025 depositions conducted by Defendant. A copy of the transcripts and the errata sheets are included in Exhibit 6 of Docket Entry 47, Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss, January 16, 2026.

*Each excerpt demonstrates argumentative tactics, improper narration, or repeated challenges to Plaintiff's reasonable responses, rather than eliciting new testimony.*

---

**Defense Counsel engages in unnecessary narration of response times to intimidate the witness.**

**Question**: For the record, We've sat here for minutes on these two questions. Just silence. I'1I restate the question yet again for the third time. Ms. Lee, do you have any independent recollection, and by that I mean not referencing notes -- do you have any independent recollection of the events surrounding your employment at Walmart? Page 77, lines 18-23, September 12, 2025 Transcript

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Answer**: Since the events occurred over two years ago and under the stress of a deposition, having notes and being able to make sure that my answers are accurate and that I'm not guessing, it helps me to refer to notes to make sure that I'm giving clear, accurate and honest answers. Page 77, lines 24-25; Page 78, lines 1-3, September 12, 2025 Transcript

---

**Counsel engages in argumentative narration by "counting the clock" to portray the witness's careful review of a document as an intentional delay.**

**Question**: Ma'am, it's been over a minute and a half. Do you need me to restate the question? Page 12, lines 21–22, December 17, 2025 Transcript

**Answer**: I'm taking the time that I need to ensure accurate testimony for this question. Page 12, lines 23–24

---

**Defense Counsel mischaracterizes the nature of the witness's notes and uses hyperbolic language to suggest the witness is incapable of answering.**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Question**: ...Could you not recall those new notes from your memory ... Why is it two weeks later now you can't answer a single question without reviewing the notes that you prepared two weeks ago? Page 75, lines 23-25, September 12, 2025 Transcript

**Answer:**   That seems like it may be a misstatement because what I sent you as the Amended Discovery Responses, those were things that were put together during the time that this occurred, like in 2023... Page 76, lines 1-3, September 12, 2025 Transcript

---

**Defense Counsel attempts to force the witness to verify a document they do not recognize by using a hypothetical, argumentative "what if" framing.**

**Question**: ...what if I told you that is the Amended? That document is the same as the Amended. Now, will you answer questions about it? The link on your Amended goes to that page. Page 69, lines 19-21, September 12, 2025 Transcript

**Answer**: I'm assuming from what you said earlier that. this was provided --I don't think that this is my Amended. It doesn't look like the Amended... Page 69, lines 22-24, September 12, 2025 Transcript

---

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel engages in unnecessary narration of response times to intimidate the witness before asking a basic demographic question.**

**Question**: For the record the question, is about -- there's about a 40-second delay between the question about the gender and national origin and the witness's response. The next question is about Darshan. What is Darshan's gender? Page 72, lines 12-15, September 12, 2025 Transcript

**Answer**: To the best of my knowledge, he was a male. Page 72, line 15, September 12, 2025 Transcript

---

**Defense Counsel continues to badger the Plaintiff by documenting short pauses in the record to imply evasiveness where none exists.**

**Question**: For the record, there's a 16-second, delay. And Darshan's nationality? Page 72, lines 17-18, September 12, 2025 Transcript

**Answer**: I believe Darshan was from India. Page 72, line 19, September 12, 2025 Transcript

---

Page 5 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel employs a leading and hostile questioning style while narrating seconds of silence to pressure the Plaintiff.**

**Question**: There was a 20 second delay. None of these three individuals, Prakhar, Charan, Darshan are African American females are they? Page 72, line 20-22, September 12, 2025 Transcript

**Answer**: To the best of my recollection, no.   Page 72, line 23, September 12, 2025 Transcript

---

**Defense Counsel manufactures a false claim of "refusal to answer" and utilizes a loaded question to disparage the witness's procedural concerns.**

**Question**: ...now you're refusing to answer any questions about this document, simply because it has a Bates Stamp on it, or it came to us in a different production? Page 70, Lines 11-13, September 12, 2025 Transcript

**Answer**: It sounds to me that you have made some misstatements here, and you are attributing them to me, but I want to state clearly for the record... Page 70, Lines 14-16, September 12, 2025 Transcript

---

Page 6 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel engages in improper narration of the record and aggressive badgering regarding the witness's use of produced discovery materials.**

**Question**: Let the record reflect at least a 30-second gap between the end of my question and the beginning of her response. What notes are you talking about? Page 65, lines 2-4, September 12, 2025 Transcript

**Answer**: The information that I submitted through, like I emailed you, the Amended.... Page 65, lines 5-6, September 12, 2025 Transcript

---

**Counsel utilizes a "badgering" tone by characterizing the witness's refusal to verify an unfamiliar document as a "refusal to answer a simple question."**

**Question**: So, are you refusing to answer the simple question, did you prepare this and submit it to the EEOC? It has nothing to do with the amended and supplemental. Is this what was submitted to the EEOC? Page 11, lines 22–25

**Answer**: Objection.  Sir, I've already answered this question. Please refer to my previous answer. This question has already been asked and answered.  Page 12, lines 1–3

> **Note: This is argumentative because it ignores the witness's prior testimony that the document "is not what I submitted."*

Page 7 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Counsel attempts to restrict the witness's testimony by demanding they only provide information the attorney deems relevant, rather than allowing the witness to explain why they do not recognize the exhibit.**

**Question**: Ms. Lee, the question is, do you recognize Exhibit 3? Can you identify it? I don't need you to tell me what it's not. Do you recognize Exhibit 3? Page 9, lines 5–7

**Answer**: This question has already been asked and answered... part of that is this question has an improper foundation... this is not what I submitted... Page 9, lines 8–13

**Defense Counsel's Argumentative Questioning:**  **Defense counsel framed preliminary questions as implicit threats of court intervention and/or sanctions rather than neutral background inquiries.**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Citation:**  Page 6, lines 23–25 and Page 7, lines 1-2; December 17, 2025 Transcript:

"*...you understand that questions or your refusal to answer certain questions would necessitate me obtaining guidance from Judge Comstock...*"

**Transcript Evidence (Questioning):**

 Defense counsel asserted that Plaintiff's responses or refusals to answer would "necessitate" contacting the Magistrate Judge, embedding an accusatory premise into the questioning.

**Plaintiff's Responses:**

Plaintiff identified the false premise in the question and objected appropriately, then confirmed her understanding of being under oath.

**Plaintiff Citations:**

- Page 7, lines 3–4: "I actually think that there's a false premise in that question and I also object to it being leading."
- Page 7, line 10: "I do understand that."

---

**Defense Counsel's Argumentative Questioning:**

Page 9 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Defense counsel repeatedly accused Plaintiff of refusing to answer questions after Plaintiff had already responded.

**Defense Citation:**

Page 7, lines 17–18; Page 9, line 10, December 17, 2025 Transcript

**Transcript Evidence (Questioning):**

Defense counsel asserted that Plaintiff was "not going to answer" or was "refusing" to comply, despite Plaintiff providing answers or explaining objections to false premises.

**Plaintiff's Responses:**

Plaintiff clarified that she had answered and explained why the premise of the question was inaccurate.

**Plaintiff Citations:**

Page 7, lines 18–20:

"I don't accept the false premise in the question."

"I provided an answer to the question."

---

**Defense Counsel's Argumentative Questioning:**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Defense counsel characterized Plaintiff's conduct on the record in an accusatory manner rather than asking a question relevant to the case.

**Defense Citation:**

Page 8, lines 4–7; December 17, 2025 Transcript "*So, first of all, for the record, you've got a small whiteboard in front of you and you were writing on that whiteboard…. For the record, she's erasing what she wrote.*"

**Transcript Evidence (Questioning):**

Defense counsel narrated Plaintiff's actions ("she's erasing what she wrote") and demanded an explanation, rather than asking a deposition question relevant to the case.

**Plaintiff's Responses:**

Plaintiff asserted privilege and maintained her objection without escalating the exchange.

**Plaintiff Citations:**

Page 8, lines 9–12:

"*I would say, objection, privilege.*"

"*I would say my previous objection, I stand by that.*"

---

**Conclusion**

Page 11 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Under Federal Rule of Civil Procedure 30(d)(3), <u>a deposition must be conducted in good faith;</u> <u>the rules expressly prohibit questioning that 'unreasonably annoys, embarrasses, or oppresses the</u> <u>deponent</u>.' This procedural protection applies to all deponents equally. The argumentative, compound, and repetitive nature of the questions shown here—coupled with the improper narration of silence and the use of implicit threats of sanctions—demonstrates that the examiner's conduct was intended to badger and oppress the witness rather than to elicit factual information in a professional manner."

The excerpts above reflect that defense counsel frequently framed questions in an argumentative or accusatory manner, including asserting refusals to answer, narrating Plaintiff's conduct, and posing irrelevant inquiries. Despite this, Plaintiff responded calmly, asserted appropriate objections, clarified false premises, and consistently stood by her prior testimony and verified discovery responses.

## SECTION II:  Deposition Transcript Excerpts Reflecting Defense Counsel's Compound Questions

---

The transcript citations below are taken from the September 12, 2025 and December 17, 2025 depositions conducted by Defendant of Plaintiff. A copy of the transcripts and the errata sheets

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

are included in Exhibit 6 of Docket Entry 47, Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss, January 16, 2026.

---

**Defense Counsel improperly joins a query about the witness's independent memory with a secondary query regarding the exclusivity of written notes.**

**Question**: Now, will you answer my question?...Do you have any independent recollection of the events that occurred surrounding your employment with Walmart, or are we just left with these notes? Page 77, lines 10-16, September 12, 2025 Transcript

**Answer**: Please restate the question. Page 77, line 17,

---

**Defense Counsel combines a question regarding the witness's understanding of procedures with a conditional premise regarding their future refusal to answer.**

**Question**: ...you understand that questions or your refusal to answer certain questions would necessitate me obtaining guidance from Judge Comstock? Page 6, lines 23–25; Page 7, lines 1-2, December 17, 2025 Transcript

**Answer**: I actually think that there's a false premise in that question and I also object to it being leading... I do understand that [I am under oath]. Page 7, lines 3–4, 10

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel improperly bundles compound questions into the witness's cognitive understanding, comprehension, and ability to articulate answers into a single question.**

**Question**: Are you able to understand, comprehend, and articulate answers to the questions that I ask today? Page 8, lines 13-14, September 12, 2025 Transcript

**Answer**: Yes. Page 8, line 15

**Defense Counsel combines a challenge to the witness's memory of "new notes" with a separate, loaded "why" question regarding their overall ability to answer questions without review.**

**Question**: ...Could you not recall those new notes from your memory ... Why is it two weeks later now you can't answer a single question without reviewing the notes that you prepared two weeks ago? Page 75, lines 23-25, September 12, 2025 Transcript

**Answer**: That seems like it may be a misstatement because what I sent you as the Amended Discovery Responses, those were things that were put together during the time that this occurred, like in 2023... Page 76, lines 1-3

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel combines a hypothetical statement of fact regarding a document's identity with a separate demand for the witness to answer questions about it.**

**Question**: ...what if I told you that is the Amended? That document is the same as the Amended. Now, will you answer questions about it? The link on your Amended goes to that page. Page 69, lines 19-21, September 12, 2025 Transcript

**Answer**: I'm assuming from what you said earlier that. this was provided --I don't think that this is my Amended. It doesn't look like the Amended... Page 69, lines 22-24

---

**Defense Counsel improperly merges an inquiry into the witness's current refusal to answer with two separate, speculative reasons for that refusal (Bates Stamps or production source).**

**Question**: ...now you're refusing to answer any questions about this document, simply because it has a Bates Stamp on it, or it came to us in a different production? Page 70, Lines 11-13, September 12, 2025 Transcript

**Answer**: It sounds to me that you have made some misstatements here, and you are attributing them to me, but I want to state clearly for the record... Page 70, Lines 14-16, September 12, 2025 Transcript

---

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel merges a query about the use of Bates-stamped documents with an inquiry into whether this system creates a specific "issue" for the witness.**

**Question**: Do you understand that today we're going to use documents that have been Bates stamped? Each page is numbered either with a Bates stamp or an exhibit number. Does that create any issue for you today? Page 7, lines 11–14, December 17, 2025

**Answer**: Objection leading. That's a leading question and it also appears to have an improper foundation. Page 7, lines 15–16

---

**Defense Counsel bundles a demand for a demographic confirmation across three separate individuals (Prakhar, Charan, and Darshan) into a single inquiry.**

**Question**: There was a 20 second delay. None of these three individuals, Prakhar, Charan, Darshan are African American females are they? Page 72, line 20-22, September 12, 2025 Transcript

**Answer**: To the best of my recollection, no. Page 72, line 23

---

Page 16 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Defense Counsel asked a compound question joining questioning about the Plaintiff's attire (necklaces) with a directive for the Plaintiff to read specific text aloud for the record.**

**Question**: You have necklaces on. Would you just read, for the record? They have words on your necklaces. Would you just read out what those words are on your necklace? Page 8, lines 13–15, December 17, 2025

**Answer**: Objection. The question calls for irrelevant personal information. I'm not willing to give. Page 8, lines 16–17

---

**Counsel bundles a "loaded" question regarding a refusal to answer with a compound inquiry about both the preparation and submission of a document, while explicitly telling the witness to ignore their previous testimony.**

**Question**: So, are you refusing to answer the simple question, did you prepare this and submit it to the EEOC? It has nothing to do with the amended and supplemental. Is this what was submitted to the EEOC? Page 11, lines 22–25

**Answer**: Objection. Sir, I've already answered this question. Please refer to my previous answer. This question has already been asked and answered.

---

Page 17 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Counsel improperly bundles multiple distinct actions—organizing, drafting, and writing—into a single inquiry regarding the "preparation" of an exhibit, making it difficult for the witness to provide a precise answer.**

**Question**: Did you prepare any part -- and by prepare, I mean did you organize, draft, write. Did you prepare any part of Exhibit 3? Page 12, lines 19–20

**Answer**: To the best of my knowledge, my amended and supplemental discovery responses would be the best place to find my position. What seems to be here that I've looked at is not my original work product. Page 13, lines 3–6

---

Under Federal Rule of Civil Procedure 30(d)(3), <u>a deposition must be conducted in good faith; the rules expressly prohibit questioning that 'unreasonably annoys, embarrasses, or oppresses the deponent</u>.' This procedural protection applies to all deponents equally. The argumentative, compound, and repetitive nature of the questions shown here—coupled with the improper narration of silence and the use of implicit threats of sanctions—demonstrates that the examiner's conduct was intended to badger and oppress the witness rather than to elicit factual information in a professional manner."

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**SECTION III:  Deposition Transcript Excerpts Showing Repetitive Questioning Directed at Plaintiff Despite Plaintiff's Medical Accommodation and Objections**

---

A copy of the transcripts and the errata sheets are included in Exhibit 6 of Docket Entry 47, Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss, January 16, 2026.

**Plaintiff's Statement of Medical Necessity:**

"I want to place a statement on the record regarding a necessary procedural accommodation for a documented medical condition... To ensure I can provide accurate and complete testimony, I'm asserting my right to the following reasonable medical accommodations... I reserve the right to request a short additional break following any period of intense or overly argumentative questioning to manage my condition." Page 5, Lines 8–20, December 17, 2025, Deposition Transcript

---

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Counsel repeatedly asked the Plaintiff to identify the specific phone used for recording after the Plaintiff had already confirmed she was recording and provided notice, shifting the focus from the case to the Plaintiff's personal privacy.  (December 17, 2025 Deposition)**

**Question**: Which phone are you using to record it? You've got two in here. Page 6, Lines 9–10

**Answer**: ...I'm using the phone, at least a phone to record it. Page 6, Lines 11–12

**Question**: Are both phones being used to record this deposition? Page 6, Line 13

**Answer**: I would say for privacy reasons I object to that... Page 6, Line 14

---

**Despite a standing agreement that Plaintiff was taking time to ensure accuracy, Counsel repeatedly interrupted the Plaintiff's review of Exhibit 3 to comment on the length of her silence and restate the same question.   (December 17, 2025 Deposition)**

**Question**: My question is, do you recognize Exhibit 3? Ms. Lee, it's been over a minute and you've just been writing on the whiteboard. Do you need me to restate the question? Page 10, Lines 16–19

**Answer**: I'm taking the necessary time that I need to answer the question to ensure clear and accurate testimony. Page 10, Lines 20–21

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Question**: Well, the question is, do you recognize Exhibit 3? Can you identify Exhibit 3? Page 10, Lines 22–23

---

**Counsel repeatedly demanded that the Plaintiff turn to and identify Exhibit 3, even after the Plaintiff had consistently objected that the question mischaracterized the evidence and had already been addressed.  (December 17, 2025 Deposition)**

**Question**: ...will you just turn to Exhibit 3 in the exhibit notebook? Page 9, Lines 6–7

**Answer**: Sir, I stand by the previous objection to that question. It's already been asked and answered. Page 9, Lines 8–9

**Question**: Are you refusing to turn to Exhibit 3? Page 9, Line 10

   ** Note: Plaintiff previously stated she did not recognize Exhibit 3 as her own production after Defendant presented it and inaccurately tried to attribute it to her.

---

**Counsel repeatedly utilized threats of seeking "guidance" or intervention from the Magistrate Judge to pressure the Plaintiff into answering questions that she had already identified as having a false premise.**

Page 21 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Question**: ...your refusal to answer certain questions would necessitate me obtaining guidance from Judge Comstock. Do you understand that's why we're here? Page 6, Lines 24–25; Page 7, Lines 1–2

**Question**: Are you not going to answer that question? Page 7, Line 17

**Question**: Okay. Well, let's take our first break and we'll get Judge Comstock in here. Page 7, Lines 21–22

---

Under Federal Rule of Civil Procedure 30(d)(3), <u>a deposition must be conducted in good faith; the rules expressly prohibit questioning that 'unreasonably annoys, embarrasses, or oppresses the deponent</u>.' This procedural protection applies to all deponents equally. The argumentative, compound, and repetitive nature of the questions shown here—coupled with the improper narration of silence and the use of implicit threats of sanctions—demonstrates that the examiner's conduct was intended to badger and oppress the witness rather than to elicit factual information in a professional manner."

## SECTION IV:  Deposition Transcript Excerpts Demonstrating Defendant's Mischaracterization of Plaintiff's Testimony to the Court

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

The transcript citations below are taken from the December 17, 2025 deposition. A copy of the transcripts and the errata sheets are included in Exhibit 6 of Docket Entry 47, Plaintiff's Response in Opposition to Walmart Inc.'s Motion to Dismiss, January 16, 2026.

1. **Defendant's Mischaracterization:  Plaintiff allegedly refused to answer whether Exhibit 3 was submitted, prepared, and/or turned in.**

   a. **Defendant's Citation:** Page 16, lines 4–13: "Ms. Lee refused to answer if she recognizes or can identify Exhibit 3… refused to answer whether Exhibit 3 was prepared… refused to answer whether the documents… are valid and authentic…"

   b. **Transcript Evidence (Plaintiff's Responses):** Plaintiff repeatedly stated that Exhibit 3 is not what she submitted, and that her actual submissions are reflected in her verified amended and supplemental discovery responses.

   c. **Plaintiff Citations:**  Page 11, lines 2–4: "Looking at Exhibit 3, this is not what I submitted and I would refer you to either my amended or supplemental discovery responses."

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

    i.    Page 11, lines 19–21: "To the best of my recollection, this is not what I submitted… please look at my verified amended and supplemental discovery responses."

    ii.    Page 12, lines 2–3: "I've already answered this question. Please refer to my previous answer."

    iii.    Page 13, lines 5–6: "What seems to be here… is not my original work product."

---

2. **Defendant's Mischaracterization: Plaintiff allegedly refused to answer whether the documents in Exhibit 3 are valid or authentic.**

    a.  **Defendant Citation:** Page 16, lines 8–11

    b.  **Transcript Evidence:** Plaintiff explained she could not verify the documents as her own.

    c.  **Plaintiff Citations:** Page 12, lines 10–13: *"This is not what I submitted."*

---

3. **Defendant's Mischaracterization: Plaintiff allegedly refused to answer whether Exhibit 1 was her Complaint.**

Page 24 of 31 **- Exhibit 1-526**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

a.  **Defendant Citation:** Page 39, lines 22–25: *"Most recently, Ms. Lee has stated under oath on the record that she has no recollection of the events that she alleges constituted a violation of Title VII in the Arkansas Civil Rights Act."*

b.  **Transcript Evidence:** Plaintiff explained she could not verify the copy presented by opposing counsel and directed reference to the court-filed complaint.

c.  **Plaintiff Citations:**  Page 34, lines 6–12: *"...opposing counsel brought an unverified binder of documents, and from this, he said that my Complaint was in it, and after looking at that, what he said was my Complaint, to the best of my recollection, I can't verify the documents that opposing counsel has brought as my Complaint. But if you want to see exactly what my Complaint is, please see what was filed with the court, the Complaint that was filed with the court for me."*

d.  **Plaintiff Errata Reference:** Page 39, lines 8–10 clarifies that Plaintiff's "I don't remember" statement relates to her inability to independently verify the document that opposing counsel brought from memory (linked to Page 34, lines 4–12).

4.  **Defendant Mischaracterization to the Court: Plaintiff did not provide any answers during depositions.**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

a.  **Defendant Citation:** Page 39, lines 18–22, : *"I would ask the Court to consider the fact that I have now deposed Ms. Lee over a period of about 12 to 13 hours, between two days, and outside of confirmation of name and I think working for Walmart, I've gotten no answers to the questions that I've asked...."*

b.  **Transcript Evidence:** The transcript demonstrates multiple, substantive answers regarding preparation, authorship, and verification of exhibits and documents. Plaintiff also attempted to clarify and direct counsel to court-filed materials.

c.  **Plaintiff Citations:** Pages 11–13, 17–18, 29, 30, 34, 39.

**Conclusion**

Defendant's motion mischaracterizes Plaintiff's deposition conduct. The transcript demonstrates that Plaintiff repeatedly answered core questions or provided valid explanations for her inability to recall or verify certain documents. Plaintiff's actions were consistent with her obligations, including the limitations imposed by the Court regarding which documents she could reference.

**SECTION V:  Defendant's Denial of Reasonable Support During Depositions and the Resulting Burden on Plaintiff**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**Background: Request for Accommodation (Support Person)**

During the in-person depositions that Defendant demanded, Plaintiff requested that her mother be allowed to sit in the room as a support person. This request was reasonable: her mother was not expected to participate, speak, or interfere in any way, but simply to provide quiet support to mitigate the stress of the proceedings, particularly given Plaintiff's documented health condition, the demands of the depositions, long drives required of her travel to the depositions, and her pro se status..

**Defendant's Refusal and Resulting Burden**

Defendant, denied request and required Plaintiff's mother to remain outside the room while person(s) that defendant brought were all allowed to sit in the depositions room. This refusal exemplifies Defendant's choice to pursue aggressive procedural tactics rather than accommodate reasonable measures that could have reduced unnecessary burden on Plaintiff. The denial directly contributed to Plaintiff's stress and health difficulties, illustrating the tangible impact of Defendant's litigation strategy.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**SECTION VI:  Defense Counsel's Mischaracterization of Deposition Duration as Reflected in the Deposition Transcripts**

Defendant's counsel asserted to the Court during the second deposition that Plaintiff had been deposed "over a period of about 12 to 13 hours, between two days." However, the deposition records tell a different story. According to the first deposition notice, the session on September 12, 2025, began at 9:00 a.m., and Plaintiff's records indicate it concluded approximately around 3:00–4:00 p.m. Defendant also stated in its September 22, 2025, court filing that the first deposition was a nearly seven-hour deposition. The second deposition, held on December 17, 2025, ran from 9:30 a.m. to 12:43 p.m., as verified by the transcript. Even taking Defendant's prior statement about the first deposition at face value, the total time for both depositions is not the 12–13 hours inaccurately claimed.

This mischaracterization reinforces that Defendant relied on exaggerated and inaccurate assertion**s** in its motions and filings, further evidencing a pattern of aggressive procedural tactics. Such tactics generated unnecessary disputes, increased the burden on Plaintiff, and wasted Court resources. This context is critical in evaluating Defendant's Rule 37 motion, which seeks the most extreme sanction despite Plaintiff's continued good-faith participation in discovery.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

**SECTION VII:  Defendant's Use of an Uncertified Transcript from the December 17, 2025 Deposition in Its Motion**

**Defendant's Improper Use of an Uncertified Transcript from the December 17, 2025 Deposition**

Defendant's response, filed on January 7, 2026, relied on alleged quotes from the deposition transcript, and a supplement filed on January 8, 2026 attached the transcript. This was premature and inappropriate, as the transcript had not yet been finalized and contained errors that Plaintiff later corrected with her errata sheet.

By using these quotes at that time, Defendant's counsel attempted to:

- Present an uncertified record as fact; and

- Preempt Plaintiff's corrections, potentially creating a misleading narrative.

This conduct reflected Defendant's broader pattern of pursuing aggressive procedural tactics aimed at gaining unfair advantage, rather than engaging in fair, cooperative litigation.

**SECTION VIII:  Defendant's Litigation Conduct Resulting in Prolonged Proceedings and Burden on the Court and Plaintiff**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

This action could have been resolved substantially earlier through meaningful engagement in settlement. Plaintiff participated in a court-ordered settlement conference on 4/3/2025 and articulated a resolution framework focused on restoration of her career, correction of her employment record, recovery of lost monetary benefits such as back pay, and other non-monetary relief necessary to make her whole following the unlawful harassment, discrimination, and termination.

Defendant declined to engage with those restorative terms and instead presented a nominal monetary offer of $5,000 that did not meaningfully address the scope of the economic, professional, and reputational harm at issue. Defendant offered no counterproposal addressing reinstatement, correction of records, or other non-monetary relief.

Following the failed settlement conference, Defendant did not pursue discovery designed to resolve the case efficiently. Instead, Defendant adopted an aggressive discovery posture, insisted on depositions premised on disputed and unverified document compilations, and escalated procedural disputes through repeated and unnecessary motion practice directed at a pro se party.

**SECTION IX:  Plaintiff's Correction of Defendant's Mischaracterization of Plaintiff's January 5, 2026 Notice and Declaration**

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.

Defendant further mischaracterizes Plaintiff's January 5, 2026 Notice and declaration as asserting that documents produced by prior counsel were merely "not identical" to Plaintiff's originals. Plaintiff did not make that claim. Plaintiff stated that the disputed compilation materially differed from her verified discovery responses, that she did not authorize, verify, or adopt those materials, and that she cannot attest to when, how, or by whom the compilation was created or altered. Plaintiff expressly stated that she does not know who made the changes. Defendant's reframing of this clarification as a refusal to answer questions or as irrelevant to Rule 37 improperly distorts the substance of Plaintiff's sworn position.

Plaintiff's Motion For District Court Review Of Magistrate Judge's Order (Doc. 55) Pursuant To Fed. R. Civ. P. 72(a) And Motion To Stay Pending District Court Review

Case No. 5:24-CV-05190, Lee v. Wal-Mart Stores Arkansas, LLC.