**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                                    **PLAINTIFF**


**v.**                               **Case No.  5:24-CV-05190**


**WAL-MART STORES ARKANSAS, LLC**                              **DEFENDANT**


**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**
**AND FOR SANCTIONS (DOC. 60)**


### I. INTRODUCTION

Plaintiff Kelli Lee, proceeding pro se, respectfully opposes Defendant's Motion to Strike and for Sanctions (Doc. 60). Defendant seeks the extreme remedy of striking Plaintiff's Motion for District Court Review (Doc. 58), the supporting Brief (Doc. 59), and all five exhibits — eliminating Plaintiff's legal right to district court review of a magistrate order — while simultaneously seeking sanctions and attorneys' fees against a pro se plaintiff of limited means. That relief is wholly unwarranted and should be denied.

As a threshold matter, this motion must be decided by District Judge Fowlkes, not by Magistrate Judge Comstock, because Docs. 58 and 59 are Plaintiff's Rule 72(a) objections to Magistrate Judge Comstock's own order. It would be fundamentally contrary to the structure and purpose of Rule 72 for the magistrate judge whose order is being challenged to rule on a motion to eliminate that challenge.

On the merits, the motion fails for several independent reasons. First, t**he Court's Order Setting Settlement Conference (Docket #15), attached to this filing as Exhibit 1 – 6261**, does

Page 1 of 10 - Plaintiff's Response in Opposition

not prohibit parties from referencing settlement proceedings in subsequent filings — <u>it directs the magistrate judge to keep confidential the matters communicated to him.</u> <u>Second, Federal Rule of Evidence 408 does not prohibit the use of settlement communications for all purposes —</u> <u>it prohibits their use to prove or disprove liability or the amount of a claim</u>, which is not what Plaintiff did here. Third, even if the small portion of Plaintiff's filing that mentioned settlement talks were considered sensitive, striking a 98-page filing — including Plaintiff's Rule 72(a) objections — would be a grossly disproportionate sanction that would deny Plaintiff her legal right to appeal. Fourth, Rule 12(f), <u>the procedural vehicle Defendant invokes, does not apply to motions, briefs, or exhibits — only to pleadings.</u>

## II. FACTUAL BACKGROUND

### A. What Doc. 15 Actually Says

On January 7, 2025, Magistrate Judge Ford issued the **Order Setting Settlement Conference (Docket #15), attached hereto as Exhibit 1 – 6261**. The confidentiality provision of that Order states as follows:

> *"It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential by him, and will not be disclosed to any other party, or to the trial judge."*

Doc. 15 at 1 (emphasis added). By its plain text, the confidentiality directive runs to the magistrate judge — it binds him to keep confidential what is communicated to him. The Order does not contain any prohibition on a party referencing events that occurred during the

conference in subsequent filings. Defendant does not cite to any provision of Doc. 15 that expressly forbids a party from making such references, because no such provision exists.

**B. Plaintiff's Good-Faith Purpose in Referencing the Settlement Conference**

Plaintiff's Exhibit 1 – 526 (Docket 58-1) is a 34-page, dated, itemized list of the steps Plaintiff has taken to advance this litigation as a pro se litigant and one event prior to becoming pro se — 45 separate documented actions spanning from April 2025 through May 2026. The list was prepared specifically to refute the false premise of Magistrate Judge Comstock's May 13, 2026 Order (Doc. 55), which stated that Plaintiff "either does not understand her obligations under the Federal Rules of Civil Procedure or is refusing to participate in her deposition for some other reason." Doc. 55 at 1.

The settlement conference appears as item number 1 on that 34-page list. It is referenced because Plaintiff attended it — driving approximately 220 miles round-trip at her own expense — which is directly relevant to demonstrating her willingness to participate in court-ordered proceedings. Dockets 58 and 59 total 98 pages, with settlement conference references comprising less than 1 percent.

**C. Plaintiff's Recollection of the Settlement Conference**

Plaintiff attended the April 3, 2025 settlement conference. Her mother was also present. At the time of the conference, Plaintiff was represented by counsel. Plaintiff does not recall Judge Ford verbally instructing the parties that the content of settlement offers could not be referenced in future filings. Plaintiff's mother, who was also present, does not recall any such instruction either. Plaintiff's then-counsel, who attended the conference on Plaintiff's behalf,

never advised Plaintiff that she was prohibited from referencing the settlement offers made during the conference.

Defendant's motion relies solely on its own claims of "information and belief" regarding the content of Judge Ford's verbal instructions. Doc. 60 at 2. Sanctions require a clear and definite showing of the obligation allegedly violated. A sanctions motion resting on "information and belief" about what a judge may have said verbally — against the specific recollections of two people who were present at the settlement conference and who recall no such instruction — does not meet that standard.

### III. ARGUMENT

**A. This Motion Must Be Decided by District Judge Fowlkes, Not by Magistrate Judge Comstock**

Plaintiff's filings in Docs. 58 and 59 are her Rule 72(a) objections to Magistrate Judge Comstock's May 13, 2026 Order (Doc. 55). Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), those objections are directed to District Judge Fowlkes for his review and decision. Defendant's motion to strike those objections must likewise be decided by District Judge Fowlkes — not by Magistrate Judge Comstock.

Allowing Magistrate Judge Comstock to rule on a motion to strike Plaintiff's appeal of her own order would allow the magistrate judge to effectively decide whether her own order gets reviewed by the district court. That is precisely what Rule 72 is designed to prevent. The rule creates a mechanism for district court review of magistrate orders; that mechanism cannot be nullified by a motion routed back to the very judge whose order is being challenged.

This is not a procedural technicality. If Magistrate Judge Comstock were to grant the motion to strike, Plaintiff's Rule 72(a) objections would be eliminated before District Judge Fowlkes ever had the opportunity to review them. The integrity of the Rule 72(a) process requires that this motion be referred to Judge Fowlkes for decision alongside Plaintiff's objections.

**B. Doc. 15 Does Not Prohibit Parties from Referencing Settlement Proceedings in Court Filings**

Defendant argues that Plaintiff violated "the Court's own confidentiality directives set forth in the Order Setting Settlement Conference." Doc. 60 at 1. But this argument misreads the Order. As the text of **Exhibit 1 – 6261** confirms, Doc. 15 contains two relevant confidentiality provisions. The first states that the conference will be "conducted in such a manner as not to prejudice any party in the event settlement is not reached." Doc. 15 at 1. The second states that "all matters communicated to the undersigned in confidence will be kept confidential by him." Id. (emphasis added).

Both provisions describe the obligations of the presiding magistrate judge, not the obligations of the parties. The Order binds Judge Ford to maintain the confidentiality of what is shared with him. It does not contain an express prohibition on a party's subsequent reference to the conference in a court filing. Courts may not impose sanctions for violations of obligations that an order does not impose. Defendant cannot expand a judicial order beyond its plain text to create a prohibition that the Order does not contain.

This distinction is important. Courts that intend to bind parties to settlement conference confidentiality typically use explicit language directed at the parties — for example, ordering

that "no party shall disclose" the content of communications, or requiring the parties to sign a confidentiality agreement. Doc. 15 contains no such party-directed prohibition. Defendant also cites 28 U.S.C. § 652(d), which requires district courts to establish confidentiality rules for alternative dispute resolution processes. That statute, however, directs courts to create confidentiality frameworks — it does not itself impose obligations on parties. The court's implementation of that statute is Doc. 15 itself, which as shown above, binds the judge and not the parties. Defendant should not be permitted to obtain sanctions based on an implied prohibition that neither the written Order nor the statute supports.

**C. Federal Rule of Evidence 408 Does Not Bar Plaintiff's Use of Settlement Information**

Federal Rule of Evidence 408(a) provides that evidence of compromise negotiations is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a)(2). That prohibition does not apply here. Plaintiff did not reference the settlement conference to prove or disprove liability, or to establish or challenge the amount of damages. She referenced it to document that she attended a court-ordered proceeding — one of 45 documented steps she took in this litigation. Because Plaintiff's purpose was documentary rather than evidentiary in the Rule 408 sense, Rule 408(a) is not triggered at all. This is the most straightforward basis for rejecting Defendant's Rule 408 argument.

Even if Rule 408(a) were implicated, Rule 408(b) expressly permits settlement evidence to be admitted for other purposes, and one of the named exceptions fits this situation directly. Rule 408(b) specifically provides that the court may admit settlement evidence for the purpose of "negating a contention of undue delay." Fed. R. Evid. 408(b). Magistrate Judge Comstock's May 13, 2026 Order (Doc. 55) found that Plaintiff "either does not understand her obligations under

the Federal Rules of Civil Procedure or is refusing to participate in her deposition for some other reason" — an inaccurate finding that Plaintiff has been non-participatory, which is directly analogous to a contention of undue delay. Plaintiff's reference to the settlement conference is offered specifically to negate that finding — to demonstrate that she attended and actively participated in a court-ordered proceeding at her own expense. That is precisely the use the "negating a contention of undue delay" exception contemplates.

More broadly, Rule 408(b) permits admission of settlement evidence for any "other purpose" beyond those specifically named. Plaintiff's use here — documenting participation in a court-ordered proceeding to refute a judicial finding of non-participation — is a clearly legitimate other purpose. The advisory committee's note to Rule 408 confirms that the rule is not intended to exclude evidence offered for purposes other than proving or disproving the underlying claim. Plaintiff's documentary purpose falls comfortably within this general exception as an independent and additional basis for rejecting Defendant's argument.

Taken together, Rule 408(a) does not apply to Plaintiff's use, and even if it did, Rule 408(b) provides at least two independent bases — a specific named exception and the general catch-all — that permit this evidence. Defendant's Rule 408 argument fails on all three grounds.

**D. Striking the Entire Filing Is a Grossly Disproportionate Sanction**

The sanction of striking a pleading is among the most severe available to a court and is generally reserved for willful misconduct, bad faith, or repeated defiance of court orders — none of which is present here. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). The proportionality principle requires that the sanction fit the conduct. Here, the settlement disclosure appears in approximately two places — less than one percent of a 98-page filing — describing

Plaintiff's own attendance at the conference and the parties' respective positions. That limited disclosure does not justify destroying Plaintiff's entire appeal of a magistrate order.

The filing Defendant seeks to strike contains Plaintiff's Rule 72(a) objections to Doc. 55, a detailed brief supported by deposition transcript excerpts, and an extensive factual record of Plaintiff's participation in this litigation. Striking it in its entirety would effectively deny Plaintiff her legal right to seek district court review of the magistrate's order — a right guaranteed by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). This Court should decline to impose a sanction that eliminates a party's legal right of appeal, particularly where the party is proceeding pro se and the alleged violation consists of two places in a 98-page filing.

### E. Plaintiff's Pro Se Status Does Not Alter the Analysis

Defendant cites McNeil v. United States, 508 U.S. 106, 113 (1993), to argue that pro se litigants must comply with court orders. Doc. 60 at 4. However, McNeil requires compliance with existing procedural rules; it does not authorize sanctions for violating non-existent obligations. The duty to obey an order presupposes a clear obligation exists. Because Doc. 15 contains no express prohibition against referencing settlement proceedings in future filings, there is no order to violate. McNeil cannot create an obligation that the Court's order lacks.

### F. Defendant's Motion Serves a Tactical Purpose That This Court Should Not Reward

The filing Defendant seeks to strike is the same filing that documents, in detail, Defendant's pattern of improper conduct during depositions — including argumentative and repetitive questioning, material misrepresentations to the presiding magistrate judge, and the use of a document compilation that Plaintiff disputes as not reflecting her verified submissions. Defendant has an obvious interest in having this evidence removed from the record before

Page 8 of 10 - Plaintiff's Response in Opposition

District Judge Fowlkes reviews it. That interest, rather than any legitimate concern about settlement confidentiality, appears to be the animating purpose of this motion.

The Court should not reward that strategy. Defendant's motion to dismiss (Doc. 43) already rests on mischaracterizations of Plaintiff's conduct that Docs. 58 and 59 directly refute. Granting the motion to strike would remove from the record the very evidence Plaintiff relies upon to show that those mischaracterizations are false, and would do so through a procedural motion rather than on the merits — before the district judge ever has the opportunity to evaluate the evidence.

Defendant's own conduct in this litigation — including the misrepresentations to Magistrate Judge Comstock documented in Plaintiff's Brief (Doc. 59) and the deposition conduct documented in Plaintiff's Exhibit 3 – 526 (Doc. 58-3) — is far more prejudicial to the integrity of these proceedings than minimal references to settlement conference attendance.

**G. Rule 12(f) Does Not Apply to Motions, Briefs, or Exhibits**

Defendant moves pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f), however, authorizes a court to strike matter only from a "pleading." Under Rule 7(a), pleadings are limited to complaints, answers, and court-ordered replies. Plaintiff's Rule 72 filings are a motion, a supporting brief, and attached exhibits — not pleadings within the meaning of Rule 7(a).

Federal courts, including courts within the Eighth Circuit, have frequently recognized that Rule 12(f) does not apply to motions, briefs, or evidentiary submissions. Because Docs. 58 and 59 consist of a Rule 72 motion, a supporting brief, and attached exhibits, Rule 12(f) is not the appropriate procedural vehicle for the relief Defendant requests. This provides an independent basis for denial of the motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.  Refer Defendant's Motion to Strike and for Sanctions (Doc. 60) to District Judge Fowlkes for decision alongside Plaintiff's Rule 72(a) objections;

2.  DENY Defendant's Motion to Strike and for Sanctions (Doc. 60) in its entirety;

3.  DENY Defendant's request for attorneys' fees or any other sanctions;

4.  In the alternative, if the Court finds any relief warranted, limit any remedy to the specific settlement-related paragraphs only, rather than striking the entire filing; and

5.  Grant such further relief as the Court deems just and proper.

## EXHIBIT

Exhibits attached to this filing are designated with the suffix "– 6261" to identify them as specific to this June 2026 filing.

| Exhibit | Exhibit Description |
| --- | --- |
| **Exhibit 1 – 6261** | (Docket #15) The Court's Order Setting Settlement Conference that lays out the terms of the settlement conference |

Respectfully submitted,
/s/ Kelli Lee
Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR 72110
kelli.j.lee1@gmail.com | (501) 289-1786
Dated: 6/2/2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I filed the foregoing with the Clerk of Court and served a copy on Tim Hutchinson, attorney for Defendant, via email at thutchinson@rmp.law.
Dated: 6/2/2026 |  Kelli Lee, Pro Se Plaintiff