**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE**                                                                                          **PLAINTIFF**

**v.**                                          **Case No.  5:24-CV-05190**

**WAL-MART STORES ARKANSAS, LLC**                                          **DEFENDANT**

---

**PLAINTIFF'S RULE 72(a) OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**
**FINDING PLAINTIFF'S MOTION FOR DISTRICT COURT REVIEW MOOT (DOC. 67)**

**DIRECTED TO DISTRICT JUDGE DAVID FOWLKES PURSUANT TO FED. R. CIV. P. 72(a)**

---

## I. INTRODUCTION

Plaintiff Kelli Lee, proceeding pro se, respectfully submits these objections to Magistrate Judge Comstock's June 22, 2026 Orders (Docs. 66 and 67) (**Exhibit 3 – 6262**). Specifically, Plaintiff objects to the text-only Order (Doc. 67) that denied **Plaintiff's Motion for District Court Review** (Doc. 58) as moot, and Doc. 66, which supports it. These objections are directed to District Judge David Fowlkes pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).

Plaintiff acknowledges and appreciates that the June 30, 2026 deposition deadline has been removed by Doc. 66. That relief is welcome and Plaintiff does not object to the removal of the deadline itself. However, Plaintiff respectfully objects to the characterization of her entire

**Motion for District Court Review of Magistrate Judge's Order (Doc. 58)** and **Brief in Support (Doc. 59)** as moot by Magistrate Judge Comstock. Those filings raised issues independent of the deposition deadline, and those issues remain live controversies with ongoing consequences for Plaintiff's case. Accordingly, they require district court review.

Plaintiff further objects because Magistrate Judge Comstock lacked authority to rule on Plaintiff's Rule 72(a) objections, even to deny them as moot. Under Rule 72(a), such objections must be resolved by the district judge.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside any part of a magistrate judge's order that is clearly erroneous or contrary to law. An order is clearly erroneous when the Court is left with a definite and firm conviction that a mistake has been made. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.

## III. ARGUMENT

### A. The Denial as Moot Is Overbroad — Docs. 58 and 59 Raised Issues Far Broader Than the Deposition Deadline

Mootness in federal law has a specific and limited meaning. A claim is moot only when there is no longer any live controversy upon which the court can grant effective relief. Under established jurisprudence, a controversy remains live if the challenged order carries ongoing collateral consequences that inflict procedural prejudice upon a party. The removal of the June

30, 2026 deposition deadline does not moot all of the issues raised in Docs. 58 and 59. Those filings raised multiple independent grounds for district court review of Doc. 55, including:

First, Comstock's finding in Doc. 55 that Plaintiff "either does not understand her obligations under the Federal Rules of Civil Procedure or is refusing to participate in her deposition for some other reason" remains in the record. That finding is directly contradicted by the official deposition transcripts and by the extensive documented record of Plaintiff's participation in this litigation. It was not erased by the removal of the deposition deadline. It continues to mischaracterize Plaintiff negatively in the case record and continues to support Defendant's pending Motion to Dismiss (Doc. 43). This issue is not moot.

Second, Docs. 58 and 59 documented in detail Defendant's pattern of improper conduct during depositions — including argumentative, compound, and repetitive questioning, Defendant's counsel's material misrepresentations to the presiding magistrate judge, and Defendant's use of altered document compilations that Defendant repeatedly presented at past depositions in its attempt to get Plaintiff to abandon her valid claims, which Plaintiff has rightfully disputed. As a result of Defendant's repeated use of these altered documents — which Plaintiff has documented in court filings as containing alterations, additions, and omissions that do not reflect her original verified discovery responses — Plaintiff filed Docket Numbers 42, 44, and 45 to alert the Court and clarify the record. Doc. 55 failed to address Defendant's improper conduct during this litigation. The Order's failure to impose any protective conditions on future proceedings to protect Plaintiff from Defendant's improper conduct remains relevant and unaddressed. This issue is not moot.

Third, Plaintiff's Motion and Brief (Docs. 58 and 59) presented extensive evidence of Plaintiff's diligent participation in this litigation — evidence directly relevant to Comstock's

Doc. 55 order which characterizes Plaintiff as non-participatory. That evidence does not become irrelevant because a single deadline was removed. This issue is not moot.

By denying the entirety of Doc. 58 as moot based solely on the removal of the deposition deadline, Doc. 67 failed to address the multiple independent grounds for district court review that remain live. That overbroad mootness ruling is clearly erroneous and should be set aside. Plaintiff respectfully submits that the ongoing prejudicial consequences of the findings in Doc. 55 prevent a finding of mootness as to those issues.

**B. Comstock's Doc. 57 Order Does Not Support the Retroactive Clarification in Comstock's Doc. 66 Order**

Doc. 66 states that the Court's prior Order (Doc. 57) (**Exhibit 2 – 6262)** relieving stand-by counsel "also cancelled Plaintiff's deadline to participate in a 3rd deposition not later than June 30, 2026." Plaintiff respectfully submits that this characterization is not supported by the plain text of Doc. 57.

Doc. 57 is titled "Order Relieving Stand-By Counsel" and addresses the appointment and relief of standby counsel Katelynn Bookout and George Rozzell. It contains no mention of the June 30, 2026 deposition deadline. It does not modify, cancel, or address any aspect of the deposition requirement from Comstock's Doc. 55 Order (**Exhibit 1 – 6262**). Nothing in Doc. 57 alters Plaintiff's deposition obligations or removes the deadline. Accordingly, Doc. 66's characterization of Doc. 57 as having cancelled the deposition deadline is not supported by the plain language of Doc. 57.

Plaintiff relied on the plain text of Doc. 57 as written. Prior to Doc. 66's issuance on June 22, 2026, the deposition deadline imposed by Doc. 55 remained in effect as written because Doc.

57 said nothing about it. A subsequent clarifying order cannot retroactively attribute meaning to a prior order that the prior order's plain text does not support. To the extent Doc. 66 creates new rulings or relief rather than clarifying existing language, it is itself subject to Rule 72(a) review.

**C. Magistrate Judge Comstock Lacked Authority to Rule on Plaintiff's Rule 72(a) Objections to Her Own Order**

Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), objections to a magistrate judge's order are directed to the assigned district judge for review and decision. Docs. 58 and 59 are Plaintiff's Rule 72(a) objections to Magistrate Judge Comstock's May 13, 2026 Order (Doc. 55). The authority to rule on those objections — even to deny them as moot — rests with District Judge Fowlkes, not with Magistrate Judge Comstock.

Allowing a magistrate judge to rule on objections to her own order — even under a mootness theory — permits the magistrate judge to effectively decide whether her own order gets reviewed by the district court. That is contrary to the structure and purpose of Rule 72(a), which exists precisely to provide an independent layer of district court review. Docs. 66 and 67 are contrary to law on this basis, independently of their mootness analysis.

**D. Plaintiff Files These Objections to Preserve Her Appellate Rights**

Plaintiff files these objections to preserve issues for potential appellate review. Under established federal practice, a party must timely object to a magistrate judge's order to preserve issues for appellate review after final judgment. By filing these objections, Plaintiff preserves her right to seek review of Doc. 67's overbroad mootness ruling, the retroactive characterization of Doc. 57 in Doc. 66, and the broader issues raised in Docs. 58 and 59 that were not addressed on the merits.

Plaintiff does not file these objections to relitigate the deposition deadline, which has been removed and is no longer at issue. Plaintiff files them to ensure that the false characterizations in Doc. 55, the documented misconduct of Defendant's counsel, and the broader questions about the integrity of the defendant's deposition proceedings remain available for review at every appropriate level.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that District Judge Fowlkes:

1. Accept jurisdiction over these Rule 72(a) objections and review Doc. 67 and Doc. 66 under the clearly erroneous and contrary to law standard applicable under Federal Rule of Civil Procedure 72(a);

2. Find that the denial of Doc. 58 as moot was clearly erroneous and overbroad because the issues raised in Docs. 58 and 59 extend far beyond the deposition deadline and remain live controversies;

3. Review the broader issues raised in Docs. 58 and 59 on the merits, including the false findings in Doc. 55, Defendant's pattern of improper conduct at depositions, and Doc. 55's failure to impose protective conditions;

4. Strike the Magistrate Judge's prejudicial findings in Doc. 55 that inaccurately characterize Plaintiff as non-cooperative;

5. Note that Doc. 57 does not support the retroactive characterization in Doc. 66 that it cancelled the deposition deadline; and

6. Grant such further relief as the Court deems just and proper.

**EXHIBITS**

Exhibits attached to this filing are designated with the suffix "– 6262" to identify them as specific to this June 2026 filing.

| Exhibit | Exhibit Description |
|---|---|
| **Exhibit 1 – 6262** | Magistrate Judge Comstock's May 13, 2026 Order (Doc. 55) |
| **Exhibit 2 – 6262** | Magistrate Judge Comstock's May 18, 2026 Order Relieving Stand-By Counsel (Doc. 57) |
| **Exhibit 3 – 6262** | Magistrate Judge Comstock's June 22, 2026 Text-Only Orders (Docs. 66 and 67) |

Respectfully submitted,

/s/ Kelli Lee
Kelli Lee, Pro Se Plaintiff
905 W. Rock St., Morrilton, AR 72110
kelli.j.lee1@gmail.com | (501) 289-1786
Dated: 6/30/2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I filed the foregoing with the Clerk of Court and served a copy on Tim Hutchinson, attorney for Defendant, via email at thutchinson@rmp.law.

Dated: 6/30/2026

/s/ Kelli Lee, Pro Se Plaintiff