Exhibit 1 – 6262

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLI LEE                                                                    PLAINTIFF

v.                              CIVIL NO. 5:24-CV-5190-DCF-CDC

WALMART STORES ARKANSAS, LLC                                   DEFENDANT

## ORDER APPOINTING STANDY-BY COUNSEL

Currently pending is Defendant's Motion to Compel Discovery and for Rule 37 Relief (ECF No. 39) and Defendant's Motion to Dismiss Plaintiff's Complaint as a Sanction under Rule 37 (ECF No. 43). Plaintiff – who represents herself – opposes both motions.

In review of the pending motions and the transcripts of Plaintiff's prior depositions, it seems clear that Plaintiff either does not understand her obligations under the Federal Rules of Civil Procedure or is refusing to participate in her deposition for some other reason. **Either way, the sanctions sought by Defendant are severe and if granted, may end Plaintiff's litigation.**

The Court hereby appoints Katelynn Bookout and George Rozzell of Miller Butler Schneider Pawlik Rozzell https://www.arkattorneys.com/ to serve as Plaintiff's stand-by counsel for purposes of one (1) final attempt to complete Plaintiff's deposition and move this case forward. Counsel should enter their appearances on behalf of Plaintiff immediately; make direct contact with Ms. Lee by telephone with the number listed in CM/ECF; and communicate with Defendant's counsel regarding scheduling a final deposition of Ms. Lee. This deposition should occur not later than **June 30, 2026,** and may be conducted in the U.S. Courthouse in Fayetteville, Arkansas if convenient. The costs of the court reporter/videographer for this deposition shall be borne by Defendant.

In the event Plaintiff refuses to cooperate with stand-by counsel, the undersigned should be notified without delay, and will relieve counsel of this appointment, and proceed with ruling on the pending Motions.

Counsel is reminded that no federal funds are available to pay attorneys' fees to counsel appointed under the provisions of 28 U.S.C. § 1915(e); however, if Plaintiff is a prevailing party at trial, counsel may seek an award of attorney fees and costs, and attorney's fees should be negotiated as part of any settlement agreement. Pursuant to Rule 83.6 of the Local Rules for the Eastern and Western Districts of Arkansas, the Court may pay reasonable out-of-pocket expenses where no funds are available from other sources to cover those expenses. Counsel shall follow the guidance provided in Exhibit A to Local Rule 83.6 which provides, inter alia, that if counsel intends to seek reimbursement from the fund for an amount exceeding $500, counsel must obtain prior written approval of this Court.

**IT IS SO ORDERED** this 13th day of May 2026.

_Christy Comstock_
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE