**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KELLI LEE** **PLAINTIFF**

**v.** **Case No. 5:24-CV-05190-DCF**

**WALMART STORES ARKANSAS, LLC** **DEFENDANT**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation (Doc. 68) issued on June 26, 2026, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. Magistrate Judge Comstock recommends that Plaintiff Kelli Lee's case be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On July 10, 2026, Plaintiff filed Objections to the Report and Recommendation (Doc. 70), which triggered this Court's *de novo* review of the entire record.

After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in all respects and in its entirety as this Court's findings. For the reasons given below, Plaintiff's Objections are OVERRULED, and the Report and Recommendation is **ADOPTED IN ITS ENTIRETY.**

## I. BACKGROUND

On September 12, 2024, Plaintiff, represented by counsel, filed a Complaint

against Walmart Stores Arkansas, LLC (Walmart) alleging inequitable treatment due to her sex and race, and in retaliation for bringing forward complaints regarding said treatment. (Doc 2, p. 1). Plaintiff argues these actions are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA"). (*Id.*). The Complaint alleges that Plaintiff was hired by Defendant as a Software Engineer III on May 23, 2022, and that over the first nine months of her employment Plaintiff worked under three different managers without issue. Plaintiff also alleges that she was a strong performer who received positive evaluations. (*Id.* at 3).

The Complaint states that Plaintiff was assigned a fourth manager, Justin Kohley (Kohley), and Plaintiff alleges that following this reassignment, Kohley began discriminating against her based on her race and gender. (*Id.* at 3-4). Plaintiff asserted that she was the only female and African American engineer on her team. (*Id.*). In response, Plaintiff alleges that she filed a complaint to superiors about Kohley and that, as a result, she was retaliated against through poor performance reviews and modifications to previous reviews to reflect negative comments that did not previously exist. (*Id.* at 3-4). It is alleged that this treatment continued until Plaintiff was removed from her role on July 17, 2023, and given 45 days to find a new position at Walmart. (*Id.*). The Complaint alleges that when Plaintiff did not find an alternative position she was terminated on September 1, 2023. (*Id.*).

When Plaintiff originally filed her action, she was represented by counsel until July 17, 2025, when Magistrate Judge Comstock granted a Motion to Withdraw. (Docs. 16, 21, 24). Prior to withdrawing, counsel responded to a set of interrogatories and discovery requests from Walmart. (Doc. 68, p. 2). After counsel withdrew, Plaintiff was granted a 30-day abeyance to find new counsel and decide how she wanted to proceed with the case. (Doc. 24). Following the initial abeyance Plaintiff proceeded with the litigation as a pro se litigant. (Doc. 68, p. 2).

The record indicates that Plaintiff requested an emergency motion to reschedule her initial deposition and move it to a remote location. (Doc. 26). The Magistrate Judge granted the motion and permitted Plaintiff to be deposed closer to her home. (Doc. 27). Prior to her deposition, Plaintiff filed a Notice that she served Walmart with Amended Discovery Responses. (Doc. 35). Following the initial deposition, the Magistrate Judge granted a continuation of the deposition as requested by the Defendant. (Doc. 37).

Magistrate Judge Comstock attended the second deposition and served as an intermediary between the parties as requested by the Defendant during the second deposition to remind the parties of their respective obligations. (Doc. 68, pp. 5-6). During this deposition, Magistrate Judge Comstock's intervention was sought three times; Walmart ultimately sought to end the deposition and requested the Court rule on the pending motion for sanctions. (*Id.* at 6). Notably during the second deposition Plaintiff was advised on multiple occasions that "failing to participate in

the deposition might result in the dismissal of her action and the Court raised the possibility of appointing standby-by counsel." (*Id.*; Doc. 46-1). Ultimately Counsel was appointed by the Magistrate Judge, but Plaintiff declined their assistance and proceeded with the litigation pro se. (Doc. 68, pp. 8-9).

## II. LEGAL STANDARD

"Under Fed. R. Civ. P. 41(b), a district court may [] dismiss an action for the plaintiff's failure to comply with any court order, and such dismissal operates as an adjudication on the merits." *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988); *see Brown v. Frey*, 806 F.2d 801, 803 (8th Cir.1986). This power is viewed "within the [district court's] permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Brown*, 806 F.2d at 803-804 (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)).

Dismissal is also proper "in cases of willful disobedience of a court order or where there is a pattern of intentional delay." *Good Stewardship Chirstian Ctr v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003); *see Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Generally, though "pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law," and are expected to meet simple, straightforward discovery requirements. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). In reviewing cases

of pro se litigants, the Eighth Circuit has stated that "[a] pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

Dismissal pursuant to Rule 41(b) "[is] not an abuse of [a] district court's broad discretion to impose sanctions after the court warned that dismissal would be consequence of party's discovery non-compliance." *Williams v. Corizon*, 714 Fed. App'x 608, 609 (8th Cir. 2018) (referencing *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994)). When reviewing possible dismissal, courts should "consider whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his [or her] day in court." *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976). This is a balancing process that considers "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court." *Id.*

## III. DISCUSSION

Plaintiff outlines 17 objections to the Report and Recommendation. (Doc. 70). The Court generally finds that rather than directly addressing the Rule 41(b) dismissal recommendation, Plaintiff uses her Objections to rehash old arguments

not at issue with respect to the Report and Recommendation and argue that her character and the facts have been misrepresented by the Magistrate Judge.

But "[s]imply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *See Munt v. Larson*, No. 15-0582, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Some of Plaintiff's objections are that the Report and Recommendation contained: "material and clerical errors and prejudicially omits [timelines]" (Doc. 70, p. 1); "erroneous findings and legal errors regarding Defendant's Motion to Compel" (*id.* at 13); "the R&R flagrantly distorts the [] deposition record" (*id.* at 15); and "erroneously trivializes sworn proof of document alternations and record distortion" (*id.* at 17). The Court finds Plaintiff has merely made conclusory assertions throughout her objections, citing only to the record and disagreeing with phrasing or presentation of evidence by the Magistrate Judge.

Additionally, the Court finds that Plaintiff, uses sweeping statements such as "the R&R falsely implies Plaintiff stonewalled discovery" (Doc. 70, p. 5), or "the R&R omits a systematic pattern of aggressive and improper tactics" (*id.* at 7), throughout her objections. Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne,* No. 07-1958, 2008 WL 4527774, at *2 (D. Minn.

Sept. 28, 2008). While the Court acknowledges that the objections were timely, several lack references to portions of the Report and Recommendation to which the Plaintiff disagrees. The Court also finds it hard to discern what that actual objection is with respect to Rule 41(b) of the Federal Rules of Civil Procedure.

Towards the end of her Objections, Plaintiff asserts her closest argument in response to Rule 41(b) dismissal. Specifically, Plaintiff argues that the "R&R's finding that [she] 'refused to participate' in depositions is refuted by out-of-pocket travel and written records," and the "R&R erred in recommending the terminal dismissal of [her] case." (Doc. 70, pp. 22-23). In support of her argument, Plaintiff cites her travel, deposition transcripts, and that she "endured these hostile conditions while [] managing severe stress and litigation-induced health issues caused directly by defendant's improper conduct." (*Id.*).

Under Rule 41(b) dismissal is proper "in cases of willful disobedience of a court order or where there is a pattern of intentional delay." *Good Stewardship Chirstian Ctr v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003); *see Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir.2000)). In reviewing what constitutes willful disobedience and intentional delay, the Eighth Circuit has explicitly found that Rule 41(b) "dismissal with prejudice [is] warranted when the record showed that plaintiff's conduct which included [] failing to properly answer requests for admissions, and obstructing discovery during depositions, [Plaintiff's actions were] designed to delay proceedings." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th

Cir. 2008) (referencing the holding in *Good Stewardship Chirstian Ctr*, 341 F.3d at 797-98)).

However, in response to this required standard, Plaintiff "provide[s] [no legal] basis for those objections" nor does she explain why the facts she cites indicate she was participating in the deposition process. *See Mayer*, 2008 WL 4527774, at *2. Upon review of the record, the Court agrees with the Magistrate Judge that Plaintiff was exhibiting "willful disobedience of a court order or [] intentional delay." *See Good Stewardship Chirstian Ctr*, 341 F.3d at 794. For the forgoing reasons, the Court overrules all of Plaintiff's Objections to the Report and Recommendations.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that the Report and Recommendation is proper and is **ADOPTED IN ITS ENTIRETY** and Plaintiff's Objections are **OVERRULED**. Accordingly, Plaintiff's case will be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that the Defendant's outstanding motions (Doc. 39, Doc. 43, and Doc. 60) are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 30th day of September 2026.

/s/ David Clay Fowlkes

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE